Pavel I. Pogodin, Ph.D., Esq. (SBN 206441)
CONSENSUS LAW
5245 Ave Isla Verde
Suite 302
Carolina, PR 00979
United States of America
Telephone: (650) 469-3750
Facsimile: (650) 472-8961
Email: pp@consensuslaw.io

Attorneys for Plaintiff BMA LLC

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BMA LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>HDR Global Trading Limited (A.K.A. BitMEX), ABS Global Trading Limited, Arthur Hayes, Ben Delo and Samuel Reed,<br><br>   Defendants. | Case No. 3:20-cv-3345-WHO<br><br>**DECLARATION OF PAVEL POGODIN, ESQ. IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR THIRD PARTY EVIDENCE PRESERVATION ORDER** |

I, Pavel I. Pogodin, state and declare as follows:

1. I am an attorney of record in this action for Plaintiff BMA LLC. I am a member in good standing of the Bar of the State of California, and I am admitted to practice before this Court. I have personal knowledge of the matters set forth in this declaration, and if called upon to do so, I would willingly and competently testify as to those matters.

2. On or about May 18, 2020, I filed an Amended Complaint in this civil action. Defendant ABS Global Trading Limited was served with process on May 22, 2020.

3. On or about May 22, 2020, I emailed a data preservation letter to Twilio Inc. at legal@twilio.com requesting that Twilio Inc. preserve data in BitMEX account.

4. On or about May 22, 2020, I emailed a data preservation letter to SendGrid Inc. at legal@sendgrid.com requesting that SendGrid Inc. preserve data in BitMEX account.

5. According to BitMEX's own web page https://www.bitmex.com/app/dataPartners, a true and correct copy of which is attached hereto as Exhibit 3, "[t]he [user email address] data is uploaded to SendGrid, Inc. and/or Intercom, Inc. and their affiliates when [user] account is created or [user] email address changes." Therefore, SendGrid Inc., its parent Twilio Inc. and Intercom Inc. store an email address database of all BitMEX users.

6. The email address database of all BitMEX users can be used to determine, with high degree of accuracy, the true number of United States persons who trade on the BitMEX platform.

7. On or about June 1, 2020, I received an email response from Robert McHenry, Associate General Counsel of Twilio, Inc, stating: "Twilio has placed a temporary deletion hold on BitMEX's account(s) to give them an opportunity to evaluate your request. Twilio will maintain the temporary hold for 14 days from the date of this letter unless it receives instructions from the defendants to maintain the hold." The deletion hold will expire on June 15, 2020.

8. Notwithstanding the fact that defendant ABS Global Trading Limited was only recently served with the Summons and the Amended Complaint, I have been in email communication with defendants' counsel Stephen D. Hibbard of Jones Day since April 8, 2020. Stephen D. Hibbard has informed me that he represents all defendants in this action.

9. Defendants' counsel and I are presently negotiating acceptance of the service of process on behalf of the remaining defendants and the briefing schedule.

10. Defendants' counsel and I had multiple email communications regarding preservation of email address data of BitMEX users in possession of third parties. I explained to defendants' counsel the relevance of the email address data of BitMEX users to establish defendants' contacts with the forum and operating unlicensed money transmission business predicate offence of the RICO causes of action.

11. I explained to defendants' counsel the need to preserve email address data of BitMEX users. I asked defendant's counsel if he would stipulate to allow Plaintiff to subpoena the email address records prior to our 26(f) conference. He declined.

12. I then asked if defendants' counsel would stipulate to allow plaintiff to obtain a preservation order. He again declined. Specifically, defendants' counsel wrote to me on or about June 3, 2020: "Defendants will not stipulate to a court order directing those companies to preserve certain data. We understand you have already sent data preservation letters to both companies. In light of those letters, there is no basis for the extraordinary relief you are suggesting, and we see no justification for imposing on the court to enter such an order."

13. Defendants' counsel further wrote to me on or about June 5, 2020: "those email addresses do not bear on the claims in the filed complaint" disputing the relevance of the user email address data to the present case.

14. The evasive refusal to acknowledge defendants' duty to preserve the user email address data and then taking position that this database is not relevant to the present action all indicate that there is a strong likelihood that the user email address data will be deleted or sanitized by defendants as soon as the deletion hold imposed by Twilio Inc. is lifted on June 15, 2020.

15. On June 8, 2020, I notified defendant's counsel via electronic mail at sdhibbard@jonesday.com that we intended to file this *ex parte* application with the court.

16. Defendant's counsel stated that he does not consent to this application because he does not believe that Court should be bothered with user email address data preservation.

Specifically, defendants' counsel stated to me: "Defendants will not stipulate to a court order directing those companies to preserve certain data. We understand you have already sent data preservation letters to both companies. In light of those letters, there is no basis for the extraordinary relief you are suggesting, and we see no justification for imposing on the court to enter such an order."

17. Defendants' counsel further wrote to me that defendants reserve the right to challenge court's personal jurisdiction in this action. Specifically, he wrote: "HDR and ABS reserve all rights to determine how to respond to your complaint."

18. On or about June 9, 2020, I emailed a data preservation letter to Intercom Inc. at legal@intercom.com requesting that Intercom Inc. preserve data in BitMEX account.

19. A true and correct copy of the article entitled "The Great Crypto Heist" by Nouriel Roubini, published by the Project Syndicate on July 16, 2019 and available at https://www.project-syndicate.org/commentary/cryptocurrency-exchanges-are-financial-scams-by-nouriel-roubini-2019-07 is attached as Exhibit 1.

20. A true and correct copy of Declaration Of Arthur Hayes In Support Of Specially Appearing Defendants' Motion To Quash Service Of Summons For Lack Of Personal Jurisdiction filed in San Francisco Superior Court Case No: CGC-19-581267 on February 27, 2020 is attached as Exhibit 2.

21. A true and correct copy of a web page entitled "Data Partners – BitMEX" visited on June 8, 2020 and available at https://www.bitmex.com/app/dataPartners is attached as Exhibit 3.

22. A true and correct copy of a partial transcript of YouTube.com video entitled "The Tangle in Taipei with Arthur Hayes and Nouriel Roubini," uploaded on July 15, 2019 and available at https://www.youtube.com/watch?v=qlZukhN_C6c is attached as Exhibit 4.

23. A true and correct copy of a partial transcript of YouTube.com video entitled "Bitmex CEO Arthur Hayes Crypto Millionaire Explains How He Created A Multi Million Dollar Company," uploaded on November 5, 2018 and available at

https://www.youtube.com/watch?v=Ljw9ulT2NHE is attached as Exhibit 5.

24. A true and correct copy of a First Amended Complaint filed in San Francisco Superior Court Case No: CGC-19-581267 on February 27, 2020 is attached as Exhibit 6.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 9, 2020, in Carolina, Puerto Rico.

By:   /s/ Pavel I. Pogodin
      Pavel I. Pogodin