Stephen D. Hibbard (State Bar No. 177865)
sdhibbard@jonesday.com
Matthew J. Silveira (State Bar No. 264250)
msilveira@jonesday.com
Dennis F. Murphy, Jr. (State Bar No. 301008)
dennismurphy@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:  +1.415.626.3939
Facsimile:   +1.415.875.5700

Attorneys for Defendant
ABS GLOBAL TRADING LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **BMA LLC,**<br><br>              **Plaintiff,**<br><br>      v.<br><br>**HDR Global Trading Limited (a.k.a. BitMEX), ABS Global Trading Limited, Arthur Hayes, Ben Delo and Samuel Reed,**<br><br>              **Defendants.** | **Case No. 3:20-cv-03345-WHO**<br><br>**DEFENDANT ABS GLOBAL TRADING LIMITED'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR THIRD PARTY EVIDENCE PRESERVATION ORDER** |

Defendant ABS Global Trading Limited ("ABS Global Trading")[1] opposes plaintiff BMA LLC's ("plaintiff") Ex Parte Application for Third Party Evidence Preservation Order (the "Application") on the grounds that the Application is moot.

## I.  INTRODUCTION

Plaintiff's Application seeks an order directing non-party Twilio Inc. ("Twilio") to preserve documents relating to defendants' accounts. The Application is based on misleading snippets of emails and was filed precipitously. It was filed without regard for defendants' assurances that appropriate document preservation steps have been taken. It was filed by plaintiff without meeting and conferring with Twilio. Furthermore, plaintiff has refused to withdraw its Application even though Twilio and defendants—after reviewing the Application papers and deciphering what plaintiff had either never coherently explained or bothered to attempt to explain—have provided express assurances that appropriate steps have been taken to preserve the documents in question through the conclusion of this action. As such, plaintiff's Application directed at a non-party should be denied on the grounds that it is moot.

## II.  FACTUAL BACKGROUND

On May 16, 2020, plaintiff filed a Complaint against defendants—ABS Global Trading and several other overseas and out-of-state persons. *See* ECF No. 1. Two days later, on May 18, 2020, plaintiff filed an Amended Complaint against defendants. *See* ECF No. 6. On May 26, 2020, plaintiff filed a proof of service of summons as to defendant ABS Global Trading only. *See* ECF No. 10. On June 11, 2020, ABS Global Trading and plaintiff filed a joint stipulation extending the time for ABS Global Trading to answer or otherwise respond to plaintiff's Amended Complaint to July 13, 2020. *See* ECF No. 25. No other defendants have been served

---

[1] Defendant ABS Global Trading makes this opposition as it is the only defendant served to date by plaintiff. *See* ECF No. 10. It is notable that plaintiff's only response to the notice to the Court that an opposition on mootness grounds would be filed was to argue that any appearance by an unserved defendant would constitute a general appearance. Hibbard Decl., Ex. 1. This causes one to question whether plaintiff contrived this dispute, hoping to deprive other defendants of their rights to later challenge jurisdiction over them if they appeared. References to "defendants" in this opposition simply reflect that relevant communications out of court have occurred between counsel for plaintiff and common counsel for defendants notwithstanding that all defendants other than ABS Global Trading have not been served, have not appeared, and have reserved all rights and defenses, including as to this Court's jurisdiction over them.

or appeared in this action to date, although all defendants have volunteered to execute Acknowledgement of Waiver of Service forms. Plaintiff has yet to provide those forms. *See* Declaration of Stephen D. Hibbard in Support of Opposition to Plaintiff's Ex Parte Application ("Hibbard Decl."), ¶ 3.

Between June 3, 2020 and June 5, 2020, counsel for the parties exchanged emails relating to plaintiff's counsel's demands for assurances that defendants had preserved documents and that defendants allow him to represent that defendants had no objection to a motion for data preservation directed to non-parties. Hibbard Decl., ¶ 4. Defendants' counsel provided assurances that documents had been appropriately preserved by defendants, but objected to joining in a motion directed at non-parties where plaintiff had not explained why document preservation letters were not adequate. *Id.*

On Monday, June 8, 2020, defendants' counsel provided a detailed response to plaintiff's counsel on a number of issues under discussion, including this data preservation issue. In point #7, defendants' counsel explained:

> Defendants "have taken necessary steps to preserve documents relating to the alleged claims. Without conceding the relevance of the email addresses in what you have referred to as the 'email database held by Twilio and Sendgrid,' or even that defendants have any connection to or have communicated with any of those addresses, our clients are confident their documents and emails have been preserved. This specifically includes emails in the possession of defendants, if any, sent to or received by any of those addresses in what you call the 'email database held by Twilio and Sendgrid.' Our clients understand their document preservation responsibilities and have acted responsibly to fulfill them. As such, there is no dispute, and there is no need for a document preservation order."

