# EXHIBIT 2

**Murphy, Jr., Dennis F.**

| | |
|---|---|
| From: | Hibbard, Stephen D. |
| Sent: | Monday, June 8, 2020 5:04 PM |
| To: | Pavel Pogodin, Ph.D., Esq. |
| Cc: | Silveira, Matthew J.; Murphy, Jr., Dennis F. |
| Subject: | RE: Litigation Hold |

Pavel –

In the future, we will not indulge your penchant for firing off emails whenever a thought crosses your mind. This past Friday, for example, you sent 10 emails. It would be helpful if you were to read and actually think about our emails to you, which your rapid responses indicate you often fail to read correctly, regularly misconstrue or misrepresent, and then simply repeat without reflection questions that we have answered. This tends to result in a confusion of email chains touching on the same issues. We do not consider this an effective way to proceed. Similarly, we will not indulge your habit of sending emails late at night and outside regular office hours.

Consequently, we request that you reflect on issues you would like to address before writing and send a single daily email during expanded regular office hours between 9 AM and 6 PM Pacific. For our part, you should expect we will respond in one email to however many emails you send and that, absent unusual circumstances, we will only respond during regular office hours between 9 AM and 6 PM on Monday through Friday.

To address various issues.

1. This is the fourth time we have asked you to provide the promised copy of your proposed amended complaint. We have advised that we will be representing all defendants in the BMA action, and thus are able to answer whether all defendants will consent to the proposed further amendment. If, following review, all defendants are unable to consent, we will let you know promptly and we will explain the reasons. I would note, however, that as I have previously told you we endeavor to enter into stipulations and to consent to administrative matters whenever possible.

2. I have also told you—some time ago now—that we are authorized to execute acknowledgement of waiver of service forms on behalf of all defendants. You have not, however, chosen to move forward with that process.

3. Your studied refusal to provide your intended further amended complaint, conjoined with your failure to move forward on the acknowledgment of waiver process, reveals the game you are playing about ABS' response date. It is apparent that you are refusing to provide the draft or your further proposed amended complaint in an effort to force our hand to respond on behalf of ABS by June 12. If necessary, we will move for additional time for ABS to respond and will explain to the Court how, having announced your desire to further amend, and promised a copy of that complaint by June 3, you are attempting to force us to waste time and money responding to a complaint you have intended all along to supersede.

4. Rather than engage in this unproductive behavior, we again invite you to provide your intended further amended complaint, move forward with the acknowledgement of waiver of service forms, and engage in good faith discussions regarding briefing schedules relating to your intended operative complaint and not the complaint currently on file. To this end, we plan to send you a proposed stipulation as to a briefing schedule tomorrow.

5. With respect to your request for a Rule 26(f) conference, we have no objection to scheduling a Rule 26(f) conference when one can proceed productively. That, however, is not the case at present because, again, we have not seen your intended further amended complaint. A proper conference begins with both sides understanding the claims and issues that will need to be addressed.

6.      Your claimed need for a Rule 26(f) conference now is based on an imagined urgency of your own creation.  You seem to have fetishized the significance of some email addresses, the origin and nature of which remain unknown to Jones Day.  So, let's get this out of the way one more time.  We have not made and are not now making any representations about those email addresses.

7.      You have also misread or misconstrued my comments about document preservation.  We believe our clients have taken necessary steps to preserve documents relating to the alleged claims.  Without conceding the relevance of the email addresses in what you have referred to as the "email database held by Twilio and Sendgrid," or even that defendants have any connection to or have communicated with any of those addresses, our clients are confident their documents and emails have been preserved.  This specifically includes emails in the possession of defendants, if any, sent to or received by any of those addresses in what you call the "email database held by Twilio and Sendgrid."  Our clients understand their document preservation responsibilities and have acted responsibly to fulfill them.  As such, there is no dispute, and there is no need for a document preservation order.

8.      We obviously do not speak for Twilio and Sendgrid, but we are aware that you sent document preservation notices to Twilio and Sendgrid.  It has been our experience that established companies such as Twilio understand and treat such notices seriously.  Unless you have received specific information that suggests otherwise, we likewise do not see a basis for you to precipitously request a preservation order be directed to non-parties.  If you have some information that bears on this, then you should let us know and not hide facts from us.  Perhaps this is obvious to you, but we do not, for example, know precisely what you mean when you speak of wanting "Twilio and Sendgrid to take a snapshot of the entire BitMEX account."  Regardless, this is something we trust was encompassed in your document preservation request to them.  At a minimum, we would expect you would have to meet-and-confer properly with them and allow them notice and an opportunity to be heard.

9.      My prior comments regarding your misuse and misreading of the Manual for Complex Litigation stand.  Similarly, you misconstrue the Northern Districts' Guidelines for Discovery of ESI.  There is no dispute about whether defendants' documents are being preserved, as I have explained multiple times.  But even if there were, perhaps you failed to read Guideline 2.04, which notes disputes "shall be presented to the Court at the earliest possible opportunity, such as at the initial Case Management Conference."  This is consistent with the points I have made multiple times now about following Fed. R. Civ. P. 26, as is the norm in Federal litigation.

10.     When you have provided your intended further amended complaint, and when we have had a meaningful opportunity to discuss it with our clients, and when we know whether it or the current complaint will be the operative complaint, then we can schedule a Rule 26(f) conference.

11.     In the meantime, please consider this a demand that BMA, you personally, all other persons associated with BMA, all persons who have assigned BMA claims, and Yaroslav Kolchin preserve all emails, documents (electronic or otherwise), and any other form of electronic communication including, for example, text messages, Google messages, Skype, Snap, and WhatsApp, from January 1, 2018 to the present relating to "BitMEX," HDR Global Trading Limited, ABS Global Trading Limited, and any or all of Arthur Hayes, Ben Delo and Samuel Reed.  This includes all communications with and any documents relating to trades or trading.  In addition, this preservation demand extends to all trading in crypto-currencies (regardless of the trading platform) by any of BMA, you personally, all other persons associated with BMA, all persons who have assigned BMA claims, and Yaroslav Kolchin.  We further ask that you confirm each respective entity has taken appropriate document preservation steps so that no documents are destroyed.

\*      \*      \*

If you believe I have not addressed any of the points you have raised about this litigation to date, please let me know and we will endeavor to respond within the next business day.

Stephen D. Hibbard
Partner