# EXHIBIT 5



Robert McHenry
Twilio Inc.
101 Spear Street, 1st Fl.
San Francisco, CA 94105
rmchenry@twilio.com

**Via Email**

June 11, 2020

Pavel I. Pogodin
Consensus Law
pp@consensuslaw.io

Re: Plaintiff's Ex Parte Application for Third Party Evidence Preservation Order, N.D. Cal. Case No. 3:20-cv-03345 - WHO

Dear Mr. Pogodin:

Twilio is in receipt of your Ex Parte Application for Third Party Evidence Preservation Order. We were, quite frankly, very surprised to see that you filed this motion without meeting and conferring with Twilio or even responding to my June 1, 2020 letter. I was particularly disheartened to see that you failed to include my complete letter in your motion to the Court, instead choosing to selectively quote it in order to mislead the Court into believing your motion is necessary. To be clear, your motion is unnecessary.

As stated in my June 1 letter, your May 21, 2020 preservation letter (the "Preservation Letter") contained "no description of the specific data you are seeking to preserve, why you believe it is relevant, or why you believe Twilio is in possession of such information" and, because of that, "Twilio was not in a position to be able to evaluate you request."

It was not until your surprise motion that we learned that you are seeking preservation of the contact information of BitMEX users, including email addresses, that are stored in their account on the Twilio platform. This is a much more specific request than the unhelpful boilerplate you included in your Preservation Letter that included things like "Internet history and cache files" (of who?) and "images and graphics" (of what?).

Further, as I stated in my June 1 letter, Twilio was willing to extend a temporary hold on the account -- based on the limited information we had at the time -- while you directed your request to the defendants in the matter. I understand from representations you made in your motion that the defendants initially disagreed with you regarding the relevance of the information, but, of course, had you chosen to respond to my letter and sought an extension of the temporary hold,

1

**Twilio would have extended the temporary hold to cover the period of time necessary for you to sort out your request with the defendants**.

As I understand you are aware, this is all moot now. Counsel for defendants have contacted Twilio and requested that we hold their account data. Twilio is in the process of capturing this data now and will provide it to the defendants' counsel as soon as it is available. Any further dispute over the relevance of this data to your underlying litigation with defendants must be directed to them.

With that, **please confirm that you will promptly withdraw your motion with respect to the Twilio by no later than the end of the day today, Thursday, June 11, 2020**. If you refuse to withdraw your motion today, please let me know as soon as possible and your basis for continuing to pursue the motion. Should Twilio be forced to file a formal response or objection to the unnecessary and now-moot motion, please be aware that we reserve our right to pursue sanctions, fees, and costs against you and your client.

I look forward to your prompt response.

Sincerely,

*Robert McHenry*

Robert McHenry
Associate General Counsel


CC:   Stephen D. Hibbard, sdhibbard@jonesday.com