Pavel I. Pogodin, Ph.D., Esq. (SBN 206441)
CONSENSUS LAW
5245 Ave Isla Verde
Suite 302
Carolina, PR 00979
United States of America
Telephone: (650) 469-3750
Facsimile: (650) 472-8961
Email: pp@consensuslaw.io

Attorneys for Plaintiff BMA LLC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BMA LLC,<br><br>Plaintiff,<br><br>v.<br><br>HDR Global Trading Limited (A.K.A. BitMEX), ABS Global Trading Limited, Arthur Hayes, Ben Delo and Samuel Reed,<br><br>Defendants. | Case No. 3:20-cv-3345-WHO<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S ABS GLOBAL TRADING LIMITED OPPOSITION TO EX PARTE APPLICATION FOR THIRD PARTY EVIDENCE PRESERVATION ORDER** |

## REPLY TO DEFENDANT'S OPPOSITION

Plaintiff BMA in this action has very legitimate concerns over the integrity of the very specific and critically important evidence under Defendants' control, sparked by two videotaped confessions of Defendant Arthur Hayes, which were attached to the original Ex Parte Application as Ex. 4 and 5, as well as certain evasive responses from Defendants' counsel. Instead of

addressing these legitimate reservations articulated in Plaintiff's Ex Parte Application, or at least explaining why he refused to stipulate to the User Email Address Database preservation, Defendants' counsel Stephen Hibbard fell back on his favorite weapon of last resort – a bitter personal attack on Plaintiff's attorney, as if angry posturing by a lawyer could make concerning videotaped confessions of his client magically disappear.

It also appears that Defendants' counsel was not entirely forthcoming with the Court about what has really transpired between him and Plaintiff's counsel that led to the filing of the present Ex Parte Application.  Specifically, in his Opposition, Defendants' counsel selectively showed to the Court correspondence favorable to his position, while conspicuously omitting multiple emails illustrating Plaintiff's numerous proactive efforts to solve the evidence preservation issue amicably between the parties and his refusal to cooperate in evidence preservation, see, for example, Ex. 1, 2.

For the sake of objectivity, while trying to keep the number of collateral exhibits to a minimum, Plaintiff attaches Ex. 1-11, which clearly show that Plaintiff's counsel went out of his way to reach an agreement with Defendants' counsel regarding preservation of the evidence in question without Court's intervention.  All these substantial efforts of Plaintiff's counsel were outright dismissed by Mr. Hibbard, who used a laundry list of excuses ranging from Plaintiff's intention to file an amended complaint to Defendants' desire to proceed under the "normal" Rule 26 process, Ex. 2.

Plaintiff specifically calls the attention of the Court to Ex. 2, wherein Defendants' counsel takes an extravagant position that User Email Address Database is not relevant to the present case and unequivocally refuses to preserve the User Email Address Database using a made-up excuse of not receiving Plaintiff's Amended Complaint.  In fact, Plaintiff's attorney asked Mr. Hibbard at least eight (!) times for a stipulation to preserve the User Email Address Database, all in vain. Facing an outright refusal to preserve critical evidence coupled with evasive responses from the opposing counsel, videotaped admissions of bribery and bank fraud from the opposing party and a deadline imposed by the third party holding the data in question, Plaintiff was left with no choice

but to file this Ex Parte application with the Court to meet the original June 14, 2020 deadline, of which he informed the opposing counsel multiple times (this deadline has been now extended by third party Twilio Inc.). As evidenced by Ex. 1-11, Defendants' counsel was clearly dismissive of all Plaintiff's preservation requests until the present Application was filed, whereupon Mr. Hibbard turned to a frantic action in order to get rid of this Ex Parte Application without being bound by a proper Court order. Plaintiff believes that Mr. Hibbard even enlisted Mr. Rob McHenry of Twilio Inc., which showed zero interest in this matter until June 11, 2020, to suddenly oppose this Application.

Regarding Mr. Hibbard's assertion that Plaintiff's attorney is somehow delaying the filing of the acknowledgement of service of process on defendants, this assertion is also not entirely accurate. Counsel for the parties have been negotiating a stipulation regarding the acceptance of service of process and setting briefing schedule for responsive motions, which would obviate the need for filing such an acknowledgement altogether. In fact, it was Mr. Hibbard, who insisted on receiving the amended complaint, which was sent to him today, before proceeding with the aforesaid stipulation.

Finally, the statement made by Plaintiff's counsel to Mr. Hibbard: "Since you didn't seem to understand what I was talking about all this time, I suggest you stay out of this and let me, the judge and the affected companies sort it out between us," was actually a sarcastic comment. In order to avoid stipulating to the preservation of the User Email Address Database at issue, at a certain point, Mr. Hibbard started to pretend that he does not understand what Plaintiff's counsel was writing about when he referred to the User Email Address Database. Plaintiff's counsel sarcastically referred to this evasive behavior by the opposing counsel when he made the above statement. It is baffling why Mr. Hibbard decided to use this clearly sarcastic comment as a centerpiece of his Opposition to the Ex Parte Application.

