# EXHIBIT 3



**Pavel Pogodin, Ph.D., Esq.** <pp@consensuslaw.io>  Fri, Jun 5, 7:10 PM (10 days ago)
to Stephen, Matthew, Jr.,

Steve,

Your response is baffling and leads me to believe that your client intends to delete the email address list in question. Thus, in light of your response, an emergency preservation motion is justified.

Can you explain your statement: "those email addresses do not bear on the claims in the filed complaint?" U.S. users of your client definitely bear on the issue of personal jurisdiction. Are you intending to challenge the personal jurisdiction? If you do, the email addresses are of high importance. Do you agree with me?

Second, the number of U.S. customers of your client definitely bears on the issue whether your client operated an unlicensed money transmission business in violation of 18 USC 1960. Can you explain your statement "those email addresses do not bear on the claims in the filed complaint" in view of this fact?

Can you provide me with assurance that the email lists in question will be preserved? This includes two email lists: one stored by Twilio/Sendgrid and second stored by your client. This is of outmost importance.

I am looking forward to your response by 6PM PDT on Monday, June 8, 2020.

Best Regards,



**Pavel Pogodin, Ph.D., Esq.**
Attorney At Law*
CONSENSUS LAW
CryptoCurrency Attorneys

t: +1 (650) 469-3750  f: +1 (650) 472-8961
e: pp@consensuslaw.io
i: www.consensuslaw.io
o: 5245 Avenida Isla Verde, Suite 302, Carolina, PR 00979

* Admitted in California