# EXHIBIT 6



**Pavel Pogodin, Ph.D., Esq.** <pp@consensuslaw.io>  
to Stephen, Matthew, Jr.,

Wed, Jun 3, 8:07 AM (12 days ago)

Steve,

as you may already know, Bay Area-based company Twillio and its subsidiary Sendgrid hold data which is critical to about every part of this case. This data includes a database of all email addresses of all HDR/BitMEX users as well as other user contact information.

The aforesaid data can be used to determine, with high degree of accuracy, the true number of U.S. citizens and residents trading on BitMEX platform owned and operated by your client HDR. For example, such determination is critical to the adjudication of the anticipated defendant(s) motion to dismiss for lack of personal jurisdiction, as well as predicate offence of operating unlicensed money transmission business of the RICO causes of action. In addition, the determination may be relevant to another cause of action for operating an unregistered swap execution facility or a designated contract market that plaintiff may add in the forthcoming amended complaint.

Thus, it is imperative that this critical evidence be preserved until full discovery can be taken. Please let me know whether your clients would stipulate to a court order directing Twillio and its subsidiary Sendgrid to preserve all the identified data until parties have a chance to conduct discovery.

I intend to file a corresponding motion as soon as the new district judge is assigned to the case.

**If I do not hear from you by 6PM PDT on Thursday, June 4, 2020, I will assume that none of your clients have any objections to the proposed motion for data preservation and that I may make corresponding representation to the court in connection with said motion.**

Best Regards,




**Pavel Pogodin, Ph.D., Esq.**  
Attorney At Law*  
CONSENSUS LAW  
CryptoCurrency Attorneys  
t: +1 (650) 469-3750 f: +1 (650) 472-8961  
e: pp@consensuslaw.io  
i: www.consensuslaw.io  
o: 5245 Avenida Isla Verde, Suite 302, Carolina, PR 00979  
* Admitted in California