UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMA LLC,<br><br>              Plaintiff,<br><br>       v.<br><br>HDR GLOBAL TRADING LIMITED, et al.,<br><br>              Defendants. | Case No. 20-cv-03345-WHO<br><br>**ORDER DENYING EX PARTE APPLICATION FOR EVIDENCE PRESERVATION**<br><br>Re: Dkt. No. 17 |

      Plaintiff BMA LLC ("BMA") filed suit against defendants HDR Global Trading Limited ("HDR") and ABS Global Trading Limited ("ABS"), and individual defendants Arthur Hayes, Ben Delo, and Samuel Reed, alleging claims under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, the Commodity Exchange Act ("CEA"), and other related state law claims. Pending before me is BMA's ex parte application for an order directing third parties Twilio Inc., its subsidiary SendGrid Inc. and Intercom Inc. to preserve a snapshot of data associated with defendants' account(s), including a database of user email addresses. Plaintiff's Ex Parte Application for Third Party Evidence Preservation Order ("Ex Parte App.") [Dkt. No. 17].

      BMA alleges that defendants own and operate BitMEX, a cryptocurrency trading platform, which uses defendant HDR, a shell company incorporated in the Republic of Seychelles, to dodge United States regulators and its own United States investors by claiming that it does not do any business in the United States and therefore is not subject to personal jurisdiction here. Amended Complaint ("Am. Compl.") [Dkt. No. 6] ¶¶ 1-2. It asserts that Twilio Inc., its subsidiary SendGrid Inc., and Intercom Inc. have evidence that can establish minimum contacts between defendants

and the forum. Ex Parte App. 4.  These entities store databases containing email addresses of all BitMEX users (the "User Email Address Database"), which can be used to determine the true number of United States persons who trade on the BitMEX platform.  Declaration of Pavel Pogodin, Esq. in Support of Plaintiff's Ex Parte Application for Third Party Evidence Preservation Order ("Pogodin Decl.") [Dkt. No. 19] ¶ 5.  It also seeks this evidence to prove elements of its RICO and CEA claims, which require showing connections between defendants and the United States.

According to a June 1, 2020 email from Associate General Counsel of Twilio, Inc., in response to BMA's preservation letter, "Twilio has placed a temporary deletion hold on BitMEX's account(s) to give them an opportunity to evaluate [BMA's] request.  Twilio will maintain the temporary hold for 14 days from the date of this letter unless it receives instructions from the defendants to maintain the hold."  Pogodin Decl. ¶ 7.  The deletion hold was set to expire on June 15, 2020.  *Id.*

Defendant ABS opposes BMA's application on grounds that it is moot.  *See* Defendant ABS Global Trading Limited's Opposition to Plaintiff's Ex Parte Application for Third Party Evidence Preservation Order ("Oppo.") [Dkt. No. 26].  It sent a preservation request letter to Twilio, Inc. on June 10, 2020.  *See* Declaration of Stephen D. Hibbard in Support of Opposition to Plaintiff's Ex Parte Application ("Hibbard Decl.") [Dkt. No. 26-1] ¶ 7 & Ex. 4.  In that letter, counsel states that he represents defendants in this action, including HDR d/b/a BitMEX, and requests, out of abundance of caution, "that Twilio and its affiliate SendGrid, Inc. (and to the extent relevant, Intercom, Inc.) maintain and keep in force the temporary hold currently in place relating to HDR's accounts until the litigation has concluded."  *Id.*, Ex. 4 [Dkt. No. 26-5].[1]

A June 11, 2020 letter sent from Twilio, Inc. to BMA's counsel also confirms that "[c]ounsel for defendants have contacted Twilio and requests that we hold their account data.

---

[1] I note that this letter only specifically refers to HDR's accounts.  But in its opposition, ABS recognizes that BMA requests preservation of data "associated with *defendants'* account(s), including a databased of user email addresses," and states that both defendants and non-party Twilio, Inc. "have provided written confirmation . . . that they will preserve any such data through the conclusion of this lawsuit."  Oppo. 5 (emphasis added).

2

1  Twilio is in the process of capturing this data now and will provide it to the defendants' counsel as
2  soon as it is available." *Id.*, Ex. 5 [Dkt. No. 26-6] 2.  Both Twilio and defense counsel then asked
3  BMA to withdraw its ex parte application, which it refused.

4  In light of these facts, Twilio Inc.'s June 15, 2020 expiry date is no longer at issue.  BMA
5  complains that defense counsel's instruction "could be withdrawn at any time without any notice
6  to Plaintiff, especially in view of Defendants' counsel position that the User Email Database is not
7  relevant to the present case and his refusal to preserve it."  Plaintiff's Reply to Defendant's ABS
8  Global Trading Limited Opposition to Ex Parte Application for Third Party Evidence Preservation
9  Order [Dkt. No. 27] 4.  But defendant counsel's instruction explicitly states that the hold shall stay
10 in place "until the litigation has concluded."  Hibbard Decl., Ex. 4 [Dkt. No. 26-5].  I expect
11 nothing less.  As a result, BMA's application as to Twilio, Inc., and its subsidiary SendGrid Inc.,
12 is DENIED.

13 BMA's ex parte application only focuses on Twilio, Inc.'s June 15, 2020 expiry date and
14 fails to establish a significant concern that potentially relevant evidence will be destroyed by
15 Intercom Inc.  It sent a preservation letter to Intercom Inc. on June 9, 2020, the same day that it
16 filed this ex parte application.  Pogodin Decl. ¶ 18.  There is no indication that the User Email
17 Database maintained by Intercom Inc. is under threat of imminent deletion.[2]  Its application as to
18 Intercom Inc. is also DENIED without prejudice because of lack of proof that Intercom Inc. will
19 not preserve the necessary information.

20 **IT IS SO ORDERED.**

21 Dated: June 15, 2020

William H. Orrick
United States District Judge

---

[2] ABS' opposition does not squarely address preservation as Intercom, Inc. either, but the June 10, 2020 preservation request letter to Twilio, Inc., includes "to the extent relevant Intercom, Inc." Hibbard Decl., Ex. 4.

3