# EXHIBIT 12

| | |
|---|---|
| 1 | Stephen D. Hibbard (State Bar No. 177865) |
| | sdhibbard@jonesday.com |
| 2 | Matthew J. Silveira (State Bar No. 264250) |
| | msilveira@jonesday.com |
| 3 | Dennis F. Murphy, Jr. (State Bar No. 301008) |
| | dennismurphy@jonesday.com |
| 4 | JONES DAY |
| | 555 California Street, 26th Floor |
| 5 | San Francisco, CA 94104 |
| | Telephone: +1.415.626.3939 |
| 6 | Facsimile: +1.415.875.5700 |
| 7 | Attorneys for Specially Appearing Defendant |
| | HDR GLOBAL TRADING LIMITED |
| 8 | |
| 9 | Peter I. Altman (State Bar No. 285292) |
| | paltman@akingump.com |
| | Shelly Kim (State Bar No. 322231) |
| 10 | shelly.kim@akingump.com |
| | AKIN GUMP STRAUSS HAUER & FELD LLP |
| 11 | 1999 Avenue of the Stars |
| | Suite 600 |
| 12 | Los Angeles, CA 90067 |
| | Telephone: +1.310.229.1000 |
| 13 | Facsimile: +1.310.229.1001 |
| 14 | Attorneys for Specially Appearing Defendant |
| | ARTHUR HAYES |

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**06/16/2020**
**Clerk of the Court**
BY: SANDRA SCHIRO
Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

| | |
|---|---|
| FRANK AMATO, RGB COIN LTD. and ELFIO GUIDO CAPONE on behalf of the G AND M CAPONE TRUST, <br><br> Plaintiffs, <br><br> v. <br><br> HDR GLOBAL TRADING LIMITED, d/b/a BITMEX; ARTHUR HAYES; ABS GLOBAL TRADING LIMITED; and DOES 1-10, <br><br> Defendants. | Case No: CGC-19-581267 <br><br> **DECLARATION OF ARTHUR HAYES IN SUPPORT OF SPECIALLY APPEARING DEFENDANTS' MOTION TO QUASH SERVICE OF SUMMONS FOR LACK OF PERSONAL JURISDICTION** <br><br> Date: July 16, 2020 <br> Time: 9:30 a.m. <br> Judge: Honorable Ethan P. Schulman <br> Department: 302 <br><br> Complaint filed: December 4, 2019 <br> First Am. Compl. filed: April 27, 2020 |

I, Arthur Hayes, declare as follows:

1. I am a defendant and a co-founder and the Chief Executive Officer of defendant HDR Global Trading Limited in the above-captioned action. I submit this declaration in support of the concurrently-filed Motion to Quash Plaintiffs' Service of Summons for Lack of Personal Jurisdiction, and have personal knowledge of the facts set forth herein.

2. I am currently a legal permanent resident of Hong Kong and my primary residence has been in Asia since 2008. I have not resided in the United States since moving to Asia and I have never resided in California.

3. In 2014, while I was living in Hong Kong, I founded HDR Global Trading Limited with Ben Delo and Samuel Reed (who were also living in Hong Kong). Since the company's founding, I have been responsible for arranging all outside equity investments in HDR Global Trading Limited.

4. HDR Global Trading Limited is the owner of an online digital asset trading platform called BitMEX, which is a registered service mark. U.S. persons are expressly prohibited from accessing or trading on the BitMEX platform under the terms of service.

5. HDR Global Trading Limited is a holding company that was incorporated in the Republic of Seychelles in 2014. HDR Global Trading Limited's only office is in Seychelles. Corporate records are also maintained in Seychelles. The most recent HDR Global Trading Limited board meeting before this action was filed was held in Seychelles in October 2019. HDR Global Trading Limited's only board meeting in 2018 was also held in Seychelles. At no time has HDR Global Trading Limited's board of directors been based in California. Nor has the board ever convened in California or anywhere else in the United States. HDR Global Trading Limited does not have, and never has had, employees in California.

