1  Stephen D. Hibbard (State Bar No. 177865)
   sdhibbard@jonesday.com
2  Matthew J. Silveira (State Bar No. 264250)
   msilveira@jonesday.com
3  Dennis F. Murphy, Jr. (State Bar No. 301008)
   dennismurphy@jonesday.com
4  JONES DAY
   555 California Street, 26th Floor
5  San Francisco, CA  94104
   Telephone:   +1.415.626.3939
6  Facsimile:    +1.415.875.5700

7  Attorneys for Defendants
   HDR GLOBAL TRADING LIMITED, ABS GLOBAL
8  TRADING LIMITED, ARTHUR HAYES, BEN
   DELO, and SAMUEL REED
9

10                UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                     SAN FRANCISCO DIVISION

13

| 14 | BMA LLC, Yaroslav Kolchin and Vitaly Dubinin, | Case No. 3:20-cv-03345-WHO |
|---|---|---|
| 15 |  | **DECLARATION OF STEPHEN D. HIBBARD IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY** |
| 16 | Plaintiffs, |  |
| 17 | v. |  |
| 18 | HDR Global Trading Limited (a.k.a. BitMEX), ABS Global Trading Limited, Arthur Hayes, Ben Delo and Samuel Reed, | Date:  November 4, 2020 Time:  2:00 p.m. Ctrm:  2 – 17th Floor Judge:  Honorable William H. Orrick |
| 19 |  |  |
| 20 | Defendants. |  |

21
22
23
24
25
26
27
28

I, Stephen D. Hibbard, declare as follows:

1. I am an attorney with the law firm of Jones Day, attorneys of record for Defendants HDR Global Trading Limited ("HDR"), ABS Global Trading Limited ("ABS"), Arthur Hayes, Ben Delo, and Samuel Reed (together, "Defendants"). I am licensed to practice law in the State of California. I make this declaration in support of Defendants' Motion to Stay Discovery. I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I could and would testify to such facts under oath.

2. Following the parties' Federal Rule of Civil Procedure 26(f) Conference on July 27, 2020, Defendants' counsel sent Plaintiffs' counsel, Pavel Pogodin, a draft of the Joint Case Management Conference Statement (the "Statement") that proposed language for the "joint" portions of each section, included Defendants' sections, and all section headings, and left Plaintiffs about four pages of space for their sections of the Statement.

3. Plaintiffs' counsel's response was to more than double the length of the Statement and add about eight pages of content, nearly all of which was for Plaintiffs' separate sections of the Statement.

4. Plaintiffs' counsel's additions to the Statement included disparaging and false comments about Defendants and me.

5. Defendants' counsel asked Plaintiffs' counsel to trim his sections, particularly his six-page facts section, pointing him to the Standing Order for All Judges of the Northern District of California, which states that the contents of joint case management statements, "except in unusually complex cases, should not exceed ten pages."

6. Plaintiffs' counsel refused to trim his sections or remove his unprofessional remarks from the Statement.

7. Since the parties Rule 26(f) conference in late July, Plaintiffs have served thirty-nine (39) Requests for Admission ("RFAs"), fifty-four (54) Interrogatories ("ROGs"), and three hundred and four (304) Requests for Production of Documents ("RFPs"), for a combined *397 discovery requests*—all before Defendants had even responded to Plaintiffs' Second Amended Complaint ("SAC").

8. Plaintiffs have also served three document subpoenas on non-party service providers Twilio, Intercom, and Proofpoint. By way of example, one of the subpoenas seeks *all* emails from January 1, 2018 to the present between a bitmex.com email account and *any* email addresses ending in thirty-four (34) different domain names.

9. Plaintiffs have served the following discovery requests to date on Defendants. To demonstrate the overbroad and burdensome scope of Plaintiffs' discovery requests, two sets of RFPs to HDR are attached as exhibits.

    a) 8/15/2020 (Saturday): Plaintiff Dubinin's first set of RFPs to HDR (since superseded by a "corrected" version below).

    b) 8/17/2020: Plaintiff Dubinin's first set of RFPs to Samuel Reed (36 RFPs).

    c) 8/18/2020: Plaintiff Dubinin's first set of RFAs and ROGs to Samuel Reed. A corrected set of ROGs was served that same day (25 RFAs and 11 ROGs).

    d) 8/19/2020: Plaintiff Dubinin's first set of RFAs, ROGs, and RFPs to Arthur Hayes. A corrected set of RFAs was served that same day (11 RFAs, 7 ROGs, 35 RFPs).

    e) 8/20/2020: Plaintiff Dubinin's first set of RFAs, ROGs, and RFPs to Ben Delo (3 RFAs, 7 ROGs, and 35 RFPs).

    f) 8/21/2020: Plaintiff Dubinin's second set of ROGs and RFPs to Samuel Reed, served the same week as the first set (14 ROGs and 28 RFPs).

    g) 8/22/2020 (Saturday): Plaintiff Dubinin's first set of ROGs and corrected RFPs to HDR, replacing the set of RFPs served the prior Saturday (15 ROGs and 80 RFPs). Attached as **Exhibit 1** is a true and correct copy of Plaintiff Dubinin's first set of corrected RFPs to HDR.

    h) 9/4/2020: Plaintiff Kolchin's first set of RFPs to HDR. A corrected set of RFPs was served that same day (90 RFPs). Attached as **Exhibit 2** is a true and correct copy of Plaintiff Kolchin's first set of corrected RFPs to HDR.

    i) 9/4/2020: Plaintiffs served two document subpoenas on non-parties Twilio Inc. and Intercom, Inc. A corrected subpoena was served on Twilio, Inc. that

same day.

j) 9/6/2020 (Sunday): Plaintiffs served a document subpoena on non-party Proofpoint, Inc.

