# EXHIBIT 6

| | |
|---|---|
| **From:** | Pavel Pogodin, Ph.D., Esq. <pp@consensuslaw.io> |
| **Sent:** | Thursday, September 24, 2020 9:55 AM |
| **To:** | Hibbard, Stephen D. |
| **Cc:** | Silveira, Matthew J.; McDonell, Jason; Murphy, Jr., Dennis F. |
| **Subject:** | Re: Recording Meet and Confer Discussions |

**\*\* External mail \*\***

Steve,

but you would be lying through your teeth otherwise, wouldn't you?  How do we make sure you are telling the truth?  Do you have another workable suggestion?

Best Regards,



**Pavel Pogodin, Ph.D., Esq.**
Attorney at Law\*
CONSENSUS LAW
CryptoCurrency Attorneys
t: +1 (650) 469-3750 f: +1 (650) 472-8961
e: pp@consensuslaw.io
i: www.consensuslaw.io
o: 5245 Avenida Isla Verde, Suite 302, Carolina, PR 00979
\* Admitted in California

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

On Thu, Sep 24, 2020 at 12:32 PM Hibbard, Stephen D. <sdhibbard@jonesday.com> wrote:

> Pavel –
>
> We have received your second note on recording the meet and confer telephone discussion.  We disagree that the cases you cite support your preemption argument.
>
> In any event, the California Supreme Court and federal courts across the state have held that California Penal Code Section 632 is not preempted by federal law, including the Wiretap Act.  *See Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 105–06 (2006); *Montemayor v. GC Servs. LP*, 302 F.R.D. 581, 586 (S.D. Cal. 2014); *see also Valentine v. NebuAd, Inc.,* 804 F. Supp. 2d 1022, 1029 (N.D. Cal. 2011).  And federal courts have enjoined parties from engaging in the precise behavior you propose.  *See Ewing v. Aliera Healthcare*, No. 19cv8450-CAB-LL, 2019 WL 3778746, at \*2-3 (S.D. Cal. Aug. 12, 2019) (granting defendant's ex parte application barring plaintiff from recording phone conversations with counsel for defendant because "the law does not allow for recordation of conversations between Plaintiff and defense counsel without defense counsel's consent"); *Nissan Motor Co., Ltd. v. Nissan Comp. Corp.*, 180 F. Supp. 2d 1089, 1096-97 (C.D. Cal. 2002) ("The Court finds that the recordation of conversations between counsel in the normal course of litigation, without consent, is a violation of California Penal Code

§ 632. In addition to being illegal, the Court finds that it is inherently unethical for an attorney to record a conversation with another attorney . . . without the other party's knowledge or consent.").

Once again, we do not consent to your recording today's meet and confer discussion or any other conversation, whether conducted by telephone or by video.

Stephen D. Hibbard
Partner
**JONES DAY® - One Firm Worldwide**℠
555 California Street, 26th Floor
San Francisco, CA 94104
Office +1.415.875.5809

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***