| | |
|---|---|
| Stephen D. Hibbard (State Bar No. 177865)<br>sdhibbard@jonesday.com<br>Matthew J. Silveira (State Bar No. 264250)<br>msilveira@jonesday.com<br>Dennis F. Murphy, Jr. (State Bar No. 301008)<br>dennismurphy@jonesday.com<br>JONES DAY<br>555 California Street, 26th Floor<br>San Francisco, CA  94104<br>Telephone:   +1.415.626.3939<br>Facsimile:    +1.415.875.5700<br><br>Attorneys for Defendants<br>HDR GLOBAL TRADING LIMITED, ABS GLOBAL TRADING LIMITED, ARTHUR HAYES, BEN DELO, and SAMUEL REED<br><br>Peter I. Altman (State Bar No. 285292)<br>paltman@akingump.com<br>Marshall L. Baker (State Bar No. 300987)<br>mbaker@akingump.com<br>Jessica H. Ro (State Bar No. 329737)<br>jro@akingump.com<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>1999 Avenue of the Stars<br>Suite 600<br>Los Angeles, CA  90067-6022<br>Phone: (310) 229-1000<br><br>Attorneys for Defendant<br>ARTHUR HAYES | Edward H. Takashima (State Bar #270945)<br>BOIES SCHILLER FLEXNER LLP<br>725 S Figueroa Street<br>31st Floor<br>Los Angeles, CA 90017<br>Phone:  (213) 629-9040<br>Fax:     (213) 629-9022<br>Email:  etakashima@bsfllp.com<br><br>Attorneys for Defendant<br>BEN DELO<br><br>Douglas K. Yatter (State Bar No. 234264)<br>douglas.yatter@lw.com<br>LATHAM & WATKINS, LLP<br>885 Third Avenue<br>New York, NY 10022-4834<br>Phone: (212) 906-1200<br><br>Matthew Rawlinson (State Bar No. 231890)<br>matt.rawlinson@lw.com<br>LATHAM & WATKINS, LLP<br>140 Scott Drive<br>Menlo Park, CA<br>Phone: (650) 328-4600<br><br>Attorneys for Defendant<br>SAMUEL REED |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| BMA LLC, Yaroslav Kolchin and Vitaly Dubinin,<br><br>  Plaintiffs,<br><br>    v.<br><br>HDR Global Trading Limited (a.k.a. BitMEX), ABS Global Trading Limited, Arthur Hayes, Ben Delo and Samuel Reed,<br><br>  Defendants. | Case No. 3:20-cv-03345-WHO<br><br>**DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO STAY DISCOVERY**<br><br>Date:  November 10, 2020<br>Time:  2:00 p.m.<br>Ctrm:  2 – 17th Floor<br>Judge:  Honorable William H. Orrick |

**ARGUMENT**

Defendants' opening brief sets forth four independent reasons why a protective order staying discovery until after this Court decides Defendants' Motion to Dismiss is warranted. First and dispositively, even a "preliminary look" at Defendants' Motion to Dismiss shows that, taking Plaintiffs' allegations as true and without resorting to discovery, Plaintiffs' Second Amended Complaint ("SAC") is legally deficient in multiple respects. Among other flaws, Defendants demonstrated that Plaintiffs lack constitutional and statutory standing; that Plaintiffs' claims are impermissibly extraterritorial; and that Plaintiffs fail to plead plausible and nonconclusory facts establishing *prima facie* RICO, CEA, and state law claims. Because Defendants' Motion to Dismiss highlighting those pleading deficiencies is dispositive of the entire case and can be decided without discovery, this factor alone warrants a stay of discovery.

Three independent reasons further justify a stay. As Defendants showed in the opening brief, requiring them (as well as non-parties) to respond to Plaintiffs' more than 300 discovery requests—many of which seek information far beyond the contours of Plaintiffs' already overbroad complaint—serves no purpose other than to waste both the Parties' and the Court's resources, especially when Plaintiffs' complaint is fundamentally deficient. Defendants further established that a stay here would not prejudice either party, as the Court has yet to issue a Scheduling Order, let alone set deadlines for the completion of discovery. And Defendants demonstrated that a stay is necessary to curtail Plaintiffs' abusive litigation tactics, by which Plaintiffs continue to harass Defendants with excessive and inappropriate discovery requests, all in an apparent effort to drive up the cost of litigation.

Plaintiffs' opposition concedes the first argument and does not respond to the remaining three.[1] Plaintiffs' sole response to Defendants' stay motion is that "Plaintiffs' Third Amended Complaint overcomes all Defendants' arguments." Opp. 9. Quite the opposite. While Plaintiffs have moved for leave to file yet another amended complaint, this Court has yet to consider that

---

[1] Indeed, Plaintiffs' counsel devotes nearly half of his opposition brief to repeating the purported "Statement of the Relevant Facts" from his motion for leave to amend his complaint for a third time. *See* Opp. 3-8. Plaintiffs' counsel does not even reference his sweeping and abusive discovery requests which are the subject of this stay motion.

motion.[2]  The SAC therefore remains Plaintiffs' operative complaint.  And as Plaintiffs implicitly admit by acknowledging deficiencies that Plaintiffs argue their proposed Third Amended Complaint ("TAC") would remedy, the SAC cannot withstand Defendants' Motion to Dismiss.  Indeed, Plaintiffs make no effort whatsoever to defend the SAC, focusing instead solely on the ways that the proposed TAC purportedly cures the numerous defects identified by Defendants.

