# EXHIBIT 1

## (to the Declaration of Stephen D. Hibbard)

| | |
|---|---|
| **From:** | Pavel Pogodin, Ph.D., Esq. <pp@consensuslaw.io> |
| **Sent:** | Monday, October 12, 2020 8:42 AM |
| **To:** | Hibbard, Stephen D. |
| **Cc:** | Murphy, Jr., Dennis F.; Silveira, Matthew J.; McDonell, Jason; Brogan, Stephen J.; Agenbroad, Aaron L.; Reilley, Erica L.; Gordon, Harold K.; Geise, Steven N. |
| **Subject:** | Third Attempt to Meet and Confer on Incorporation of New Clients' Claims into 3:20-cv-03345-WHO BMA LLC v. HDR Global Trading Limited |

**\*\* External mail \*\***

Steve,

this is my third attempt to meet and confer on incorporation of my new clients' claims into 3:20-cv-03345-WHO BMA LLC v. HDR Global Trading Limited.

Regarding your suggestion of incorporation of new plaintiffs' claims into existing complaint, as you appreciate, with a new case filed, new plaintiff will be able to amend first as a matter of right under FRCP 15(a)(1) and then will probably have another 3-4 chances to amend after hearings on the motion to dismiss. Agreeing that "you will not argue that court should deny amendment once" is clearly not the same as having 4-5 chances to amend if the new case is filed, and will prejuduice the interests of my new client, which I cannot ethically allow.

In order not to prejudice the new clients' legal rights, we will agree to incorporation of all my new clients' claims into 3:20-cv-03345-WHO BMA LLC v. HDR Global Trading Limited, but only if the case is treated as newly filed one. This means:

1) we stipulate to all the current amendments, including adding Reeds and their shell LLCs as defendants;
2) Plaintiffs will have an opportunity to amend as of right (just like FRCP 15(a)(1)) 21 days after you file your new motion to dismiss, if any; and
3) You will refrain from arguing in the next motion to dismiss that plaintiffs had a chance to amend already.

Please let me know by 6PM today, October 12, 2020 if this is acceptable. If not, I will have not other choice, but to regretfully proceed with filing of a new action, to protect the interests of my new clients.

Best Regards,



**Pavel Pogodin, Ph.D., Esq.**
Attorney at Law\*
CONSENSUS LAW
CryptoCurrency Attorneys
t: +1 (650) 469-3750 f: +1 (650) 472-8961
e: pp@consensuslaw.io
i: www.consensuslaw.io
o: 5245 Avenida Isla Verde, Suite 302, Carolina, PR 00979
\* Admitted in California

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).