# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| BMA LLC, Yaroslav Kolchin and Vitaly Dubinin,<br><br>Plaintiffs,<br><br>v.<br><br>HDR Global Trading Limited (A.K.A. BitMEX), ABS Global Trading Limited, Arthur Hayes, Ben Delo and Samuel Reed,<br><br>Defendants. | Case No.  3:20-cv-3345-WHO<br><br>**DISCOVERY MATTER**<br><br>**JOINT STATEMENT REGARDING DISCOVERY DISPUTE RELATING TO IDENTIFICATION OF BITCOIN-TO-FIAT CURRENCY EXCHANGES USED BY DEFENDANTS AND OF MEMBERS OF ADVISORY BOARD OF HDR GROUP**<br><br>**Discovery Cutoff: None Set**<br>**Pretrial Conference Date: None Set**<br>**Trial Date: None Set** |

## MEET AND CONFER CERTIFICATION

Pursuant to JUDGE ORRICK'S STANDING ORDER FOR CIVIL CASES, the undersigned hereby certify that they have meet and conferred on the matters stated herein.

## PLAINTIFFS' STATEMENT

Plaintiff filed Complaint in this action, Dkt. No. 1, on May 16, 2020, alleging that Defendants engaged in racketeering in violation of 18 U.S.C. §§ 1962(d) and (c) ("RICO") and cryptocurrency market manipulation in violation of the Commodity Exchange Act ("CEA"), 7 U.S.C. §§ 1 et seq. On May 18, 2020, Plaintiff filed an Amended Complaint, with minor corrections of typographical errors and no substantive changes. On July 14, 2020, Plaintiffs filed Second Amended Complaint ("SAC"), Dkt. No. 32. Defendants filed Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) on September 14, 2020, Dkt. No. 42. Plaintiffs' opposition to said Motion is due on October 29, 2020. On September 28, 2020, Defendants moved to stay discovery in view of the pending Motion to Dismiss, which Plaintiffs opposed. Plaintiffs filed a Motion for Leave to File Third Amended Complaint ("TAC", Dkt. No. 45) on October 8, 2020, overcoming all of Defendants' arguments raised in their Motion to Dismiss. Dkt. No. 46.

Plaintiffs' RICO allegations against Defendants were validated when, on October 1, 2020, Defendants Hayes, Delo and Reed were indicted by the United States Department of Justice ("DOJ") on felony charges of violating the Bank Secrecy Act by willfully evading U.S. anti-money laundering ("AML") requirements, Dkt. No. 45, Ex. 4. On the same day, the Commodity Futures Trading Commission ("CFTC") announced the filing of a civil enforcement action in the U.S. District Court for the Southern District of New York charging Defendants HDR, ABS, Hayes, Delo and Reed with operating an unregistered trading platform and violating multiple CFTC Regulations, including failing to implement required AML controls, Dkt. No. 45, Ex. 5.

FBI Assistant Director William F. Sweeney Jr. said: "As we allege here today, the four defendants, through their company's BitMEX crypto-currency trading platform, willfully violated the Bank Secrecy Act by evading U.S. anti-money laundering requirements. One defendant went as far as to brag the company incorporated in a jurisdiction outside the U.S. because bribing

regulators in that jurisdiction cost just 'a coconut.' Thanks to the diligent work of our agents, analysts, and partners with the CFTC, they will soon learn the price of their alleged crimes will not be paid with tropical fruit, but rather could result in fines, restitution, and federal prison time." Defendant Reed was apprehended by the FBI in Boston, Massachusetts. Defendants Hayes and Delo remain at large and are currently fugitives wanted by the U.S. Government.

In the proposed TAC, Plaintiffs named a new party or parties Unknown Exchange, which Defendants necessarily used to launder ill-gotten profits denominated in bitcoin by converting them to U.S. dollars and other traditional currencies. Early identification of this new party is highly desirable for judicial efficiency reasons, to permit this new party to be brought into this case and to file any initial motions under Fed. R. Civ. P. 12(b) at the same time as Defendants. To this end, on or about August 22, 2020, Plaintiff Dubinin served the following interrogatory on Defendant HDR, Ex. A:

**INTERROGATORY NO. 2.**

IDENTIFY each and every cryptocurrency exchange or other similar service, which was used by HDR GROUP or any of its members for conversion of bitcoin to fiat currency for its own needs during RELEVANT PERIOD.

