Stephen D. Hibbard (State Bar No. 177865)
sdhibbard@jonesday.com
Matthew J. Silveira (State Bar No. 264250)
msilveira@jonesday.com
Dennis F. Murphy, Jr. (State Bar No. 301008)
dennismurphy@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: +1.415.626.3939
Facsimile: +1.415.875.5700

Attorneys for Defendants
HDR GLOBAL TRADING LIMITED, ABS GLOBAL TRADING LIMITED, ARTHUR HAYES, BEN DELO, and SAMUEL REED

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BMA LLC, Yaroslav Kolchin and Vitaly Dubinin,<br><br>Plaintiffs,<br><br>v.<br><br>HDR Global Trading Limited (A.K.A. BitMEX), ABS Global Trading Limited, Arthur Hayes, Ben Delo and Samuel Reed,<br><br>Defendants. | Case No. 3:20-cv-03345-WHO<br><br>**DEFENDANT HDR GLOBAL TRADING LIMITED'S RESPONSES AND OBJECTIONS TO PLAINTIFF VITALY DUBININ'S FIRST SET OF INTERROGATORIES**<br><br>Second Amended Complaint: July 14, 2020 |

PROPOUNDING PARTY: Plaintiff Vitaly Dubinin

RESPONDING PARTY: Defendant HDR Global Trading Limited

SET NUMBER: One (1)

Defendant HDR Global Trading Limited ("HDR") responds and objects to Plaintiff Vitaly Dubinin's ("plaintiff") First Set of Interrogatories ("Interrogatories") as follows:

HDR generally objects that plaintiff's Interrogatories are premature. Pursuant to Federal Rule of Civil Procedure 26(c), Defendants have filed a motion to stay discovery until the resolution of Defendants' pending motion to dismiss. Until this Court has decided the motion to stay discovery, HDR maintains that it does not have to provide responses to plaintiff's Interrogatories beyond those provided here. If the Court determines that discovery should proceed, HDR will update these responses as necessary following the entry of the Court's order.

## **PRELIMINARY STATEMENT**

1. HDR's responses are made without waiving, or intending to waive, but on the contrary, expressly reserving (a) the right to object to the admissibility of these responses by HDR; (b) the right to object to the use of these responses in any other action; and (c) the right to object on any and all proper grounds to any other discovery procedure involving or relating to the subject matter of these Interrogatories.

2. HDR responds based on its best, good faith understanding and interpretation of each item therein. Accordingly, if plaintiff subsequently asserts a different interpretation than that presently understood by HDR, HDR reserves the right to supplement or amend these responses without undertaking any obligation to do so.

3. Nothing in HDR's responses shall be construed as an admission or representation with respect to: (1) the admissibility, authenticity, accuracy, or relevance of any documentary or other evidence; (2) plaintiff's characterizations or definitions contained in the Interrogatory; or (3) the existence of any such documents or other information or, if such do exist, that they are in the possession, custody, or control of HDR.

4. HDR's responses are based upon information currently known to it. HDR will respond to the best of its current knowledge, but reserves the right to rely on any facts,

documents, or other evidence that may develop or subsequently come to its attention, to assert additional objections, and to supplement or amend these responses. HDR also reserves the right to object to further requests for disclosure of any information.

## GENERAL OBJECTIONS

HDR incorporates the following objections ("General Objections") into its specific responses and objections, whether or not each such General Objection is expressly referred to in HDR's responses to plaintiff's Interrogatories.

1. HDR objects to the extent plaintiff's Interrogatories, and including the "Definitions" and "Instructions," impose requirements or obligations beyond the scope of the Federal Rules of Civil Procedure, the Local Rules of Court for the Northern District of California, or applicable law. HDR has responded in accordance with those rules.

2. HDR objects to the extent plaintiff's Interrogatories seek information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law. HDR deems such privileged and/or otherwise protected information to be outside the scope, does not intend by these responses to waive the privileges or protections afforded such information, and will not produce information that is subject to any of the foregoing privileges or protections.

3. HDR objects on the grounds that plaintiff's Interrogatories seek information that is not relevant to the subject matter of the pending proceeding, not related to any claim or defense raised in the proceeding, not proportional to the needs of the case, not reasonably calculated to lead to admissible evidence, or that otherwise falls outside the scope of discoverable information under Federal Rules of Civil Procedure.

4. HDR objects on the grounds that plaintiff's Interrogatories seek disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR will only provide such information subject to an appropriate protective order.

1    5.    HDR objects on the grounds that plaintiff's Interrogatories are overly broad, unduly burdensome, oppressive, and/or harassing. Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, HDR objects on the grounds that the discovery sought is not relevant and proportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the importance of the discovery in resolving the issues, and because the burden or expense of the proposed discovery outweighs its likely benefit.

