Pavel I. Pogodin, Ph.D., Esq. (SBN 206441)
CONSENSUS LAW
5245 Av. Isla Verde
Suite 302
Carolina, PR 00979
United States of America
Telephone: (650) 469-3750
Facsimile: (650) 472-8961
Email: pp@consensuslaw.io

Attorneys for Plaintiffs BMA LLC, Yaroslav Kolchin and Vitaly Dubinin

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BMA LLC, Yaroslav Kolchin and Vitaly Dubinin,<br><br>Plaintiffs,<br><br>v.<br><br>HDR Global Trading Limited (A.K.A. BitMEX), ABS Global Trading Limited, Arthur Hayes, Ben Delo and Samuel Reed,<br><br>Defendants. | Case No. 3:20-cv-03345-WHO<br><br>**PLAINTIFF'S YAROSLAV KOLCHIN CORRECTED FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT HDR GLOBAL TRADING LIMITED (NOs. 1-90)** |

PROPOUNDING PARTY: Plaintiff Yaroslav Kolchin ("KOLCHIN" or "PLAINTIFF KOLCHIN")

RESPONDING PARTY: Defendant HDR Global Trading Limited (A.K.A. BitMEX)

SET: ONE (1)

In accordance with Rule 34 of the Federal Rules of Civil Procedure and applicable Local Rules of the United States District Court for the Northern District of California, Plaintiff Yaroslav Kolchin asks Defendant HDR Global Trading Limited to provide a verified response and produce the documents requested herein within 30 days of service, in accordance with the following Instructions and Definitions. As stated in the Instructions below, all trade and order data mush be produced in text/XML data format in accordance with data field definitions posted on BitMEX API explorer web page: https://www.bitmex.com/api/explorer/, which specifies response data formats for various BitMEX API trade data queries, including queries for: Pricing Data; Trade Data; OrderBook Data; Settlement Data and Exchange Statistics. The trade and order data requested in the below Requests for Production shall be produced in electronic formats consistent with data formats specified in that web page and in text/XML form. Information sufficient to identify the corresponding trader account or accounts shall be provided for all trades and fully or partially executed or unexecuted orders. The responsive RECORDS shall be produced in the same electronic data format as posted on the above web page and contain the unique identification of the corresponding trader account(s). Records of trades or orders for LEADERBOARD ACCOUNTS shall be produced in separate files or separate directories for each such LEADERBOARD ACCOUNT. Other electronically stored information must be produced electronically in a native file format, or as otherwise specified in the STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION of the Northern District of California negotiated and entered into by the Parties.

**INSTRUCTIONS**

A. Duplicate copies of documents that are responsive to more than one request need not be produced more than once provided that the specific are designated as responsive to each such request.

B. Whenever appropriate, the singular form of a word shall be interpreted in the plural or vice versa; verb tenses shall be interpreted to include past, present, and future tenses, the

terms "and" as well as "or" shall be construed either conjunctively or disjunctively, as necessary, to bring within the: scope of these requests any documents that might otherwise be considered outside their purview; and words imparting the masculine include the feminine and vice versa.

C.     The documents requested herein specifically include, but are not limited to, those documents in your possession, custody or control, or the possession, custody or control of your agents, representatives, attorneys, accountants, auditors, affiliates, advisers, consultants, and any other person or entity acting, or who has acted, on your behalf.

D.     If any of the documents requested below are claimed to be privileged or are otherwise withheld, set forth with respect to each such document facts of sufficient specificity to permit the Court to make a full determination as to whether the claim of privilege is valid, including:

(1)     the author of the document(s);

(2)     the addressee, if any, and those persons, if any, specified in the document(s) to receive a copy thereof;

(3)     the type of document(s) (e.g., memorandum, letter);

(4)     in summary, the nature and subject matter thereof.

E.     Each itemized request that follows is to be construed independently and not limited by reference to any other itemized request.

F.     Except when stated otherwise expressly, each itemized request calls for all documents described, regardless of the time or date prepared.