*See* Hibbard Decl., ¶ 5, Ex. 2. In point #8 of that same email, defendants' counsel further explained:

> We obviously do not speak for Twilio and Sendgrid, but we are aware that you sent document preservation notices to Twilio and Sendgrid. It has been our experience that established companies such as Twilio understand and treat such notices seriously. **Unless you have received specific information that suggests otherwise, we likewise do not see a basis for you to precipitously request a preservation order be directed to non-parties. If you have some information that bears on this, then you should let us know and not hide facts from us.** Perhaps this is obvious to you, but we do not, for example, know precisely what you mean when you speak of wanting 'Twilio and Sendgrid to take a snapshot of

> the entire BitMEX account.' Regardless, this is something we trust was encompassed in your document preservation request to them. At a minimum, we would expect you would have to meet-and-confer properly with them and allow them notice and an opportunity to be heard.

See id. (emphasis added).

Plaintiff's counsel responded in a separate email that day, indicating that he would be filing an ex parte application and concluded, "Since you didn't seem to understand what I was talking about all this time, I suggest you stay out of this and let me, the judge and the affected [non-party] companies sort it out between us." See Hibbard Decl., ¶ 6, Ex. 3.

On June 9, 2020, plaintiff filed its Application. See ECF Nos. 17-22.

After reading the Application, defense counsel appreciated what plaintiff's counsel had never communicated—Twilio had instituted a temporary hold subject to separately (and cumulatively) preserving information in the Twilio account, if requested by defendants, that defendants themselves are able to manage and preserve. Even though defendants had already taken internal steps to preserve these documents, defendants promptly sent such a formal preservation request to Twilio. Hibbard Decl., ¶ 7, Ex. 4.

On June 11, 2020, Twilio's Associate General Counsel Robert McHenry wrote plaintiff's counsel, noting that:

- Twilio had received plaintiff's Application and was "very surprised to see that [plaintiff] filed this motion without meeting and conferring with Twilio or even responding to [Twilio's] June 1, 2020 letter."

- Twilio explained that plaintiff's prior document preservation request to Twilio was "unhelpful boilerplate" for Twilio to understand exactly what plaintiff sought preserved, and that it was not until Twilio saw plaintiff's Application that Twilio fully understood what plaintiff requested be preserved.

- "Twilio would have extended the temporary hold to cover the period of time necessary for [plaintiff] to sort out [plaintiff's] request with the defendants," but plaintiff's counsel did not respond to Twilio's initial letter and sought Court intervention instead.

- Twilio then confirmed it was capturing and preserving defendants' account data—thus mooting the Application—and requested that plaintiff confirm by the close of business on June 11 that it would withdraw its Application.

See Hibbard Decl., ¶ 8, Ex. 5.

Plaintiff has rejected all requests that the Application be withdrawn as moot. Hibbard Decl., ¶¶ 9, 11, Ex. 6. Nonetheless, Mr. McHenry again wrote plaintiffs' counsel on June 12, 2020, stating in part, "The defendants have instructed Twilio to preserve their data on our platform, including data associated with the SendGrid services, and we are in the process of extracting that data and providing it to the defendants. **To be clear, the data is being preserved, you have the relief you were seeking, and your Ex Parte Application is moot. Now please, confirm as soon as possible that you will drop your Ex Parte Application today.**" (emphasis in original) Hibbard Decl., ¶ 10, Ex. 7.

### III.     PLAINTIFF'S APPLICATION SHOULD BE DENIED AS MOOT

Plaintiff seeks "an order of the Court directing two third parties to preserve a snapshot of data associated with defendants' account(s), including a database of user email addresses." *See* Plaintiff's Application, at 2. But defendants and non-party Twilio (including its subsidiary, SendGrid) have provided written confirmation both before and after the filing of plaintiff's Application that they will preserve any such data through the conclusion of this lawsuit.[2] No further time and attention of this Court is warranted as there is no need for a court to order someone to do what they are already doing. *See, e.g.*, *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 2014 WL 12789054, at *2 (N.D. Cal. Sept. 16, 2014) (finding concessions made by both parties after discovery motions were filed "effectively moot the relief sought by both parties, and it is therefore unnecessary for the Court to rule on these matters"); *Banga v. Experian Info. Sols.*, 2009 WL 2136868, at *1 (N.D. Cal. July 16, 2009) (denying request to quash deposition subpoena as moot where party agreed to no longer seek deposition); *Langell v. Ideal Homes LLC*, 2016 WL 10859440, at *1 (N.D. Cal. Dec. 7, 2016) (granting motion to

---

[2] Defendants have reserved all objections in connection with any such data, including as to relevance.

compel arbitration and denying as moot motion for leave to file complaint).

## IV. CONCLUSION

For these reasons, ABS Global Trading respectfully requests that the Court deny plaintiff's Ex Parte Application.

DATED: June 12, 2020                JONES DAY

                                     /s/ Stephen D. Hibbard
                                     Stephen D. Hibbard

                                    Counsel for Defendant
                                    ABS GLOBAL TRADING LIMITED