**Ex Parte Application For Third Party Evidence Preservation Order Is Not Moot**

Simple instruction from Defendants to Twilio Inc. to preserve a copy of User Email Address Database, as suggested by Defendant ABS, is clearly not the same as the Court order that

Plaintiff is seeking here or even a stipulation that Plaintiff tried to unsuccessfully obtain from Defendants' counsel. This instruction was issued by Defendants and it could be withdrawn at any time without any notice to Plaintiff, especially in view of Defendants' counsel position that the User Email Address Database is not relevant to the present case and his refusal to preserve it, Ex. 2. In all prior litigations, Defendants fought the Court's personal jurisdiction issue tooth and nail. Therefore, the User Email Address Database is of critical importance in the present case and its integrity is clearly important enough to be protected by a Court order, especially in view of prior evasive behavior of Defendants' counsel. See Manual for Complex Litigation § 11.442.

Moreover, the instruction that Mr. Hibbard sent to Twilio Inc. does not cover Intercom Inc., which is an entirely separate company an which was also a third party named in the Ex Parte Application. Therefore, the Ex Parte Application is not moot for this additional reason as well.

Because the Ex Parte Application is not moot and because Defendant ABS, in its opposition, failed to properly address any of the three factors foe issuance of the preservation order in Northern District under *Bright Sols. for Dyslexia, Inc. v. Doe* 1, No. 15-CV-01618-JSC, 2015 WL 5159125, at *2 (N.D. Cal. Sept. 2, 2015), the Court should grant Plaintiff's Application, especially in view of Defendants' public admissions and Defendants counsel's documented prior refusal to preserve the critical evidence in question. Ex. 2.

**Northern District Has Accommodated Similar Concerns For**
**Integrity Of Evidence By Way Of Court Orders**

In *Artec Group, Inc. v. Klimov*, No. 15-cv-03449-RMW (N.D. Cal. Aug. 25, 2016), Judge Whyte of this Court accommodated similar concerns that plaintiff had for the integrity of the evidence with an appropriate Court order. In that case, plaintiff was concerned that defendants had an incentive to "sanitize" a scanner, which was evidence in question. *Id.* To prevent defendants from doing so, the Court has ordered that "[i]f the subject Thor3d scanner is released to defendants or anyone acting in concert with them, defendants' U.S. attorneys will take possession of the subject scanner and maintain it without modification and not release it to any third party absent written agreement of the parties or order of this court." In this fashion, the

Court accommodated the need to preserve the integrity of the evidence from potential "sanitizing" by defendants. *Id*.

The facts of the present case are nearly identical. Here, too, the critical evidence is being held by a third party. Plaintiff has legitimate concerns that this critical evidence could be "sanitized" by Defendants in order to a void liability. Therefore, as in *Artec Group*, an issuance of the preservation order by the Court in the present case is appropriate. *Id*.

Moreover, Manual for Complex Litigation § 11.442, provides that "[b]efore discovery starts, and perhaps before the initial conference, the court should consider whether to enter an order requiring the parties to preserve and retain documents, files, data, and records that may be relevant to the litigation." While is the term "complex litigation" is not susceptible to any bright-line definition, Plaintiff considers this case to be complex, which was disputed by Mr. Hibbard. The proposed amended complaint that was sent to Defendants is 120 pages long and involves many novel legal issues associated with unsettled legal framework of cryptocurrency trading. Therefore, a Court order for crucial evidence preservation is clearly appropriate in this case. *Id*.

Accordingly, Plaintiff respectfully requests the Court to issue an order directing Twilio Inc., its subsidiary SendGrid Inc and Intercom Inc. to preserve a copy of the User Email Address Database until resolution of this action, especially in view of Defendants' public admissions and Defendants counsel's documented refusal to preserve the critical evidence in question. Ex. 2.

**Preservation Order Should Issue**

Thus, for all the foregoing reasons, the preservation order directed to third parties should issue. *Bright Sols. for Dyslexia, Inc. v. Doe* 1, No. 15-CV-01618-JSC, 2015 WL 5159125, at *2 (N.D. Cal. Sept. 2, 2015); *Artec Group, Inc. v. Klimov*, No. 15-cv-03449-RMW (N.D. Cal. Aug. 25, 2016).

1

Dated:  June 15, 2020

Respectfully submitted,

By:     /s/ Pavel I. Pogodin
         Pavel I. Pogodin

CONSENSUS LAW
Pavel I. Pogodin, Ph.D., Esq.
5245 Ave Isla Verde
Suite 302
Carolina, PR 00979
United States of America
Telephone: (650) 469-3750
Facsimile: (650) 472-8961
Email: pp@consensuslaw.io
Attorneys for Plaintiff BMA LLC

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28