6. HDR Global Trading Limited has more than a dozen affiliates around the world (collectively, the "HDR Group"), including in Hong Kong, Singapore, Bermuda, and the United States. The BitMEX trading engine, which consists of the trading system and the order matching engine central to the operation of the platform, was designed and built in Hong Kong, and further development of the trading engine is carried out from Hong Kong. The HDR Group has always

been managed principally from Asia. In my capacity as CEO, I am advised by an advisory body currently comprised of twelve individuals responsible for different departments within the HDR Group. A majority of the HDR Group's advisory committee has always been located in Hong Kong, and nine of the twelve members currently on the committee are located outside of the United States.

7. In 2017, ABS Global Trading Limited, HDR Global Trading Limited's sole U.S. affiliate, was incorporated in Delaware. HDR Global Trading Limited owns the entire issued share capital of ABS Global Trading Limited, which provides software development, software engineering, and digital security services to HDR Global Trading Limited on a contractual basis, including by developing the front-end interface of the BitMEX platform. While ABS Global Trading Limited has an office in San Francisco, California, that company has no role in obtaining outside investment in HDR Global Trading Limited. I have no duties or responsibilities in connection with ABS Global Trading Limited's day-to-day operations as I have no involvement in the development or maintenance of the technology of the BitMEX platform, either on the front end or the back end.

8. On or about July 19, 2018, I conducted an interview from the CNBC studio in San Francisco. During the interview, I confirmed that U.S. users are not allowed on the BitMEX platform and that, at the time, the BitMEX platform primarily served users from north Asian countries. While the interview was conducted in San Francisco, CNBC has a global reach, including in Asia.

9. BitMEX Ventures is a business unit within the HDR Group that was created in 2018 to invest in other companies. While BitMEX Ventures has a team member in California, it has no role in obtaining outside investment in HDR Global Trading Limited.

10. The HDR Group has never had a global offsite meeting in San Francisco or anywhere else in the United States.

11. Before co-founding HDR Global Trading Limited, I worked at the Hong Kong offices of Deutsche Bank and Citibank.

12. I was initially introduced to plaintiff Frank Amato by one of Mr. Amato's associates at JPMorgan in Singapore.

13. Mr. Amato and I had a series of communications regarding Mr. Amato's interest in investing in HDR Global Trading Limited in 2014 and 2015 while I was working on building the BitMEX trading platform from Hong Kong and I understood that Mr. Amato was working in Singapore. Mr. Amato and HDR Global Trading Limited entered into a Simple Agreement for Future Equity contract as of June 15, 2015. A true and correct copy of that agreement is copied here as Exhibit A.

14. I have never knowingly communicated with Mr. Amato while he was in California, as I am not aware of him ever having resided or worked in that state.

15. In late December 2014, plaintiff Elfio Guido Capone reached out to me on LinkedIn, introducing himself as a seed investor and expressing an interest in investing. In the following months, I had a series of communications regarding his interest in investing in HDR Global Trading Limited in 2015 while I was working on building the BitMEX trading platform from Hong Kong. I understood that Mr. Capone was based in Australia. Mr. Capone and HDR Global Trading Limited entered into a Simple Agreement for Future Equity contract on or about July 16, 2015. A true and correct copy of that agreement is copied here as Exhibit B.

16. I have never knowingly communicated with Mr. Capone while he was in California, as I am not aware of him ever having resided or worked in that state.

17. HDR Global Trading Limited has not secured any outside investment from persons or entities in California. Rather, all outside investments in HDR Global Trading Limited were made in 2015 and none were made by investors in California. In particular, SOSVentures LLC ("SOSV"), referenced in the Complaint, invested from Ireland, and my correspondence with SOSV and Chinaccelerator representatives was otherwise limited to personnel, all of whom, to my knowledge, were based in China or the New York metropolitan area. While I am informed and believe that SOSV has an affiliate office in San Francisco, I have never visited that office and, to my knowledge, have not communicated with personnel located in that office.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 16th day of June, 2020.

_____
Arthur Hayes