10. On September 14, 2020, I requested to meet and confer with Plaintiffs' counsel regarding a stay of discovery.

11. Plaintiffs' counsel asked for more time to assess Defendants' Motion to Dismiss, claiming a need to prepare for the discovery stay discussion.

12. I agreed in the spirit of cooperation, and Plaintiffs' counsel volunteered a short, two-day extension of Defendants' discovery responses.

13. On September 16, 2020, Plaintiffs then asked for more time to narrow their discovery requests, volunteering a further eight-day extension on all discovery deadlines.

14. I again agreed to defer the meet and confer discussion and the filing of Defendants' motion to stay in the spirit of cooperation.

15. On September 21, 2020, Plaintiffs' counsel withdrew via email the discovery requests served on Ben Delo.

16. On September 23, 2020, Plaintiffs' counsel withdraw via email a few more discovery requests: (a) eight (8) RFPs, two (2) ROGs, and one (1) RFA as to Samuel Reed, and (b) one (1) RFP, ROG, and RFA each as to Arthur Hayes.

17. All of this withdrawn discovery purports to relate to jurisdiction, which is not at issue following the filing of Defendants' Motion to Dismiss. The total number outstanding remains at 338 discovery requests served on Defendants.

18. On September 18, 2020, prior to the parties' upcoming meet and confer discussion about a discovery stay, Plaintiffs brought to Defendants' attention an unrelated and purported third-party data preservation issue. The parties agreed to discuss both issues during the same meet and confer discussion.

19. On September 22, 2020, Plaintiffs' counsel requested that the meet and confer occur by videoconference so that he could "record [the discussion] to be able to show [to the Court] [the] expression on [my] face, when [I] will be telling [him] fairy tales about" the

1  purported data preservation issue. Plaintiffs' counsel continued: "[D]o you have a mirror in your
2  office/home office? You better start practicing now. I will be recording." Attached as **Exhibit 3**
3  is a true and correct copy of a September 22, 2020 email exchange with Plaintiffs' counsel.

4      20.    The next day, on September 23, 2020, I informed Plaintiffs' counsel that
5  Defendants do not consent to the recording of the meet and confer discussion or any other
6  conversations in this action, whether conducted by telephone or by video, citing California Penal
7  Code Section 632. Plaintiffs' counsel responded: "I guess you do not want to be recorded on the
8  video lying to me, do you?" Attached as **Exhibit 4** is a true and correct copy of a September 23,
9  2020 email exchange with Plaintiffs' counsel.

10      21.    Later that same day, Plaintiffs' counsel sent citations to several federal court
11  opinions purportedly showing that the federal wiretap statute trumps state law and claimed, "Our
12  call on Thursday will be INTERSTATE and in INTERSTATE COMMERCE between Puerto
13  Rico and California, thus Federal law applies. I do not need your consent or even to tell you that
14  I AN [sic] recording. Thus, pick your words VERY carefully on Thursday." At 2:10 A.M. local
15  time on September 24, Plaintiffs' counsel wrote again, stating, ". . . I am expecting some quality
16  fairy tail [sic] from you, not a cheap fabrication. Show us that you have some creativity and
17  imagination worthy of a senior partner at Jones Day. Come up with something that even Bernie
18  Madoff would be proud of. Show us all how to bamboozle Judge Orrick without breaking a
19  sweat. Give us the best shot you got!" Attached as **Exhibit 5** is a true and correct copy of a
20  September 23, 2020 email exchange with Plaintiffs' counsel.

21      22.    On September 24, 2020, prior to the meet and confer discussion, I declined, again,
22  to consent to the recording of the conversation, citing multiple California federal district court
23  opinions finding recording of conversations between counsel improper where one side does not
24  consent. Plaintiffs' counsel responded, "[B]ut you would be lying through your teeth otherwise,
25  wouldn't you? How do we make sure you are telling the truth? Do you have another workable
26  suggestion?" Attached as **Exhibit 6** is a true and correct copy of a September 24, 2020 email
27  exchange with Plaintiffs' counsel.

28      23.    During the telephonic meet and confer discussion on September 24, 2020, the

parties were unable to resolve the issues, requiring Defendants' motion to stay. Plaintiffs' counsel said he would be open to agreeing to stay discovery, subject to the following conditions and exceptions: (1) Defendants must certify for the Court that all documents have been preserved, something that Defendants have already done on multiple occasions, including by email to Plaintiffs and in the August 11, 2020 Joint Case Management Conference Statement (*see* ECF 33, at 12); (2) The stay would not apply to discovery requests aimed at Plaintiffs obtaining information they purportedly need to add additional defendants, including potentially family members of current Defendants; and (3) The stay would also not apply to discovery requests and related documents that explain how HDR exchanges bitcoin for fiat currency because Plaintiffs are considering adding those financial institutions as money laundering defendants.

24. Defendants do not agree to accept Plaintiffs' conditions and exceptions.

25. Among other reasons, Defendants have already certified that all documents have been preserved in light of HDR's broad litigation hold (that also applies to the other defendants in this action) and in light of HDR's efforts with Twilio and Intercom to ensure potentially relevant information in the possession of those non-parties is preserved instead of lost due to those non-parties' routine document retention policies.

26. Defendants' first discovery response deadline is September 28, 2020, thus necessitating the need for the Court's intervention to implement a stay of discovery while Defendants' Motion to Dismiss is pending.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 28th day of September, 2020 in Tiburon, California.

                                                */s/ Stephen D. Hibbard*
                                                Stephen D. Hibbard