Since even Plaintiffs admit that the SAC cannot survive Defendants' Motion to Dismiss, this Court should grant Defendants' motion for a stay of discovery.  Holding otherwise would reward Plaintiffs for tactically delaying their contemplated amendments until after Defendants have moved to dismiss and sought corresponding relief.  Here, in fact, Plaintiffs first informed Defendants that they wanted to amend the SAC in July, and then later confirmed more than one week before Defendants' motion to dismiss was due that Plaintiffs would not seek leave to amend.  October 20, 2020 Hibbard Decl. ¶¶ 2-3.[3]  Allowing Plaintiffs to moot the interim relief sought by Defendants—a stay of discovery—by moving for leave to amend before the Court could dismiss would legitimize Plaintiffs' abusive litigation tactics.

Even if this Court ultimately grants Plaintiffs leave to file the TAC, a stay remains warranted for two independent reasons.  First, as Defendants will explain in their forthcoming opposition to Plaintiffs' motion for leave to amend (and, if necessary, in a motion to dismiss the TAC), the TAC remains riddled with many of the fundamental legal defects already identified in the pending Motion to Dismiss.  As with the SAC, those pleading deficiencies—which include, *inter alia*, a failure to establish constitutional and statutory standing, as well as the absence of plausible, non-conclusory allegations establishing Plaintiffs' claims under RICO, the CEA, or

---

[2] Defendants intend to oppose Plaintiffs' motion for leave to amend.  Their opposition is due on October 22.

[3] Plaintiffs have compounded their gamesmanship by filing a separate, related action. *Dolgov v. HDR Global Trading Ltd., et al.*, Case No. 3:20-cv-7140 (N.D. Cal.).  Plaintiffs initially disclosed this, arguing that filing a new action would allow them to circumvent the requirement of Rule 15 that they seek leave to amend.  Further, Plaintiffs refused to include the new allegations and parties in their motion for leave to amend so that Plaintiffs would secure, in their words, the right "to amend first as a matter of right under FRCP 15(a)(1) and then will probably have another 3-4 chances to amend after hearings on the motion to dismiss," all this without regard to the additional burdens and procedural complications for the Court and Defendants.  October 20, 2020 Hibbard Decl. ¶ 7 & Exhibit 1.

California law—are dispositive of Plaintiffs' entire case. Accordingly, because Plaintiffs still "must overcome significant *legal* hurdles to survive" a motion to dismiss, a stay of discovery is warranted. *E.g.*, *Canyon Cnty v. Syngenta Seeds, Inc.*, 2005 WL 8165145, at *2, *4 (D. Id. Oct. 28, 2005) (granting defendants' motion for stay of discovery where challenge to pleading was "potentially dispositive"); *see also Bacon v. Reyes*, 2013 WL 5522263, at *3-4 (D. Nev. Oct. 3, 2013) (granting stay of discovery where, as here, plaintiff responded to motion to dismiss by amending his complaint, but "preliminary look" at defendants' motion to dismiss prior operative complaint showed that significant legal defects remained even after amendment).

Second, Plaintiffs' proposed TAC does not overcome—and only highlights—the other compelling reasons for a stay previously raised by Defendants but left unaddressed by Plaintiffs. As Defendants explained, a stay is appropriate here not only because (a) discovery now would not serve the interests of efficient resolution of this case and (b) Plaintiffs will not be prejudiced by a stay, but also because (c) the massive amounts of discovery propounded by Plaintiffs are disproportionate to the needs of the case. Further, allowing discovery to proceed during the pendency of Plaintiffs' motion for leave to amend is not only highly inefficient, it would essentially allow Plaintiffs to conduct a fishing expedition to manufacture further amendments— as demonstrated by their request, in the alternative, to continue discovery "aimed at identifying a new party named in the TAC as 'Unknown Exchange'" so that this purported new party can "file any initial [Rule 12(b)] motions . . . . at the same time as Defendants." Opp. 10-11. Indeed, given the sheer volume and nearly unlimited scope of Plaintiffs' hundreds of requests to date, Defendants are left to conclude that Plaintiffs' aim here is to use discovery to harass Defendants and to hinder the efficient resolution of this dispute in the hopes of extracting some settlement.

By failing to address any of these arguments in Defendants' motion to stay, Plaintiffs concede that a stay is appropriate for these three additional reasons. *See M.S. v. Cty. of Ventura*, No. CV1603084BRORAOX, 2017 WL 10434015, at *24 n.20 (C.D. Cal. Mar. 7, 2017) ("Failure to respond to the merits of one party's argument constitutes a concession of that argument.") (collecting cases holding the same).

## **CONCLUSION**

For the foregoing reasons, this Court should issue a protective order staying discovery until after the Court rules on Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint or, if the Court grants Plaintiffs leave to amend their complaint a third time, until such time, if any, that Plaintiffs have advanced past the pleading stage.

Dated: October 20, 2020

Respectfully submitted,

JONES DAY

By: /s/ *Stephen D. Hibbard*
      Stephen D. Hibbard

Counsel for Defendants
HDR GLOBAL TRADING LIMITED, ABS GLOBAL TRADING LIMITED, ARTHUR HAYES, BEN DELO, and SAMUEL REED

AKIN GUMP STRAUSS HAUER & FELD LLP

By: /s/ *Peter I. Altman*
      Peter I. Altman

Counsel for Defendant
ARTHUR HAYES

BOIES SCHILLER FLEXNER LLP

By: /s/ *Edward H. Takashima*
      Edward H. Takashima

Counsel for Defendant
BEN DELO

LATHAM & WATKINS, LLP

By: /s/ *Douglas K. Yatter*
      Douglas K. Yatter

Counsel for Defendant
SAMUEL REED

I, Stephen D. Hibbard, am the ECF User whose ID and password are being used to file this DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO STAY DISCOVERY.  In compliance with Civil L.R. 5-1(i)(3), I hereby attest that all signatories concur in this filing.

DATED:  October 20, 2020

*/s/ Stephen D. Hibbard*
_____
STEPHEN D. HIBBARD