Defendant HDR refused to answer this interrogatory and objected to it in view of the fact that Motion to Stay was pending, Ex. B. However, information on the identity of the cryptocurrency exchange(s) used by Defendants to convert bitcoins to U.S. dollars is necessary to permit Plaintiffs to expeditiously bring this new party or parties to the lawsuit and permit it or them to file any initial motions under Fed. R. Civ. P. 12(b) at the same time as Defendants. Therefore, ordering Defendant HDR to disclose this basic information now will promote judicial efficiency and streamline the pending litigation, while imposing no burden on Defendant HDR.

Moreover, the remaining objections of Defendants HDR to this interrogatory appear to be boilerplate and utterly baseless. The information that Plaintiffs seek to discover is very simple – a complete list of exchanges and over-the-counter (OTC) desks or other similar services, which were used by HDR GROUP or any of its members for conversion of bitcoin to fiat currency for their own needs. Defendant HDR clearly knows which services it used for converting bitcoin to dollars for paying salaries to its employees, rent for its offices to the landlords and legal fees to its

attorneys. This is the meaning of "for its own needs" and there is nothing ambiguous about it at all. Moreover, there should not be more than one or two dozen of these exchanges and services and identifying all of them should not create any burden for Defendant HDR. Accordingly, all Defendant HDR's objections to this interrogatory are baseless and must be overruled and Defendant HDR must be ordered to answer this interrogatory fully and completely.

In addition, Plaintiffs are seeking to identify all 12 members of Defendant HDR advisory aboard responsible for specific <u>departments</u> within HDR Group, which Defendant Hayes referred to in his Declaration submitted to San Francisco Superior Court, Parties' CMC Statement, Dkt. No. 34, Ex. 14, ¶ 6. To this end, Plaintiffs served Request for Production 26 on September 4, 2020, Ex. C:

**REQUEST NO. 26.**

A list of all advisory board members of HDR GROUP.

Defendant HDR made similar baseless objections, Ex. D. There is absolutely nothing indefinite or unduly burdensome about 12 advisory board members that Defendant Hayes mentioned himself in his Declaration. Plaintiffs genuinely need this information as soon as possible to determine if any additional defendants located in the U.S. should be added to this action and permitted to file initial motions at the same time as named Defendants. The above two simple requests are clearly not a "fishing expedition," but very targeted and very limited requests imposing absolutely zero burden on HDR. The remaining discovery requests addressed to five different Defendants, all of which Defendants similarly stonewalled using frivolous objections[1], and which HDR now tries to use to somehow justify its baseless objections to the above two simple and targeted requests, has absolutely no relevance here. Thus, Defendant HDR should be ordered to answer the above two discovery requests.

**DEFENDANT HDR'S STATEMENT**

Plaintiffs' discovery dispute seeks to carve out issues that are set to be heard by the Court on November 10 and should be denied on that basis alone. This reflects Plaintiffs' latest

---

[1] As of this date, except for interposing objections, Defendants have not produced a single page of requested documents and have not answered a single interrogatory or a single admission request.

transparent attempt to weaponize discovery to harass Defendants. Since first filing this case in May 2020, Plaintiffs' operative complaint has been a moving target, with Plaintiffs immediately amending their complaint once as of right and then repeatedly emailing Defendants with further proposed complaint amendments. Those requests continued even after Defendants consented to the filing of a Second Amended Complaint ("SAC") in July 2020 and stipulated to a briefing schedule for Defendants' Motion to Dismiss. Indeed, after threatening and then retreating from further complaint amendments for months, Plaintiffs waited until after Defendants had filed their Motion to Dismiss to bring a motion for leave to file a proposed Third Amended Complaint ("TAC"). Plaintiffs' counsel has now also commenced a substantially similar separate lawsuit on behalf of a new plaintiff against many of the Defendants in this action rather than include those allegations in the proposed TAC.