6.    HDR objects on the grounds, and to the extent, that plaintiff's Interrogatories are vague and ambiguous such that it is difficult for HDR to ascertain what information plaintiff is seeking.

7.    HDR objects to the extent that plaintiff's Interrogatories seek information not within its possession, custody, or control.

8.    HDR objects to the extent that plaintiff's Interrogatories seek publicly available information or information that is equally or more readily available to plaintiff from other sources without imposing the burden and expense on HDR.

9.    HDR objects on the grounds that plaintiff's Interrogatories are vague and ambiguous and call for legal conclusions or speculation.

10.   HDR objects to plaintiff's definition of "ATTORNEY" as vague, overly broad, and unduly burdensome.

11.   HDR objects to plaintiff's definitions of "ELECTRONICALLY STORED INFORMATION" and "ESI" as overly broad and unduly burdensome.

12.   HDR objects to plaintiff's definition of "RELEVANT PERIOD" as overly broad, unduly burdensome, and disproportionate to the needs of the case.

13.   HDR objects to plaintiff's definitions of the term "HDR Global Trading Limited," "HDR," "HDR GROUP," "BitMEX," "YOU," and "YOUR" as overly broad, unduly burdensome, and oppressive.

14.   HDR objects to plaintiff's definition of "LEADERBOARD ACCOUNTS" as vague and ambiguous and overly broad and unduly burdensome.

15. HDR objects to plaintiff's definition of the "BITMEX PLATFORM" to the extent it mischaracterizes the nature of the platform.

**SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES**

HDR incorporates the foregoing Preliminary Statement and General Objections into each of the specific responses and objections that follow.

**INTERROGATORY NO. 1:**

State complete and current address of each and every office of HDR GROUP throughout the world.

**RESPONSE:**

In addition to its General Objections, HDR objects to the Interrogatory on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the Interrogatory on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to plaintiff's definition of "HDR GROUP" as overly broad and unduly burdensome. HDR further objects to the extent the Interrogatory seeks information not within its possession, custody, or control. HDR further objects to this Interrogatory to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this the Interrogatory to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**INTERROGATORY NO. 2:**

IDENTIFY each and every cryptocurrency exchange or other similar service, which was used by HDR GROUP or any of its members for conversion of bitcoin to fiat currency for its own needs during RELEVANT PERIOD.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Interrogatory on the grounds

that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the Interrogatory on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects on the grounds that the phrases "similar service" and "its own needs" are vague and ambiguous. HDR further objects to plaintiff's definition of "HDR GROUP" as overly broad and unduly burdensome. HDR further objects to the extent the Interrogatory seeks information not within its possession, custody, or control. HDR further objects to plaintiff's definition of "RELEVANT PERIOD" as overly broad and unduly burdensome. HDR further objects to this Interrogatory to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this the Interrogatory to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**INTERROGATORY NO. 3:**

IDENTIFY each and every banking institution, which was used by HDR GROUP or any of its members for maintaining fiat currency deposit accounts for its own needs during RELEVANT PERIOD.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Interrogatory on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the Interrogatory on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects on the grounds that the phrases "banking institution" and "its own needs" are vague and ambiguous. HDR further objects to plaintiff's definition of "HDR GROUP" as overly broad and unduly burdensome. HDR further objects to the extent the Interrogatory seeks information not within its possession, custody, or control. HDR further

objects to plaintiff's definition of "RELEVANT PERIOD" as overly broad and unduly burdensome. HDR further objects to this Interrogatory to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this the Interrogatory to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**INTERROGATORY NO. 4:**

State any and all facts that demonstrate or tend to demonstrate that bitcoin that YOU converted to fiat currency during RELEVANT PERIOD was not obtained as a result of any illegal act.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Interrogatory on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the Interrogatory on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to the phrase "illegal act" as vague and ambiguous and stating a legal conclusion. HDR further objects on the grounds that the Interrogatory is vague and ambiguous, argumentative, and calls for legal conclusions or speculation. HDR further objects to plaintiff's definition of "YOU" as overly broad and unduly burdensome. HDR further objects to the extent the Interrogatory seeks information not within its possession, custody, or control. HDR further objects to plaintiff's definition of "RELEVANT PERIOD" as overly broad and unduly burdensome. HDR further objects to this Interrogatory to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this the Interrogatory to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any

other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**INTERROGATORY NO. 5:**