G.     Web page https://www.bitmex.com/api/explorer/ specifies response data formats for various BitMEX API trade data queries, including queries for: Pricing Data; Trade Data; OrderBook Data; Settlement Data and Exchange Statistics.  The trade and order data requested in the below Requests for Production shall be produced in electronic formats consistent with data formats specified in that web page and preferably in text/XML format.  Information sufficient to identify the corresponding trader account or accounts shall be provided for all trades and executed or unexecuted orders.  For example, trade data format in response to GET /trade BitMEX API call

is the following:

```
<?xml version="1.0"?>
<Inline Model>
  <timestamp>1970-01-01T00:00:00.001Z</timestamp>
  <symbol>string</symbol>
  <side>string</side>
  <size>1.1</size>
  <price>1.1</price>
  <tickDirection>string</tickDirection>
  <trdMatchID>string</trdMatchID>
  <grossValue>1.1</grossValue>
  <homeNotional>1.1</homeNotional>
  <foreignNotional>1.1</foreignNotional>
</Inline Model>
```

The responsive RECORDS shall be produced in the same electronic data format and contain the identification of the corresponding trader account(s) as specified in the above web page.

H. Records of trades or orders for LEADERBOARD ACCOUNTS shall be produced in separate files or separate directories for each such LEADERBOARD ACCOUNT.

I. ESI other than trade or order data must be produced electronically in native file format, or as otherwise specified in the STIPULATION AND ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION entered in this action.

## DEFINITIONS

1. The terms “or” and “and” shall be understood to include each other and “and” whenever necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed as outside its scope. The terms “all”, “every”, “any”, and “each” shall include one another whenever necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed as outside its scope.

2. The term “ATTORNEY” includes attorneys (both in-house and outside counsel), paralegals, and their secretaries and other support staff whenever necessary to bring within the

scope of the Interrogatory all responses that might otherwise be construed as outside its scope.

3.  The terms "COMMUNICATION", "COMMUNICATED", and "COMMUNICATIONS" shall mean, in addition to their customary and usual meanings, any transmission of letters, numbers, images, symbols, data, or other information by any means, including any oral, written, or electronic means.

4.  The term "RECORD" or "DOCUMENT" (used interchangeably) is defined broadly to encompass the full scope of the term as contemplated by Rule 34 of the Federal Rules of Civil Procedure and to encompass the full scope of the terms "writings" and "recordings" as defined by Rule 1001 of the Federal Rules of Evidence, and shall include any original (or a copy when an original is not available), each non-identical copy thereof (including those which are non-identical by reason of notations or markings), and any other written, printed, typed, punched, taped, graphic matter, or recorded or tangible thing, of whatever description, however produced or reproduced, and shall include all attachments to and enclosures with any requested item, and each draft thereof.  The term "document" shall include, but not be limited to, order records, settlement records, pricing records, statistical records, trading records, account registration records, funds transfer records, cryptocurrency transfer records, emails, chats, correspondence, telegrams, memoranda, communications, minutes or records of meetings and conferences, lists of persons attending meetings or conferences, summaries, records of conversations, drafts, notes, notebooks, logs, invention records and disclosures, translations, drawings, graphs, charts, photographs, sound recordings, images, data compilations, computer records or printouts, specifications, reports, opinions, summaries, agreements, forecasts, plan drawings, mask works, engineering drawings, expressions or statements of policy, consultations, brochures, pamphlets, advertisements, publications, circulars, trade letters, press releases, and drafts of any of the foregoing, whether printed, recorded, written by hand, or stored in some tangible medium of expression from which the information can  be retrieved, perceived, or understood.  Document shall also include ESI.