    Notwithstanding their ever shifting sets of allegations, Plaintiffs have also served Defendants with more than 300 discovery requests. The vast majority of those requests are so facially overbroad that they amount to a blanket request for *all* of Defendant HDR's records, regardless of their relevance to Plaintiffs' claims. Indeed, the discovery served by Plaintiffs thus far is so overbroad and so disproportionate to the needs of this case that it appears Plaintiffs' discovery efforts are intended to harass Defendants with the hope of extracting some settlement.

    Defendants' pending motion for a stay of discovery until resolution of their Motion to Dismiss explains that a stay of *all* discovery—including of the two requests at issue here—is warranted because, *inter alia*, (1) Defendants are likely to prevail on their Motion to Dismiss, (2) Plaintiffs' far-reaching discovery requests would serve no purpose other than to waste both the parties' and the Court's resources, (3) neither party will suffer any prejudice from a stay, and (4) the tactics deployed by Plaintiffs in this case thus far demonstrate a concentrated effort to use discovery for an improper purpose.

    Regardless, Plaintiffs have failed to articulate any plausible reason why these two requests directed to defendant HDR must be answered now. During the Parties' meet-and-confer discussion, Plaintiffs' counsel stated that he needed to know the identity of (a) cryptocurrency

exchanges with whom Defendants interacted and (b) the 12 advisory board members of HDR so that he can decide now whether to sue those parties on money laundering related claims. But simply naming names, if ordered, provides no principled basis for Plaintiffs to name those parties as additional defendants when Plaintiffs have no basis to allege and cannot allege with particularity what specific wrongful acts any of those exchanges or advisors allegedly committed.

This latest gambit therefore demonstrates both why a stay of discovery is needed—and why no exception should be brooked—until the Court has ruled on a motion to dismiss Plaintiffs' operative complaint, whatever that may be. Plaintiffs' lone basis for opposing a stay is to argue that their proposed Third Amended Complaint ("TAC") "overcomes all Defendants' arguments" for a stay. Stay Opp. 9. That is simply false. As Defendants explained in their reply, by focusing solely on the way that they believe their proposed TAC will shore up the pleading defects identified by Defendants' Motion to Dismiss, Plaintiffs concede (a) that the current operative complaint, the SAC, will not survive the Motion to Dismiss, (b) that they will suffer no prejudice from a stay, and that their discovery requests, to date, are (c) at best wholly disproportionate to the needs of the case and (d) at worst a bad faith effort to harass the Defendants. Even if this Court ultimately grants Plaintiffs leave to file the proposed TAC, Defendants will show that the proposed TAC remains riddled with multiple fundamental defects—including the failure to plausibly allege constitutional and statutory standing, let alone *prima facie* RICO, CEA, and state law claims—that cannot survive a motion to dismiss.

Simply put, there is no basis for permitting Plaintiffs to engage in *any* discovery at this juncture, let alone to permit discovery as to the identities of advisory board members (who are not fiduciaries) and regarding non-party cryptocurrency exchanges about which Plaintiffs speculate in a proposed complaint that this Court has yet to authorize. Granting Plaintiffs' fishing expedition will only further incentivize them to continue moving the goal posts in this lawsuit so as to avoid a ruling on the merits and further harass Defendants and non-parties alike. This Court should deny Plaintiffs' instant request and, at the upcoming hearing on November 10, stay all discovery until the Court has ruled on whether Plaintiffs' operative complaint can withstand dismissal.

Dated: October 21, 2020

CONSENSUS LAW

By: /s/ Pavel I. Pogodin
     Pavel I. Pogodin

Attorneys for Plaintiffs BMA LLC, Yaroslav Kolchin and Vitaly Dubinin

JONES DAY

By: /s/ Stephen D. Hibbard
     Stephen D. Hibbard

Counsel for Defendant
HDR GLOBAL TRADING LIMITED

I, Pavel I. Pogodin, am the ECF user whose user ID and password are being used to file this JOINT STATEMENT REGARDING DISCOVERY DISPUTE RELATING TO IDENTIFICATION OF BITCOIN-TO-FIAT CURRENCY EXCHANGES USED BY DEFENDANTS AND OF MEMBERS OF ADVISORY BOARD OF HDR GROUP. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that all signatories concur in this filing.

Dated: October 21, 2020                    By: /s/ Pavel I. Pogodin
                                                Pavel I. Pogodin