State any and all facts that demonstrate or tend to demonstrate that by converting bitcoin to fiat currency on YOUR behalf during RELEVANT PERIOD, cryptocurrency exchanges or other similar services used by YOU for this purpose, did not commit money laundering in violation of 18 U.S.C. §1956.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Interrogatory on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the Interrogatory on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects on the grounds that the phrase "similar services" is vague and ambiguous. HDR further objects to the phrase "money laundering" as vague and ambiguous and stating a legal conclusion. HDR further objects on the grounds that the Interrogatory is vague and ambiguous, argumentative, and calls for legal conclusions or speculation. HDR further objects to plaintiff's definitions of "YOU" and "YOUR" as overly broad and unduly burdensome. HDR further objects to the extent the Interrogatory seeks information not within its possession, custody, or control. HDR further objects to plaintiff's definition of "RELEVANT PERIOD" as overly broad and unduly burdensome. HDR further objects to this Interrogatory to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this the Interrogatory to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**INTERROGATORY NO. 6:**

State any and all facts that demonstrate or tend to demonstrate that by converting bitcoin

to fiat currency on YOUR behalf during RELEVANT PERIOD, cryptocurrency exchanges or other similar services used by YOU for this purpose, did not engage in monetary transactions in property derived from specified unlawful activity in violation of 18 U.S. Code §1957.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Interrogatory on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the Interrogatory on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects on the grounds that the phrase "similar services" is vague and ambiguous. HDR further objects to the phrase "specified unlawful activity" as vague and ambiguous and stating a legal conclusion. HDR further objects on the grounds that the Interrogatory is vague and ambiguous, argumentative, and calls for legal conclusions or speculation. HDR further objects to plaintiff's definitions of "YOU" and "YOUR" as overly broad and unduly burdensome. HDR further objects to the extent the Interrogatory seeks information not within its possession, custody, or control. HDR further objects to plaintiff's definition of "RELEVANT PERIOD" as overly broad and unduly burdensome. HDR further objects to this Interrogatory to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this the Interrogatory to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**INTERROGATORY NO. 7:**

State any and all facts that demonstrate or tend to demonstrate that YOUR acts of converting bitcoin to fiat currency during RELEVANT PERIOD did not constitute engaging in monetary transactions in property derived from specified unlawful activity in violation of 18 U.S. Code §1957.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Interrogatory on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the Interrogatory on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to the phrase "specified unlawful activity" as vague and ambiguous and stating a legal conclusion. HDR further objects on the grounds that the Interrogatory is vague and ambiguous, argumentative, and calls for legal conclusions or speculation. HDR further objects to plaintiff's definitions of "YOUR" as overly broad and unduly burdensome. HDR further objects to the extent the Interrogatory seeks information not within its possession, custody, or control. HDR further objects to plaintiff's definition of "RELEVANT PERIOD" as overly broad and unduly burdensome. HDR further objects to this Interrogatory to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this the Interrogatory to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**INTERROGATORY NO. 8:**

State any and all facts that demonstrate or tend to demonstrate that Exhibits 3, 4 and 5 attached hereto do not contain evidence (whether admissible or otherwise) of any illegal acts on BitMEX platform.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Interrogatory on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the Interrogatory on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs

of the case. HDR further objects to plaintiff's definition of the "BitMEX platform" to the extent it mischaracterizes the nature of the platform. HDR further objects to the phrase "illegal acts" as vague and ambiguous and stating a legal conclusion. HDR further objects on the grounds that the Interrogatory is vague, ambiguous, argumentative, and calling for legal conclusions and speculation. HDR further objects to the extent the Interrogatory seeks information not within its possession, custody, or control. HDR further objects to this Interrogatory to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this the Interrogatory to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**INTERROGATORY NO. 9:**

State any and all facts that demonstrate or tend to demonstrate that BitMEX did not mislead any court about presence of U.S. PERSONS on BitMEX platform.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Interrogatory on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the Interrogatory on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to plaintiff's definition of the "BitMEX platform" to the extent it mischaracterizes the nature of the platform. HDR further objects to the phrase "mislead" as vague and ambiguous and stating a legal conclusion. HDR further objects on the grounds that the Interrogatory is vague, ambiguous, argumentative, and calling for legal conclusions and speculation. HDR further objects to this Interrogatory to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this the Interrogatory to the extent it seeks information that is

protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**INTERROGATORY NO. 10:**

State any and all facts that demonstrate or tend to demonstrate that illegal acts did not take place on BitMEX platform during RELEVANT PERIOD.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Interrogatory on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the Interrogatory on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to plaintiff's definition of the "BitMEX platform" to the extent it mischaracterizes the nature of the platform. HDR further objects to the phrase "illegal acts" as vague and ambiguous and stating a legal conclusion. HDR further objects to plaintiff's definition of "RELEVANT PERIOD" as overly broad and unduly burdensome. HDR further objects on the grounds that the Interrogatory is vague, ambiguous, argumentative, and calling for legal conclusions and speculation. HDR further objects to the extent the Interrogatory seeks information not within its possession, custody, or control. HDR further objects to this Interrogatory to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this the Interrogatory to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**INTERROGATORY NO. 11:**

Describe, in detail, any and all actions that you took to prevent BitMEX users from first entering into derivatives positions on BitMEX and then using helper accounts on BitStamp,