5.  The term "ELECTRONICALLY STORED INFORMATION" or "ESI" is defined

broadly to encompass the full scope of the term as contemplated by Rule 34 of the Federal Rules of Civil Procedure, and refers to all computer or electronically stored or generated data and information, and shall include, but not be limited to, all attachments to and enclosures with any requested item, and all drafts thereof. Electronically stored information includes information stored in any format and on any storage media, including hard disks, floppy disks, optical disks, flash memory devices, and magnetic tape, whether fixed, portable, or removable. Electronically stored information includes, but is not limited to, spreadsheets, database records, data files, XML files, word-processing documents, electronic spreadsheets, electronic presentation documents, email messages, image files, sound files, and material or information stored in a database or accessible from a database. Electronically stored information also includes all associated metadata that is maintained or saved, which includes, but is not limited to, document title or name, file name, data and time of creation, data and time of last edit, identify of author, identify of owner, identities of editors, identities of recipients, changes, history of changes, email header information, history of who viewed an email and when, and email routing information. Electronically stored information further includes, but is not limited to, correspondence, telegrams, memoranda, communications, minutes or records of meetings and conferences, lists of persons attending meetings or conferences, summaries, records of conversations, drafts, notes, notebooks, logs, invention records and disclosures, translations, drawings, graphs, charts, photographs, sound recordings, images, data compilations, computer records or printouts, specifications, reports, opinions, summaries, agreements, forecasts, plan drawings, mask works, engineering drawings, expressions or statements of policy, consultations, brochures, pamphlets, advertisements, publications, circulars, trade letters, press releases, and drafts of any of the foregoing.

6.      The term "IDENTIFY" or "IDENTIFYING" shall mean: (a) when referring to documents or electronically stored information, to state the author(s) or maker(s) of the document or electronically stored information, the date of the document or electronically stored information, the type of document or electronically stored information (e.g., whether it is a letter, a

memorandum, a photograph, etc.), the general subject matter(s) of the document or electronically stored information, the person to whom the original document or electronically stored information was addressed, and all copy recipients, and the document's or electronically stored information's last known location and custodian; if the document or electronically stored information was, but is no longer in your possession or custody or subject to your control, identify the person who decided upon the disposition and state what disposition was made of it; (b) when referring to a person, to state the person's full name, present or last known title or business description, present or last known employer or name of business, present or last known business address and telephone number, present or last known email address and phone number, and present or last known residence address and telephone number; once a person has been identified in accordance with this subparagraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of that person; (c) when referring to an organization or entity, to state the organization's or entity's full name and present or last known address, and to fully describe the business or activity in which the organization or entity is engaged; (d) when referring to things, to state the product number, model number, serial number, type number, or other designation customarily used by you or others in the trade to designate such thing and to distinguish it from others made by the same or a different producer; and (e) when referring to a place or location, to state the complete physical and mailing address and telephone number.

7.      The term "INCLUDING" shall mean including but not limited to.

8.      The term "MATERIALS" shall mean any document, electronically stored information, or thing as these terms are defined herein.

9.       The term "HDR Global Trading Limited", "HDR", "DEFENDANT HDR", "HDR GROUP", "BitMEX", "YOU", and "YOUR" shall mean, without limitation, Defendant HDR Global Trading Limited, 100x Group, and any and all predecessors, affiliated entities, parents, subsidiaries, sister companies, alter egos, principals, owners, partners, employees, attorneys, agents, representatives, consultants, or others acting or purporting to act on behalf of HDR Global Trading Limited.

10.    The term "PERSON" shall mean any natural person, entity, agency, association, firm, individual, joint venture, partnership, trust, corporation, proprietorship, governmental body, or organization.

11.    The terms "RELATE", "RELATING", "REFER", "REFERRING", "CONCERNING", "CONCERN", "CONSISTING OF", and "REFLECTING" shall be construed in the broadest sense to include, in addition to their customary and usual meanings, computing, containing, discussing, describing, embodying, evidencing, including, indicating, mentioning, pertaining, showing, or constituting in whole or in part.

12.    The term "STATEMENT" shall mean (a) oral or written verbal expression or (b) nonverbal conduct of a person intended by the person as a substitute for oral or written expression.