Kraken or Coinbase Pro to intentionally alter or otherwise manipulate any BitMEX index price.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Interrogatory on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the Interrogatory on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to plaintiff's definition of the "BitMEX platform" to the extent it mischaracterizes the nature of the platform. HDR further objects to plaintiff's definitions of "BitMEX" and "you" as overly broad and unduly burdensome. HDR further objects to the extent the Interrogatory seeks information not within its possession, custody, or control. HDR further objects on the grounds that the Interrogatory is vague, ambiguous, argumentative, and calling for legal conclusions and speculation. HDR further objects to this Interrogatory to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this the Interrogatory to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**INTERROGATORY NO. 12:**

State any and all facts that demonstrate or tend to demonstrate that, during RELEVANT PERIOD, BitMEX users did not first enter into derivatives positions on BitMEX and then used helper accounts on BitStamp, Kraken or Coinbase Pro to intentionally alter or otherwise manipulate any BitMEX index price.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Interrogatory on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the Interrogatory on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs

of the case. HDR further objects to plaintiff's definition of the "BitMEX platform" to the extent it mischaracterizes the nature of the platform. HDR further objects to plaintiff's definition of "BitMEX" as overly broad and unduly burdensome. HDR further objects to the extent the Interrogatory seeks information not within its possession, custody, or control. HDR further objects on the grounds that the Interrogatory is vague, ambiguous, argumentative, and calling for legal conclusions and speculation. HDR further objects to plaintiff's definition of "RELEVANT PERIOD" as overly broad and unduly burdensome. HDR further objects to this Interrogatory to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this the Interrogatory to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law..

**INTERROGATORY NO. 13:**

Describe, in detail, any and all investigations by YOU into allegations of BitMEX users first entering into derivatives positions on BitMEX and then using helper accounts on BitStamp, Kraken or Coinbase Pro to intentionally alter or otherwise manipulate any BitMEX index price.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Interrogatory on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the Interrogatory on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to plaintiff's definitions of "BitMEX" and "YOU" as overly broad and unduly burdensome. HDR further objects to the extent the Interrogatory seeks information not within its possession, custody, or control. HDR further objects on the grounds that the Interrogatory is vague, ambiguous, argumentative, and calling for legal conclusions and speculation. HDR further objects to this Interrogatory to the extent it seeks disclosure of non-

14         CASE NO. 3:20-cv-03345-WHO
HDR'S RESPONSES TO PLTF DUBININ'S INTERROGATORIES, SET ONE 

public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this the Interrogatory to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**INTERROGATORY NO. 14:**

IDENTIFY a PERSON who placed at least 22 separate $2M orders on BitMEX on July 27, 2020, as shown in Exhibit 4.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Interrogatory on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the Interrogatory on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to plaintiff's definition of "BitMEX" as overly broad and unduly burdensome. HDR further objects to the extent the Interrogatory seeks information not within its possession, custody, or control. HDR further objects to this Interrogatory to the extent it seeks information that is protected from disclosure by the right to privacy. HDR further objects to this Interrogatory to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this the Interrogatory to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**INTERROGATORY NO. 15:**

IDENTIFY, with specificity, each PERSON who traded on or accessed BITMEX PLATFORM using each LEADERBOARD ACCOUNT.

1 | **RESPONSE:**

2 | In addition to its General Objections, HDR objects to this Interrogatory on the grounds
3 | that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the
4 | Interrogatory on the grounds that it seeks information that is not relevant to the subject matter of
5 | the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs
6 | of the case. HDR further objects to plaintiff's definition of the "BitMEX PLATFORM" to the
7 | extent it mischaracterizes the nature of the platform. HDR further objects to plaintiff's definition
8 | of "LEADERBOARD ACCOUNTS" as vague and ambiguous and overly broad and unduly
9 | burdensome. HDR further objects to the extent the Interrogatory seeks information not within its
10 | possession, custody, or control. HDR further objects to this Interrogatory to the extent it seeks
11 | information that is protected from disclosure by the right to privacy. HDR further objects to this
12 | Interrogatory to the extent it seeks disclosure of non-public, confidential, proprietary, or
13 | otherwise confidential and commercially-sensitive documents or information protected by the
14 | right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to
15 | this the Interrogatory to the extent it seeks information that is protected from disclosure by the
16 | attorney-client privilege, the work product doctrine, and/or any other privilege, protection,
17 | exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal
18 | procedural rules, or relevant case law.

Dated: October 5, 2020                 JONES DAY

By: */s/ Stephen D. Hibbard*
      Stephen D. Hibbard

Attorneys for Defendants
HDR GLOBAL TRADING LIMITED, ABS GLOBAL TRADING LIMITED, ARTHUR HAYES, BEN DELO, and SAMUEL REED