13.    The term "MANIPULATION TIMES" mean the aggregate of the following time periods:

a.    7AM UTC on November 14, 2018 to 12AM UTC on November 15, 2018;

b.    12AM UTC on November 19, 2018 to 9AM UTC on November 20, 2018;

c.    4PM UTC on November 24, 2018 to 11PM UTC on November 25, 2018;

d.    4AM UTC on January 10, 2019 to 8PM UTC on January 10, 2020;

e.    12AM UTC on April 2, 2019 to 12PM UTC on April 2, 2019;

f.    2AM UTC on May 17, 2019 to 4AM UTC on May 17, 2019;

g.    7PM UTC on June 26, 2019 to 12AM UTC on June 27, 2019;

h.    4AM UTC on July 14, 2019 to 12AM UTC on July 15, 2019;

i.    4AM UTC on March 12, 2020 to 4AM UTC on March 13, 2020.

j.    9PM UTC on July 27, 2020 to 2AM UTC on July 28, 2020; and

k.    12AM UTC on August 2, 2020 to 6AM UTC on August 2, 2020.

14.    The term "LEADERBOARD ACCOUNTS" mean all trader accounts currently or

formerly listed on BitMEX Leaderboard web page (https://www.bitmex.com/app/leaderboard) under the following trader names:

a. Rainbow-Narrow-Rider;

b. Mercury-Wood-Sprite;

c. Quick-Grove-Mind;

d. Heavy-Autumn-Wolf;

e. Silent-Plume-Otter;

f. coincidentcapitalltd;

g. Skitter-Peridot-Raven;

h. Honeysuckle-South-Rib;

i. CSW is a fraud;

j. Tree-Surf-Dragon;

k. Roger-LeotankCapital;

l. Jade-Platinum-Legs;

m. Circle_Trade;

n. Winter-Pink-Fang;

o. daniel3;

p. Cream-White-Ox;

q. Disco-Solar-Fang;

r. Roger_LeotankCapital;

s. aoa;

t. Ebony-Fair-Bat;

u. Quill-Rift-Hoof;

v. xorq;

CONSENSUS LAW CRYPTOCURRENCY ATTORNEYS

YAROSLAV KOLCHIN RFPS TO HDR, SET 1 (NOS. 1-90) - 9 - BMA LLC ET AL. V. HDR ET AL. CASE NO. 3:20-CV-3345-WHO

w.    Brown-Peat-Myth;

x.    Jelly-Mint-Flier;

y.    Wheat-Storm-Speaker;

z.    Leaf-Long-Goat;

aa.   Silent-Hurricane-Guardian;

bb.   Paper-Feather-Stallion;

cc.   Sage-Tabby-Raver;

dd.   Leather-Metal-Razor;

ee.   Tree-Surf-Dragon;

ff.   Cedar-Spice-Fisher;

gg.   Big-Rift-Sting;

hh.   Linen;

ii.   Wave-Apple-Puma;

jj.   angelobtc;

kk.   AK is fraud;

ll.   Green-Sky-Whip;

mm.   Brave-Bramble-Skull; and

nn.   Denim-Sun-Speaker.

15.    The term "United States PERSON" mean a PERSON that is domiciled, located, incorporated or otherwise established in, or a citizen or resident, including, without limitation, a legal permanent resident, of the United States of America.

16.    The term  "BITMEX PLATFORM" means an online digital asset trading platform called BitMEX.

17.    Unless otherwise stated herein, ALL DOCUMENTS requested are for the period

commencing on January 1, 2017 and continuing up to and including the present date ("RELEVANT PERIOD").

**REQUESTS FOR PRODUCTION**

**REQUEST NO. 1.**

Document retention and destruction policy of DEFENDANT HDR.

**REQUEST NO. 2.**

List of all names, addreesses and email addresses of all users of BITMEX PLATFORM.

**REQUEST NO. 3.**

List of all names, addreesses and email addresses of all users of BITMEX PLATFORM whose account on BITMEX PLATFORM was closed or otherwise restricted.

**REQUEST NO. 4.**

List of all names, addreesses and email addresses of all users of BITMEX PLATFORM whose account on BITMEX PLATFORM was closed or otherwise restricted due to being a suspected United States resident or citizen.

**REQUEST NO. 5.**

Any and all COMMUNICATIONS with any and all users of BITMEX PLATFORM whose account on BITMEX PLATFORM was closed or otherwise restricted due to being a suspected United States resident or citizen.

**REQUEST NO. 6.**

Any and all capitalization tables of DEFENDANT HDR.

**REQUEST NO. 7.**

Any and all stock transfer ledgers of DEFENDANT HDR.

**REQUEST NO. 8.**

Any and all stock certificates of DEFENDANT HDR.

**REQUEST NO. 9.**

Any and all corporate minute books of DEFENDANT HDR.

**REQUEST NO. 10.**

A list of all directors of DEFENDANT HDR.

**REQUEST NO. 11.**

Any and all minutes of all meetings of directors of DEFENDANT HDR.

**REQUEST NO. 12.**

Any and all written consents of directors of DEFENDANT HDR.

**REQUEST NO. 13.**

A list of all shareholders of DEFENDANT HDR.

**REQUEST NO. 14.**

Any and all resolutions of shareholders of DEFENDANT HDR.

**REQUEST NO. 15.**

Any and all written consents of shareholders of DEFENDANT HDR.

**REQUEST NO. 16.**

List of all officers of DEFENDANT HDR.

**REQUEST NO. 17.**

Any and all minutes of all meetings of officers of DEFENDANT HDR.

**REQUEST NO. 18.**

Any and all written consents of officers of DEFENDANT HDR.

**REQUEST NO. 19.**

List of all affiliates of DEFENDANT HDR.

**REQUEST NO. 20.**

CONSENSUS LAW
CRYPTOCURRENCY ATTORNEYS

YAROSLAV KOLCHIN RFPS TO HDR, SET 1 (NOS. 1-90) - 12 - BMA LLC ET AL. V. HDR ET AL. CASE NO. 3:20-CV-3345-WHO

List of all members of HDR GROUP.

**REQUEST NO. 21.**

List of all offices of HDR GROUP.

**REQUEST NO. 22.**

Any and all organizational charts of DEFENDANT HDR.

**REQUEST NO. 23.**

Any and all organizational charts of all members of HDR GROUP.

**REQUEST NO. 24.**

Any and all filings of DEFENDANT HDR with Government of Seychelles.

**REQUEST NO. 25.**

Any and all minutes of all meetings of advisory board of HDR GROUP.

**REQUEST NO. 26.**

A list of all advisory board members of HDR GROUP.

**REQUEST NO. 27.**

Any and all agreements between YOU and advisory board members of HDR GROUP.

**REQUEST NO. 28.**

Any and all agreements between DEFENDANT HDR and its affiliates.

**REQUEST NO. 29.**

Any and all agreements between DEFENDANT HDR and ABS Global Trading Limited.

**REQUEST NO. 30.**

Any and all records of money transfers between DEFENDANT HDR and ABS Global Trading Limited.

**REQUEST NO. 31.**

Any and all employment agreements of Arthur Hayes.

**REQUEST NO. 32.**

Any and all employment agreements of Ben Delo.

**REQUEST NO. 33.**

Any and all employment agreements of Samuel Reed.

**REQUEST NO. 34.**

Any and all employment agreements of Nick Andrianov.

**REQUEST NO. 35.**

Any and all DOCUMENTS RELATING TO BITMEX PLATFORM user account associated with affiliate code BlQzsA.

**REQUEST NO. 36.**

Records of any and all trades RELATING TO BITMEX PLATFORM user account associated with affiliate code BlQzsA.

**REQUEST NO. 37.**

Records of any and all cryptocurrency transfers RELATING TO BITMEX PLATFORM user account associated with affiliate code BlQzsA.

**REQUEST NO. 38.**

Any and all DOCUMENTS RELATING TO BITMEX PLATFORM user account associated with email address anthony@fund3.co.

**REQUEST NO. 39.**

Records of any and all trades RELATING TO BITMEX PLATFORM user account associated with email address anthony@fund3.co.

**REQUEST NO. 40.**

Records of any and all cryptocurrency transfers RELATING TO BITMEX PLATFORM user account associated with email address anthony@fund3.co.

**REQUEST NO. 41.**

Any and all DOCUMENTS RELATING TO BITMEX PLATFORM user account associated with email address calvin@fund3.co.

**REQUEST NO. 42.**

Records of any and all trades RELATING TO BITMEX PLATFORM user account associated with email address calvin@fund3.co.

**REQUEST NO. 43.**

Records of any and all cryptocurrency transfers RELATING TO BITMEX PLATFORM user account associated with email address calvin@fund3.co.

**REQUEST NO. 44.**

Any and all DOCUMENTS RELATING TO BITMEX PLATFORM user account associated with email address mround@usc.edu.

**REQUEST NO. 45.**

Records of any and all trades RELATING TO BITMEX PLATFORM user account associated with email address mround@usc.edu.

**REQUEST NO. 46.**

Records of any and all cryptocurrency transfers RELATING TO BITMEX PLATFORM user account associated with email address mround@usc.edu.

**REQUEST NO. 47.**

Any and all DOCUMENTS RELATING TO BITMEX PLATFORM user account associated with email address crimann17@cmc.edu.

**REQUEST NO. 48.**

Records of any and all trades RELATING TO BITMEX PLATFORM user account associated with email address crimann17@cmc.edu.

**REQUEST NO. 49.**

Records of any and all cryptocurrency transfers RELATING TO BITMEX PLATFORM user account associated with email address crimann17@cmc.edu.

**REQUEST NO. 50.**

Any and all DOCUMENTS RELATING TO BITMEX PLATFORM user account associated with a trader named Galois Capital.

**REQUEST NO. 51.**

Records of any and all trades RELATING TO BITMEX PLATFORM user account associated with a trader named Galois Capital.

**REQUEST NO. 52.**

Records of any and all cryptocurrency transfers relating to BITMEX PLATFORM user account associated with a trader named Galois Capital.

**REQUEST NO. 53.**

Any and all DOCUMENTS RELATING TO BITMEX PLATFORM user account associated with a trader named FalconX.

**REQUEST NO. 54.**

Records of any and all trades RELATING TO BITMEX PLATFORM user account associated with a trader named FalconX.

**REQUEST NO. 55.**

Records of any and all cryptocurrency transfers RELATING TO BITMEX PLATFORM user account associated with a trader named FalconX.

**REQUEST NO. 56.**

Any and all DOCUMENTS RELATING TO PLAINTIFFS.

**REQUEST NO. 57.**

CONSENSUS LAW
CRYPTOCURRENCY
ATTORNEYS

YAROSLAV KOLCHIN RFPS TO HDR, SET 1 (NOS. 1-90) - 16 - BMA LLC ET AL. V. HDR ET AL. CASE NO. 3:20-CV-3345-WHO

Any and all DOCUMENTS RELATING TO an alleged distributed denial of service (DDoS) attack on or about March 13, 2020.

**REQUEST NO. 58.**

Any and all DOCUMENTS RELATING TO a service interruption of BITMEX PLATFORM on or about March 13, 2020.

**REQUEST NO. 59.**

Any and all DOCUMENTS RELATING TO market event on May 17, 2019.

**REQUEST NO. 60.**

Any and all DOCUMENTS RELATING TO market event on June 26, 2019.

**REQUEST NO. 61.**

Any and all DOCUMENTS RELATING market event on July 15, 2019.

**REQUEST NO. 62.**

Any and all DOCUMENTS RELATING TO market event on March 13, 2020.

**REQUEST NO. 63.**

Any and all DOCUMENTS RELATING TO orders placed by BITMEX PLATFORM's internal trading desk during MANIPULATION TIMES.

**REQUEST NO. 64.**

Any and all DOCUMENTS RELATING TO all executed orders placed by BITMEX PLATFORM's internal trading desk during MANIPULATION TIMES.

**REQUEST NO. 65.**

Any and all DOCUMENTS RELATING TO all unexecuted orders placed by BITMEX PLATFORM's internal trading desk during MANIPULATION TIMES.

**REQUEST NO. 66.**

Any and all DOCUMENTS RELATING TO all calcelled orders placed by BITMEX

PLATFORM's internal trading desk during MANIPULATION TIMES.

**REQUEST NO. 67.**

Employment agreement of Nick Andrianov.

**REQUEST NO. 68.**

Any and all DOCUMENTS RELATING TO YOUR payments to Nick Andrianov.

**REQUEST NO. 69.**

Any and all DOCUMENTS RELATING TO all executed orders on BITMEX

PLATFORM during MANIPULATION TIMES.

**REQUEST NO. 70.**

Any and all DOCUMENTS RELATING TO all unexecuted orders on BITMEX

PLATFORM during MANIPULATION TIMES.

**REQUEST NO. 71.**

Any and all DOCUMENTS RELATING TO all calcelled orders on BITMEX

PLATFORM during MANIPULATION TIMES.

**REQUEST NO. 72.**

Any and all time and sales records on BITMEX platform during MANIPULATION

TIMES.

**REQUEST NO. 73.**

Any and all agreements between YOU and market makers operating on BITMEX

PLATFORM.

**REQUEST NO. 74.**

Any and all DOCUMENTS RELATING TO payments to market makers operating on

BITMEX PLATFORM.

**REQUEST NO. 75.**

Any and all DOCUMENTS RELATING TO market makers on BITMEX PLATFORM.

**REQUEST NO. 76.**

Any and all audited financial reports of all members of HDR GROUP for 2017, 2018 and 2019.

**REQUEST NO. 77.**

Any and all un-audited financial reports of all members of HDR GROUP for 2017, 2018 and 2019.

**REQUEST NO. 78.**

Any and all financial reports of all members of HDR GROUP for 2017, 2018 and 2019 showing accounting treatment of insurance fund of BITMEX PLATFORM.

**REQUEST NO. 79.**

Any and all DOCUMENTS RELATING TO YOUR efforts to prevent market manipulation on BITMEX PLATFORM.

**REQUEST NO. 80.**

Any and all DOCUMENTS RELATING TO YOUR efforts to prevent spoofing on BITMEX PLATFORM.

**REQUEST NO. 81.**

Any and all DOCUMENTS RELATING TO YOUR investigation into possible market manipulation on BITMEX PLATFORM.

**REQUEST NO. 82.**

Any and all DOCUMENTS RELATING TO YOUR investigation into possible spoofing on BITMEX PLATFORM.

**REQUEST NO. 83.**

A list of email addresses of any and all users of BITMEX PLATFORM.

CONSENSUS LAW
CRYPTOCURRENCY
ATTORNEYS

YAROSLAV KOLCHIN RFPs TO HDR, SET 1 (NOs. 1-90) - 19 - BMA LLC ET AL. V. HDR ET AL. CASE NO. 3:20-CV-3345-WHO

**REQUEST NO. 84.**

Any and all DOCUMENTS RELATED TO subsidiaries of HDR GROUP.

**REQUEST NO. 85.**

Any and all DOCUMENTS RELATED TO subsidiaries of 100x GROUP.

**REQUEST NO. 86.**

Any and all DOCUMENTS RELATED TO any and all sister companies of ABS Global Trading Limited.

**REQUEST NO. 87.**

Any and all DOCUMENTS RELATED TO corporate structure of HDR GROUP.

**REQUEST NO. 88.**

Any and all DOCUMENTS RELATED TO corporate structure of 100x GROUP.

**REQUEST NO. 89.**

Any and all DOCUMENTS RELATED TO each of the users of BITMEX PLATFORM.

**REQUEST NO. 90.**

Any and all DOCUMENTS RELATED TO email addresses of any and all users of BITMEX PLATFORM.

Dated: September 4, 2020

CONSENSUS LAW

By: ______________________
Pavel Pogodin, Esq.

Counsel for Plaintiffs
BMA LLC, Yaroslav Kolchin and
Vitaly Dubinin