1  Stephen D. Hibbard (State Bar No. 177865)
   sdhibbard@jonesday.com
2  Matthew J. Silveira (State Bar No. 264250)
   msilveira@jonesday.com
3  Dennis F. Murphy, Jr. (State Bar No. 301008)
   dennismurphy@jonesday.com
4  JONES DAY
   555 California Street, 26th Floor
5  San Francisco, CA 94104
   Telephone: +1.415.626.3939
6  Facsimile: +1.415.875.5700

7  Attorneys for Defendants
   HDR GLOBAL TRADING LIMITED, ABS
8  GLOBAL TRADING LIMITED, ARTHUR
   HAYES, BEN DELO, and SAMUEL REED

9

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BMA LLC, Yaroslav Kolchin and Vitaly Dubinin,<br><br>Plaintiffs,<br><br>v.<br><br>HDR Global Trading Limited (A.K.A. BitMEX), ABS Global Trading Limited, Arthur Hayes, Ben Delo and Samuel Reed,<br><br>Defendants. | Case No. 3:20-cv-03345-WHO<br><br>**DEFENDANT HDR GLOBAL TRADING LIMITED'S RESPONSES AND OBJECTIONS TO PLAINTIFF YAROSLAV KOLCHIN'S CORRECTED FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>Second Amended Complaint: July 14, 2020 |

PROPOUNDING PARTY: Plaintiff Yaroslav Kolchin

RESPONDING PARTY: Defendant HDR Global Trading Limited

SET NUMBER: One (1)

Defendant HDR Global Trading Limited ("HDR") responds and objects to Plaintiff Yaroslav Kolchin's ("plaintiff") Corrected First Set of Requests for Production of Documents ("Requests") as follows:

HDR generally objects that plaintiff's Requests for Production are premature. Pursuant to Federal Rule of Civil Procedure 26(c), Defendants have filed a motion to stay discovery until the resolution of Defendants' pending motion to dismiss. Until this Court has decided the motion to stay discovery, HDR maintains that it does not have to provide responses to plaintiff's Requests for Production beyond those provided here. If the Court determines that discovery should proceed, HDR will update these responses as necessary following the entry of the Court's order.

## **PRELIMINARY STATEMENT**

1.     HDR's responses are made without waiving, or intending to waive, but on the contrary, expressly reserving (a) the right to object to the admissibility of these responses by HDR; (b) the right to object to the use of these responses in any other action; and (c) the right to object on any and all proper grounds to any other discovery procedure involving or relating to the subject matter of these Requests.

2.     HDR responds based on its best, good faith understanding and interpretation of each item therein. Accordingly, if plaintiff subsequently asserts a different interpretation than that presently understood by HDR, HDR reserves the right to supplement or amend these responses without undertaking any obligation to do so.

3.     Nothing in HDR's responses shall be construed as an admission or representation with respect to: (1) the admissibility, authenticity, accuracy, or relevance of any documentary or other evidence; (2) plaintiff's characterizations or definitions contained in the Requests; or (3) the existence of any such documents or other information or, if such do exist, that they are in the possession, custody, or control of HDR.

4.      HDR's responses are based upon information currently known to it.  HDR will respond to the best of its current knowledge, but reserves the right to rely on any facts, documents, or other evidence that may develop or subsequently come to its attention, to assert additional objections, and to supplement or amend these responses.  HDR also reserves the right to object to further requests for disclosure of any information.

## GENERAL OBJECTIONS

HDR incorporates the following objections ("General Objections") into its specific responses and objections, whether or not each such General Objection is expressly referred to in HDR's responses to plaintiff's Requests.

1.      HDR objects to the extent plaintiff's Requests, and including the "Definitions" and "Instructions," impose requirements or obligations beyond the scope of the Federal Rules of Civil Procedure, the Local Rules of Court for the Northern District of California, or applicable law.  HDR has responded in accordance with those rules.

2.      HDR objects to the extent plaintiff's Requests seek documents or information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.  HDR deems such privileged and/or otherwise protected information to be outside the scope, does not intend by these responses to waive the privileges or protections afforded such information, and will not produce documents or information that are subject to any of the foregoing privileges or protections.

3.      HDR objects on the grounds that plaintiff's Requests seek information that is not relevant to the subject matter of the pending proceeding, not related to any claim or defense raised in the proceeding, not proportional to the needs of the case, not reasonably calculated to lead to admissible evidence, or that otherwise falls outside the scope of discoverable information under Federal Rules of Civil Procedure.

4.      HDR objects on the grounds that plaintiff's Requests seek disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents

or information protected by the right to privacy, trade secret privilege, or any other applicable protection.  HDR will only provide such information subject to an appropriate protective order.

5.     HDR objects on the grounds that plaintiff's Requests are overly broad, unduly burdensome, oppressive, and/or harassing. Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, HDR objects on the grounds that the discovery sought is not relevant and proportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the importance of the discovery in resolving the issues, and because the burden or expense of the proposed discovery outweighs its likely benefit.

6.     HDR objects on the grounds, and to the extent, that plaintiff's Requests are vague and ambiguous such that it is difficult for HDR to ascertain what information or documents plaintiff is seeking.

7.     HDR objects to the extent that plaintiff's Requests seek information or documents not within its possession, custody, or control.

8.     HDR objects to the extent that plaintiff's Requests seek publicly available documents or documents that are equally or more readily available to plaintiff from other sources without imposing the burden and expense on HDR.

9.     To the extent any Request may be construed as requiring HDR to characterize documents or their contents or to speculate as to what documents may or may not show, HDR objects to such Requests as vague, ambiguous, and calling for legal conclusions and speculation.

10.     HDR objects to the extent that plaintiff's Requests can be construed to call upon HDR to relinquish custody and control of its documents, to reproduce any document at its own expense, or to rearrange, reorganize, and produce business records in any form, order, or organization other than the form, order, and organization in which they are maintained in the ordinary course of business.  HDR further objects to the extent that plaintiff's Requests purport to require HDR to produce documents in native or a specified format, and to the extent that the Requests purport to require HDR to produce any metadata.

11.     HDR objects to plaintiff's Instruction requiring production of ESI in a particular format pursuant to a stipulation and order entered in this action when no such stipulation and order has been entered by the parties to date.

12.     HDR objects to plaintiff's definition of "ATTORNEY" as vague, overly broad, and unduly burdensome.

13.     HDR objects to plaintiff's definitions of "ELECTRONICALLY STORED INFORMATION" and "ESI" as overly broad and unduly burdensome.

14.     HDR objects to plaintiff's definition of "RELEVANT PERIOD" as overly broad, unduly burdensome, and disproportionate to the needs of the case.

15.     HDR objects to plaintiff's definitions of the terms "HDR Global Trading Limited," "HDR," "DEFENDANT HDR," "HDR GROUP," "BitMEX," "YOU," and "YOUR" as overly broad, unduly burdensome, and oppressive.

16.     HDR objects to plaintiff's definition of "MANIPULATION TIMES" to the extent it purports to characterize the nature of any activity occurring within the outlined time periods. HDR further objects to the definition to the extent it requires HDR to characterize documents or their contents or to speculate as to what documents may or may not show during those time periods.  HDR further objects to the definition as vague and ambiguous.

17.     HDR objects to plaintiff's definition of "LEADERBOARD ACCOUNTS" as vague and ambiguous and overly broad and unduly burdensome.

18.     HDR objects to plaintiff's definition of "BITMEX PLATFORM" to the extent it mischaracterizes the nature of the platform.

**SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION**

HDR incorporates the foregoing Preliminary Statement and General Objections into each of the specific responses and objections that follow.

**REQUEST NO. 1:**

Document retention and destruction policy of DEFENDANT HDR.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is

premature in light of Defendants' motion to stay discovery. HDR further objects to plaintiff's definition of "DEFENDANT HDR" as overly broad and unduly burdensome. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 2:**

List of all names, addreesses [sic] and email addresses of all users of BITMEX PLATFORM.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to plaintiff's definition of "BITMEX PLATFORM" to the extent it mischaracterizes the nature of the platform. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to the extent that the Request may be construed to require HDR to characterize documents or their contents or to speculate as to what documents may or may not show. HDR further objects to the extent the Request seeks information or documents not within its possession, custody, or control. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the right to privacy. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable

protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 3:**

List of all names, addreesees [sic] and email addresses of all users of BITMEX PLATFORM whose account on BITMEX PLATFORM was closed or otherwise restricted.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the phrase "otherwise restricted" as vague and ambiguous. HDR further objects to plaintiff's definition of "BITMEX PLATFORM" to the extent it mischaracterizes the nature of the platform. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to the extent that the Request may be construed to require HDR to characterize documents or their contents or to speculate as to what documents may or may not show. HDR further objects to the extent the Request seeks information or documents not within its possession, custody, or control. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the right to privacy. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 4:**

List of all names, addreesees [sic] and email addresses of all users of BITMEX

PLATFORM whose account on BITMEX PLATFORM was closed or otherwise restricted due to being a suspected United States resident or citizen.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to plaintiff's definition of "BITMEX PLATFORM" to the extent it mischaracterizes the nature of the platform. HDR further objects to the phrases "otherwise restricted" and "suspected" as vague and ambiguous. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to the extent that the Request may be construed to require HDR to characterize documents or their contents or to speculate as to what documents may or may not show. HDR further objects to the extent the Request seeks information or documents not within its possession, custody, or control. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the right to privacy. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 5:**

Any and all COMMUNICATIONS with any and all users of BITMEX PLATFORM whose account on BITMEX PLATFORM was closed or otherwise restricted due to being a suspected United States resident or citizen.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to plaintiff's

definition of "BITMEX PLATFORM" to the extent it mischaracterizes the nature of the platform. HDR further objects to the phrases "otherwise restricted" and "suspected" as vague and ambiguous. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to the extent that the Request may be construed to require HDR to characterize documents or their contents or to speculate as to what documents may or may not show. HDR further objects to the extent the Request seeks information or documents not within its possession, custody, or control. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the right to privacy. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 6:**

Any and all capitalization tables of DEFENDANT HDR.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR objects to plaintiff's definition of "DEFENDANT HDR" as overly broad and unduly burdensome. HDR further objects to the extent the Request seeks information or documents not within its possession, custody, or control. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret

privilege, or any other applicable protection.  HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 7:**

Any and all stock transfer ledgers of DEFENDANT HDR.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery.  HDR objects to plaintiff's definition of "DEFENDANT HDR" as overly broad and unduly burdensome.  HDR further objects to the extent the Request seeks information or documents not within its possession, custody, or control. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case.  HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection.  HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 8:**

Any and all stock certificates of DEFENDANT HDR.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery.  HDR objects to plaintiff's definition of "DEFENDANT HDR" as overly broad and unduly burdensome.  HDR further objects to the extent the Request seeks information or documents not within its possession, custody, or control. HDR further objects to the Request on the grounds that it seeks information that is not relevant to

the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 9:**

Any and all corporate minute books of DEFENDANT HDR.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR objects to plaintiff's definition of "DEFENDANT HDR" as overly broad and unduly burdensome. HDR further objects to the extent the Request seeks information or documents not within its possession, custody, or control. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 10:**

A list of all directors of DEFENDANT HDR.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is

premature in light of Defendants' motion to stay discovery. HDR objects to plaintiff's definition of "DEFENDANT HDR" as overly broad and unduly burdensome. HDR further objects to the extent the Request seeks information or documents not within its possession, custody, or control. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 11:**

Any and all minutes of all meetings of directors of DEFENDANT HDR.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR objects to plaintiff's definition of "DEFENDANT HDR" as overly broad and unduly burdensome. HDR further objects to the extent the Request seeks information or documents not within its possession, custody, or control. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 12:**

Any and all written consents of directors of DEFENDANT HDR.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR objects to plaintiff's definition of "DEFENDANT HDR" as overly broad and unduly burdensome. HDR further objects to the extent the Request seeks information or documents not within its possession, custody, or control. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 13:**

A list of all shareholders of DEFENDANT HDR.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR objects to plaintiff's definition of "DEFENDANT HDR" as overly broad and unduly burdensome. HDR further objects to the extent the Request seeks information or documents not within its possession, custody, or control. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret

privilege, or any other applicable protection.  HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 14:**

Any and all resolutions of shareholders of DEFENDANT HDR.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery.  HDR objects to plaintiff's definition of "DEFENDANT HDR" as overly broad and unduly burdensome.  HDR further objects to the extent the Request seeks information or documents not within its possession, custody, or control. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case.  HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection.  HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 15:**

Any and all written consents of shareholders of DEFENDANT HDR.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery.  HDR objects to plaintiff's definition of "DEFENDANT HDR" as overly broad and unduly burdensome.  HDR further objects to the extent the Request seeks information or documents not within its possession, custody, or control. HDR further objects to the Request on the grounds that it seeks information that is not relevant to

the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 16:**

List of all officers of DEFENDANT HDR.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR objects to plaintiff's definition of "DEFENDANT HDR" as overly broad and unduly burdensome. HDR further objects to the extent the Request seeks information or documents not within its possession, custody, or control. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 17:**

Any and all minutes of all meetings of officers of DEFENDANT HDR.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is

premature in light of Defendants' motion to stay discovery.  HDR objects to plaintiff's definition

of "DEFENDANT HDR" as overly broad and unduly burdensome.  HDR further objects to the

extent the Request seeks information or documents not within its possession, custody, or control.

HDR further objects to the Request on the grounds that it seeks information that is not relevant to

the subject matter of the pending proceeding, overly broad and unduly burdensome, and

disproportionate to the needs of the case.  HDR further objects to this Request to the extent it

seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and

commercially-sensitive documents or information protected by the right to privacy, trade secret

privilege, or any other applicable protection.  HDR further objects to this Request to the extent it

seeks information that is protected from disclosure by the attorney-client privilege, the work

product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the

Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 18:**

Any and all written consents of officers of DEFENDANT HDR.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is

premature in light of Defendants' motion to stay discovery.  HDR objects to plaintiff's definition

of "DEFENDANT HDR" as overly broad and unduly burdensome.  HDR further objects to the

extent the Request seeks information or documents not within its possession, custody, or control.

HDR further objects to the Request on the grounds that it seeks information that is not relevant to

the subject matter of the pending proceeding, overly broad and unduly burdensome, and

disproportionate to the needs of the case.  HDR further objects to this Request to the extent it

seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and

commercially-sensitive documents or information protected by the right to privacy, trade secret

privilege, or any other applicable protection.  HDR further objects to this Request to the extent it

seeks information that is protected from disclosure by the attorney-client privilege, the work

product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the

Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 19:**

List of all affiliates of DEFENDANT HDR.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the term "affiliates" as vague and ambiguous. HDR objects to plaintiff's definition of "DEFENDANT HDR" as overly broad and unduly burdensome. HDR further objects to the extent the Request seeks information or documents not within its possession, custody, or control. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 20:**

List of all members of HDR GROUP.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the term "members" as vague and ambiguous. HDR further objects to plaintiff's definition of "HDR GROUP" as overly broad and unduly burdensome. HDR further objects to the extent the Request seeks information or documents not within its possession, custody, or control. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-

public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 21:**

List of all offices of HDR GROUP.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to plaintiff's definition of "HDR GROUP" as overly broad and unduly burdensome. HDR further objects to the extent the Request seeks information or documents not within its possession, custody, or control. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 22:**

Any and all organizational charts of DEFENDANT HDR.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR objects to plaintiff's definition of "DEFENDANT HDR" as overly broad and unduly burdensome. HDR further objects to the

extent the Request seeks information or documents not within its possession, custody, or control. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 23:**

Any and all organizational charts of all members of HDR GROUP.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to plaintiff's definition of "HDR GROUP" as overly broad and unduly burdensome. HDR further objects to the extent the Request seeks information or documents not within its possession, custody, or control. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 24:**

Any and all filings of DEFENDANT HDR with Government of Seychelles.

**HDR'S RESPONSES TO PLTF KOLCHIN'S CORRECTED RFPS, SET ONE**

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR objects to plaintiff's definition of "DEFENDANT HDR" as overly broad and unduly burdensome. HDR further objects to the extent the Request seeks information or documents not within its possession, custody, or control. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 25:**

Any and all minutes of all meetings of advisory board of HDR GROUP.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to plaintiff's definition of "HDR GROUP" as overly broad and unduly burdensome. HDR further objects to the term "meetings" as vague and ambiguous. HDR further objects to the extent the Request seeks information or documents not within its possession, custody, or control. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected

from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 26:**

A list of all advisory board members of HDR GROUP.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to plaintiff's definition of "HDR GROUP" as overly broad and unduly burdensome. HDR further objects to the extent the Request seeks information or documents not within its possession, custody, or control. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 27:**

Any and all agreements between YOU and advisory board members of HDR GROUP.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the term "agreements" as vague and ambiguous. HDR further objects to plaintiff's definition of "HDR GROUP" as overly broad and unduly burdensome. HDR further objects to the extent the Request seeks information or documents not within its possession, custody, or control. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject

matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 28:**

Any and all agreements between DEFENDANT HDR and its affiliates.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the terms "agreements" and "affiliates" as vague and ambiguous. HDR further objects to plaintiff's definition of "DEFENDANT HDR" as overly broad and unduly burdensome. HDR further objects to the extent the Request seeks information or documents not within its possession, custody, or control. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 29:**

Any and all agreements between DEFENDANT HDR and ABS Global Trading Limited.

1 **RESPONSE:**

2      In addition to its General Objections, HDR objects to this Request on the grounds that it is

3 premature in light of Defendants' motion to stay discovery. HDR further objects to the term

4 "agreements" as vague and ambiguous. HDR further objects to plaintiff's definition of

5 "DEFENDANT HDR" as overly broad and unduly burdensome. HDR further objects to the

6 extent the Request seeks information or documents not within its possession, custody, or control.

7 HDR further objects to the Request on the grounds that it seeks information that is not relevant to

8 the subject matter of the pending proceeding, overly broad and unduly burdensome, and

9 disproportionate to the needs of the case. HDR further objects to this Request to the extent it

10 seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and

11 commercially-sensitive documents or information protected by the right to privacy, trade secret

12 privilege, or any other applicable protection. HDR further objects to this Request to the extent it

13 seeks information that is protected from disclosure by the attorney-client privilege, the work

14 product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the

15 Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

16 **REQUEST NO. 30:**

17      Any and all records of money transfers between DEFENDANT HDR and ABS Global

18 Trading Limited.

19 **RESPONSE:**

20      In addition to its General Objections, HDR objects to this Request on the grounds that it is

21 premature in light of Defendants' motion to stay discovery. HDR further objects to the phrase

22 "money transfers" as vague and ambiguous. HDR further objects to plaintiff's definition of

23 "DEFENDANT HDR" as overly broad and unduly burdensome. HDR further objects to the

24 extent the Request seeks information or documents not within its possession, custody, or control.

25 HDR further objects to the Request on the grounds that it seeks information that is not relevant to

26 the subject matter of the pending proceeding, overly broad and unduly burdensome, and

27 disproportionate to the needs of the case. HDR further objects to this Request to the extent it

28 seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and

commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 31:**

Any and all employment agreements of Arthur Hayes.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to the extent the Request seeks information or documents not within its possession, custody, or control. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the right to privacy. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 32:**

Any and all employment agreements of Ben Delo.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending

proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to the extent the Request seeks information or documents not within its possession, custody, or control. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the right to privacy. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 33:**

Any and all employment agreements of Samuel Reed.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to the extent the Request seeks information or documents not within its possession, custody, or control. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the right to privacy. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 34:**

Any and all employment agreements of Nick Andrianov.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to the extent the Request seeks information or documents not within its possession, custody, or control. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the right to privacy. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 35:**

Any and all DOCUMENTS RELATING TO BITMEX PLATFORM user account associated with affiliate code B1QzsA.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the phrase "associated" as vague and ambiguous. HDR further objects to plaintiff's definition of "BITMEX PLATFORM" to the extent it mischaracterizes the nature of the platform. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public,

confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 36:**

Records of any and all trades RELATING TO BITMEX PLATFORM user account associated with affiliate code B1QzsA.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the phrase "associated" as vague and ambiguous. HDR further objects to plaintiff's definition of "BITMEX PLATFORM" to the extent it mischaracterizes the nature of the platform. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 37:**

Records of any and all cryptocurrency transfers RELATING TO BITMEX PLATFORM user account associated with affiliate code B1QzsA.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is

premature in light of Defendants' motion to stay discovery.  HDR further objects to the phrase "associated" as vague and ambiguous.  HDR further objects to plaintiff's definition of "BITMEX PLATFORM" to the extent it mischaracterizes the nature of the platform.  HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case.  HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection.  HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 38:**

Any and all DOCUMENTS RELATING TO BITMEX PLATFORM user account associated with email address anthony@fund3.co.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery.  HDR further objects to the phrase "associated" as vague and ambiguous.  HDR further objects to plaintiff's definition of "BITMEX PLATFORM" to the extent it mischaracterizes the nature of the platform.  HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case.  HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection.  HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure,

relevant federal procedural rules, or relevant case law.

**REQUEST NO. 39:**

Records of any and all trades RELATING TO BITMEX PLATFORM user account associated with email address anthony@fund3.co.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the phrase "associated" as vague and ambiguous. HDR further objects to plaintiff's definition of "BITMEX PLATFORM" to the extent it mischaracterizes the nature of the platform. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 40:**

Records of any and all cryptocurrency transfers RELATING TO BITMEX PLATFORM user account associated with email address anthony@fund3.co.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the phrase "associated" as vague and ambiguous. HDR further objects to plaintiff's definition of "BITMEX PLATFORM" to the extent it mischaracterizes the nature of the platform. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs

of the case.  HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection.  HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 41:**

Any and all DOCUMENTS RELATING TO BITMEX PLATFORM user account associated with email address calvin@fund3.co.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery.  HDR further objects to the phrase "associated" as vague and ambiguous.  HDR further objects to plaintiff's definition of "BITMEX PLATFORM" to the extent it mischaracterizes the nature of the platform.  HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case.  HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection.  HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 42:**

Records of any and all trades RELATING TO BITMEX PLATFORM user account associated with email address calvin@fund3.co.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the phrase "associated" as vague and ambiguous. HDR further objects to plaintiff's definition of "BITMEX PLATFORM" to the extent it mischaracterizes the nature of the platform. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 43:**

Records of any and all cryptocurrency transfers RELATING TO BITMEX PLATFORM user account associated with email address calvin@fund3.co.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the phrase "associated" as vague and ambiguous. HDR further objects to plaintiff's definition of "BITMEX PLATFORM" to the extent it mischaracterizes the nature of the platform. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected

from disclosure by the attorney-client privilege, the work product doctrine, and/or any other

privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure,

relevant federal procedural rules, or relevant case law.

**REQUEST NO. 44:**

Any and all DOCUMENTS RELATING TO BITMEX PLATFORM user account

associated with email address mround@usc.edu.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is

premature in light of Defendants' motion to stay discovery. HDR further objects to the phrase

"associated" as vague and ambiguous. HDR further objects to plaintiff's definition of "BITMEX

PLATFORM" to the extent it mischaracterizes the nature of the platform. HDR further objects to

the Request on the grounds that it seeks information that is not relevant to the subject matter of

the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs

of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public,

confidential, proprietary, or otherwise confidential and commercially-sensitive documents or

information protected by the right to privacy, trade secret privilege, or any other applicable

protection. HDR further objects to this Request to the extent it seeks information that is protected

from disclosure by the attorney-client privilege, the work product doctrine, and/or any other

privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure,

relevant federal procedural rules, or relevant case law.

**REQUEST NO. 45:**

Records of any and all trades RELATING TO BITMEX PLATFORM user account

associated with email address mround@usc.edu.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is

premature in light of Defendants' motion to stay discovery. HDR further objects to the phrase

"associated" as vague and ambiguous. HDR further objects to plaintiff's definition of "BITMEX

PLATFORM" to the extent it mischaracterizes the nature of the platform. HDR further objects to

the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 46:**

Records of any and all cryptocurrency transfers RELATING TO BITMEX PLATFORM user account associated with email address mround@usc.edu.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the phrase "associated" as vague and ambiguous. HDR further objects to plaintiff's definition of "BITMEX PLATFORM" to the extent it mischaracterizes the nature of the platform. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 47:**

Any and all DOCUMENTS RELATING TO BITMEX PLATFORM user account

associated with email address crimann17@cmc.edu.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the phrase "associated" as vague and ambiguous. HDR further objects to plaintiff's definition of "BITMEX PLATFORM" to the extent it mischaracterizes the nature of the platform. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 48:**

Records of any and all trades RELATING TO BITMEX PLATFORM user account associated with email address crimann17@cmc.edu.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the phrase "associated" as vague and ambiguous. HDR further objects to plaintiff's definition of "BITMEX PLATFORM" to the extent it mischaracterizes the nature of the platform. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable

protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 49:**

Records of any and all cryptocurrency transfers RELATING TO BITMEX PLATFORM user account associated with email address crimann17@cmc.edu.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the phrase "associated" as vague and ambiguous. HDR further objects to plaintiff's definition of "BITMEX PLATFORM" to the extent it mischaracterizes the nature of the platform. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 50:**

Any and all DOCUMENTS RELATING TO BITMEX PLATFORM user account associated with a trader named Galois Capital.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the phrase "associated" as vague and ambiguous. HDR further objects to plaintiff's definition of "BITMEX

PLATFORM" to the extent it mischaracterizes the nature of the platform. HDR further objects to the extent that the Request may be construed to require HDR to characterize documents or their contents or to speculate as to what documents may or may not show. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 51:**

Records of any and all trades RELATING TO BITMEX PLATFORM user account associated with a trader named Galois Capital.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the phrase "associated" as vague and ambiguous. HDR further objects to plaintiff's definition of "BITMEX PLATFORM" to the extent it mischaracterizes the nature of the platform. HDR further objects to the extent that the Request may be construed to require HDR to characterize documents or their contents or to speculate as to what documents may or may not show. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected

from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 52:**

Records of any and all cryptocurrency transfers relating to BITMEX PLATFORM user account associated with a trader named Galois Capital.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the phrase "associated" as vague and ambiguous. HDR further objects to plaintiff's definition of "BITMEX PLATFORM" to the extent it mischaracterizes the nature of the platform. HDR further objects to the extent that the Request may be construed to require HDR to characterize documents or their contents or to speculate as to what documents may or may not show. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 53:**

Any and all DOCUMENTS RELATING TO BITMEX PLATFORM user account associated with a trader named FalconX.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the phrase

"associated" as vague and ambiguous. HDR further objects to plaintiff's definition of "BITMEX PLATFORM" to the extent it mischaracterizes the nature of the platform. HDR further objects to the extent that the Request may be construed to require HDR to characterize documents or their contents or to speculate as to what documents may or may not show. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 54:**

Records of any and all trades RELATING TO BITMEX PLATFORM user account associated with a trader named FalconX.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the phrase "associated" as vague and ambiguous. HDR further objects to plaintiff's definition of "BITMEX PLATFORM" to the extent it mischaracterizes the nature of the platform. HDR further objects to the extent that the Request may be construed to require HDR to characterize documents or their contents or to speculate as to what documents may or may not show. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable

protection.  HDR further objects to this Request to the extent it seeks information that is protected

from disclosure by the attorney-client privilege, the work product doctrine, and/or any other

privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure,

relevant federal procedural rules, or relevant case law.

**REQUEST NO. 55:**

Records of any and all cryptocurrency transfers RELATING TO BITMEX PLATFORM

user account associated with a trader named FalconX.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is

premature in light of Defendants' motion to stay discovery.  HDR further objects to the phrase

"associated" as vague and ambiguous.  HDR further objects to plaintiff's definition of "BITMEX

PLATFORM" to the extent it mischaracterizes the nature of the platform.  HDR further objects to

the extent that the Request may be construed to require HDR to characterize documents or their

contents or to speculate as to what documents may or may not show.  HDR further objects to the

Request on the grounds that it seeks information that is not relevant to the subject matter of the

pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of

the case.  HDR further objects to this Request to the extent it seeks disclosure of non-public,

confidential, proprietary, or otherwise confidential and commercially-sensitive documents or

information protected by the right to privacy, trade secret privilege, or any other applicable

protection.  HDR further objects to this Request to the extent it seeks information that is protected

from disclosure by the attorney-client privilege, the work product doctrine, and/or any other

privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure,

relevant federal procedural rules, or relevant case law.

**REQUEST NO. 56:**

Any and all DOCUMENTS RELATING TO PLAINTIFFS.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is

premature in light of Defendants' motion to stay discovery.  HDR further objects to the Request

on the grounds that it seeks information that is overly broad and unduly burdensome and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 57:**

Any and all DOCUMENTS RELATING TO an alleged distributed denial of service (DDoS) attack on or about March 13, 2020.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to the extent that the Request may be construed to require HDR to characterize documents or their contents or to adopt plaintiff's characterization. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 58:**

Any and all DOCUMENTS RELATING TO a service interruption of BITMEX PLATFORM on or about March 13, 2020.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to the definition of "BITMEX PLATFORM" to the extent it mischaracterizes the nature of the platform. HDR further objects to this Request on the grounds that it is vague and ambiguous as to the term "service interruption." HDR further objects to the extent that the Request may be construed to require HDR to characterize documents or their contents or to adopt plaintiff's characterization. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 59:**

Any and all DOCUMENTS RELATING TO market event on May 17, 2019.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR objects to this Request on the grounds that it is vague and ambiguous as to the phrase "market event." HDR further objects to the extent that the Request may be construed to require HDR to characterize documents or their contents or to adopt plaintiff's characterization. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information

protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR

further objects to this Request to the extent it seeks information that is protected from disclosure

by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection,

exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal

procedural rules, or relevant case law.

**REQUEST NO. 60:**

Any and all DOCUMENTS RELATING TO market event on June 26, 2019.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is

premature in light of Defendants' motion to stay discovery. HDR further objects to the Request

on the grounds that it seeks information that is not relevant to the subject matter of the pending

proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case.

HDR objects to this Request on the grounds that it is vague and ambiguous as to the phrase

"market event." HDR further objects to the extent that the Request may be construed to require

HDR to characterize documents or their contents or to adopt plaintiff's characterization. HDR

further objects to this Request to the extent it seeks disclosure of non-public, confidential,

proprietary, or otherwise confidential and commercially-sensitive documents or information

protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR

further objects to this Request to the extent it seeks information that is protected from disclosure

by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection,

exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal

procedural rules, or relevant case law.

**REQUEST NO. 61:**

Any and all DOCUMENTS RELATING market event on July 15, 2019.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is

premature in light of Defendants' motion to stay discovery. HDR further objects to the Request

on the grounds that it seeks information that is not relevant to the subject matter of the pending

proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR objects to this Request on the grounds that it is vague and ambiguous as to the phrase "market event." HDR further objects to the extent that the Request may be construed to require HDR to characterize documents or their contents or to adopt plaintiff's characterization. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 62:**

Any and all DOCUMENTS RELATING TO market event on March 13, 2020.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR objects to this Request on the grounds that it is vague and ambiguous as to the phrase "market event." HDR further objects to the extent that the Request may be construed to require HDR to characterize documents or their contents or to adopt plaintiff's characterization. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 63:**

Any and all DOCUMENTS RELATING TO orders placed by BITMEX PLATFORM's internal trading desk during MANIPULATION TIMES.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the definition of "BITMEX PLATFORM" to the extent it mischaracterizes the nature of the platform. HDR further objects on the grounds that the Request is vague and ambiguous as to the term "MANIPULATION TIMES" and to the extent the Request purports to characterize the nature of any activity occurring within the outlined time periods. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request as vague, ambiguous, and calling for legal conclusions and speculation to the extent it may be construed as requiring HDR to characterize documents or their contents or to speculate as to what documents may or may not show. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 64:**

Any and all DOCUMENTS RELATING TO all executed orders placed by BITMEX PLATFORM's internal trading desk during MANIPULATION TIMES.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the definition

of "BITMEX PLATFORM" to the extent it mischaracterizes the nature of the platform. HDR further objects on the grounds that the Request is vague and ambiguous as to the terms "executed orders" and "MANIPULATION TIMES" and to the extent the Request purports to characterize the nature of any activity occurring within the outlined time periods. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request as vague, ambiguous, and calling for legal conclusions and speculation to the extent it may be construed as requiring HDR to characterize documents or their contents or to speculate as to what documents may or may not show. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 65:**

Any and all DOCUMENTS RELATING TO all unexecuted orders placed by BITMEX PLATFORM's internal trading desk during MANIPULATION TIMES.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the definition of "BITMEX PLATFORM" to the extent it mischaracterizes the nature of the platform. HDR further objects on the grounds that the Request is vague and ambiguous as to the terms "unexecuted orders" and "MANIPULATION TIMES" and to the extent the Request purports to characterize the nature of any activity occurring within the outlined time periods. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to

the needs of the case. HDR further objects to this Request as vague, ambiguous, and calling for legal conclusions and speculation to the extent it may be construed as requiring HDR to characterize documents or their contents or to speculate as to what documents may or may not show. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 66:**

Any and all DOCUMENTS RELATING TO all calcelled [sic] orders placed by BITMEX PLATFORM's internal trading desk during MANIPULATION TIMES.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the definition of "BITMEX PLATFORM" to the extent it mischaracterizes the nature of the platform. HDR further objects on the grounds that the Request is vague and ambiguous as to the phrases "cancelled orders" and "MANIPULATION TIMES" and to the extent the Request purports to characterize the nature of any activity occurring within the outlined time periods. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request as vague, ambiguous, and calling for legal conclusions and speculation to the extent it may be construed as requiring HDR to characterize documents or their contents or to speculate as to what documents may or may not show. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable

protection.  HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 67:**

Employment agreement of Nick Andrianov.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery.  HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding and disproportionate to the needs of the case.  HDR further objects to the extent the Request seeks information or documents not within its possession, custody, or control.  HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the right to privacy.  HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection.  HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 68:**

Any and all DOCUMENTS RELATING TO YOUR payments to Nick Andrianov.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery.  HDR further objects to plaintiff's definition of "YOUR" as overly broad and unduly burdensome.  HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of

the case. HDR further objects to the extent the Request seeks information or documents not within its possession, custody, or control. HDR further objects to the extent that the Request may be construed to require HDR to characterize documents or their contents or to adopt plaintiff's characterization. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 69:**

Any and all DOCUMENTS RELATING TO all executed orders on BITMEX PLATFORM during MANIPULATION TIMES.

**]RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the definition of "BITMEX PLATFORM" to the extent it mischaracterizes the nature of the platform. HDR further objects on the grounds that the Request is vague and ambiguous as to the phrases "executed orders" and "MANIPULATION TIMES" and to the extent the Request purports to characterize the nature of any activity occurring within the outlined time periods. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request as vague, ambiguous, and calling for legal conclusions and speculation to the extent it may be construed as requiring HDR to characterize documents or their contents or to speculate as to what documents may or may not show. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable

protection. HDR further objects to this Request to the extent it seeks information that is protected

from disclosure by the attorney-client privilege, the work product doctrine, and/or any other

privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure,

relevant federal procedural rules, or relevant case law.

**REQUEST NO. 70:**

Any and all DOCUMENTS RELATING TO all unexecuted orders on BITMEX

PLATFORM during MANIPULATION TIMES.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is

premature in light of Defendants' motion to stay discovery. HDR further objects to the definition

of "BITMEX PLATFORM" to the extent it mischaracterizes the nature of the platform. HDR

further objects on the grounds that the Request is vague and ambiguous as to the terms

"unexecuted orders" and "MANIPULATION TIMES" and to the extent the Request purports to

characterize the nature of any activity occurring within the outlined time periods. HDR further

objects to the Request on the grounds that it seeks information that is not relevant to the subject

matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to

the needs of the case. HDR further objects to this Request as vague, ambiguous, and calling for

legal conclusions and speculation to the extent it may be construed as requiring HDR to

characterize documents or their contents or to speculate as to what documents may or may not

show. HDR further objects to this Request to the extent it seeks disclosure of non-public,

confidential, proprietary, or otherwise confidential and commercially-sensitive documents or

information protected by the right to privacy, trade secret privilege, or any other applicable

protection. HDR further objects to this Request to the extent it seeks information that is protected

from disclosure by the attorney-client privilege, the work product doctrine, and/or any other

privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure,

relevant federal procedural rules, or relevant case law.

**REQUEST NO. 71:**

Any and all DOCUMENTS RELATING TO all calcelled [sic] orders on BITMEX

PLATFORM during MANIPULATION TIMES.

**RESPONSE**:

     In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the definition of "BITMEX PLATFORM" to the extent it mischaracterizes the nature of the platform. HDR further objects on the grounds that the Request is vague and ambiguous as to the terms "cancelled orders" and "MANIPULATION TIMES" and to the extent the Request purports to characterize the nature of any activity occurring within the outlined time periods. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request as vague, ambiguous, and calling for legal conclusions and speculation to the extent it may be construed as requiring HDR to characterize documents or their contents or to speculate as to what documents may or may not show. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 72**:

     Any and all time and sales records on BITMEX platform during MANIPULATION TIMES.

**RESPONSE**:

     In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the definition of "BITMEX PLATFORM" to the extent it mischaracterizes the nature of the platform. HDR further objects on the grounds that the Request is vague and ambiguous as to the terms "time and

sales records" and "MANIPULATION TIMES" and to the extent the Request purports to characterize the nature of any activity occurring within the outlined time periods.  HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case.  HDR further objects to this Request as vague, ambiguous, and calling for legal conclusions and speculation to the extent it may be construed as requiring HDR to characterize documents or their contents or to speculate as to what documents may or may not show.  HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection.  HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 73:**

Any and all agreements between YOU and market makers operating on BITMEX PLATFORM.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery.  HDR further objects to the definition of "BITMEX PLATFORM" to the extent it mischaracterizes the nature of the platform.  HDR further objects that the terms "agreements" and "market makers" are vague and ambiguous and the term "YOU" as overly broad and unduly burdensome. HDR further objects to the extent the request seeks information or documents not within HDR's possession, custody, or control.  HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case.  HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and

commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 74:**

Any and all DOCUMENTS RELATING TO payments to market makers operating on BITMEX PLATFORM.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the definition of "BITMEX PLATFORM" to the extent it mischaracterizes the nature of the platform. HDR further objects that the term "market makers" is vague and ambiguous. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 75:**

Any and all DOCUMENTS RELATING TO market makers on BITMEX PLATFORM.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the definition of "BITMEX PLATFORM" to the extent it mischaracterizes the nature of the platform. HDR

1  further objects that the term "market makers" is vague and ambiguous.  HDR further objects to

2  the Request on the grounds that it seeks information that is not relevant to the subject matter of

3  the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs

4  of the case.  HDR further objects to this Request to the extent it seeks disclosure of non-public,

5  confidential, proprietary, or otherwise confidential and commercially-sensitive documents or

6  information protected by the right to privacy, trade secret privilege, or any other applicable

7  protection.  HDR further objects to this Request to the extent it seeks information that is protected

8  from disclosure by the attorney-client privilege, the work product doctrine, and/or any other

9  privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure,

10  relevant federal procedural rules, or relevant case law.

11  **REQUEST NO. 76:**

12      Any and all audited financial reports of all members of HDR GROUP for 2017, 2018 and

13  2019.

14  **RESPONSE:**

15      In addition to its General Objections, HDR objects to this Request on the grounds that it is

16  premature in light of Defendants' motion to stay discovery.  HDR objects to the definition of

17  "HDR GROUP" as overly broad and unduly burdensome.  HDR further objects to the extent the

18  request seeks information or documents not within HDR's possession, custody, or control.  HDR

19  further objects to the Request on the grounds that it seeks information that is not relevant to the

20  subject matter of the pending proceeding, overly broad and unduly burdensome, and

21  disproportionate to the needs of the case.  HDR further objects to this Request to the extent it

22  seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and

23  commercially-sensitive documents or information protected by the right to privacy, trade secret

24  privilege, or any other applicable protection.  HDR further objects to this Request to the extent it

25  seeks information that is protected from disclosure by the attorney-client privilege, the work

26  product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the

27  Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

28

**REQUEST NO. 77:**

2      Any and all un-audited financial reports of all members of HDR GROUP for 2017, 2018

3 and 2019.

4 **RESPONSE:**

5      In addition to its General Objections, HDR objects to this Request on the grounds that it is

6 premature in light of Defendants' motion to stay discovery.  HDR objects to the definition of

7 "HDR GROUP" as overly broad and unduly burdensome.  HDR further objects to the extent the

8 request seeks information or documents not within HDR's possession, custody, or control.  HDR

9 further objects to the Request on the grounds that it seeks information that is not relevant to the

10 subject matter of the pending proceeding, overly broad and unduly burdensome, and

11 disproportionate to the needs of the case.  HDR further objects to this Request to the extent it

12 seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and

13 commercially-sensitive documents or information protected by the right to privacy, trade secret

14 privilege, or any other applicable protection.  HDR further objects to this Request to the extent it

15 seeks information that is protected from disclosure by the attorney-client privilege, the work

16 product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the

17 Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

18 **REQUEST NO. 78:**

19      Any and all financial reports of all members of HDR GROUP for 2017, 2018 and 2019

20 showing accounting treatment of insurance fund of BITMEX PLATFORM.

21 **RESPONSE:**

22      In addition to its General Objections, HDR objects to this Request on the grounds that it is

23 premature in light of Defendants' motion to stay discovery.  HDR further objects to the definition

24 of "BITMEX PLATFORM" to the extent it mischaracterizes the nature of the platform.  HDR

25 objects to the definition of "HDR GROUP" as overly broad and unduly burdensome.  HDR

26 further objects to this Request on the grounds that it is vague and ambiguous as to the terms

27 "members," "accounting treatment," and "insurance fund."  HDR further objects to the extent the

28 request seeks information or documents not within HDR's possession, custody, or control.  HDR

further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to the extent that the Request may be construed to require HDR to characterize documents or their contents or to speculate as to what documents may or may not show. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 79:**

Any and all DOCUMENTS RELATING TO YOUR efforts to prevent market manipulation on BITMEX PLATFORM.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the definition of "BITMEX PLATFORM" to the extent it mischaracterizes the nature of the platform. HDR further objects to this Request on the grounds that it is vague and ambiguous as to the terms "efforts" and "market manipulation" and that it is overly broad and unduly burdensome as to the term "YOUR." HDR further objects to the extent the request seeks information or documents not within HDR's possession, custody, or control. HDR further objects to this Request as vague, ambiguous, and calling for legal conclusions and speculation to the extent it may be construed as requiring HDR to characterize documents or their contents or to speculate as to what documents may or may not show. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise

confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 80:**

Any and all DOCUMENTS RELATING TO YOUR efforts to prevent spoofing on BITMEX PLATFORM.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the definition of "BITMEX PLATFORM" to the extent it mischaracterizes the nature of the platform. HDR further objects to this Request on the grounds that it is vague and ambiguous as to the terms "efforts" and "spoofing" and that it is overly broad and unduly burdensome as to the term "YOUR." HDR further objects to the extent the request seeks information or documents not within HDR's possession, custody, or control. HDR further objects to this Request as vague, ambiguous, and calling for legal conclusions and speculation to the extent it may be construed as requiring HDR to characterize documents or their contents or to speculate as to what documents may or may not show. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or

1    relevant case law.

2    **REQUEST NO. 81:**

3         Any and all DOCUMENTS RELATING TO YOUR investigation into possible market

4    manipulation on BITMEX PLATFORM.

5    **RESPONSE:**

6         In addition to its General Objections, HDR objects to this Request on the grounds that it is

7    premature in light of Defendants' motion to stay discovery.  HDR further objects to the definition

8    of "BITMEX PLATFORM" to the extent it mischaracterizes the nature of the platform.  HDR

9    further objects to this Request on the grounds that it is vague and ambiguous as to the terms

10   "investigation" and "market manipulation" and that it is overly broad and unduly burdensome as

11   to the term "YOUR."  HDR further objects to this Request on the grounds that it assumes facts

12   not in evidence.  HDR further objects to the extent the request seeks information or documents

13   not within HDR's possession, custody, or control.  HDR further objects to this Request as vague,

14   ambiguous, and calling for legal conclusions and speculation to the extent it may be construed as

15   requiring HDR to characterize documents or their contents or to speculate as to what documents

16   may or may not show.  HDR further objects to the Request on the grounds that it seeks

17   information that is not relevant to the subject matter of the pending proceeding, overly broad and

18   unduly burdensome, and disproportionate to the needs of the case.  HDR further objects to this

19   Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise

20   confidential and commercially-sensitive documents or information protected by the right to

21   privacy, trade secret privilege, or any other applicable protection.  HDR further objects to this

22   Request to the extent it seeks information that is protected from disclosure by the attorney-client

23   privilege, the work product doctrine, and/or any other privilege, protection, exemption, or

24   immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or

25   relevant case law.

26   **REQUEST NO. 82:**

27        Any and all DOCUMENTS RELATING TO YOUR investigation into possible spoofing

28   on BITMEX PLATFORM.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the definition of "BITMEX PLATFORM" to the extent it mischaracterizes the nature of the platform. HDR further objects to this Request on the grounds that it is vague and ambiguous as to the terms "investigation" and "spoofing" and that it is overly broad and unduly burdensome as to the term "YOUR." HDR further objects to this Request on the grounds that it assumes facts not in evidence. HDR further objects to the extent the request seeks information or documents not within HDR's possession, custody, or control. HDR further objects to this Request as vague, ambiguous, and calling for legal conclusions and speculation to the extent it may be construed as requiring HDR to characterize documents or their contents or to speculate as to what documents may or may not show. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 83:**

A list of email addresses of any and all users of BITMEX PLATFORM.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the definition of "BITMEX PLATFORM" to the extent it mischaracterizes the nature of the platform. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the

subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 84:**

Any and all DOCUMENTS RELATED TO subsidiaries of HDR GROUP.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to plaintiff's definition of "HDR GROUP" as overly broad and unduly burdensome. HDR further objects to the extent the Request seeks information or documents not within its possession, custody, or control. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 85:**

Any and all DOCUMENTS RELATED TO subsidiaries of 100x GROUP.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is

premature in light of Defendants' motion to stay discovery. HDR further objects to the extent the Request seeks information or documents not within its possession, custody, or control. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 86:**

Any and all DOCUMENTS RELATED TO any and all sister companies of ABS Global Trading Limited.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to this Request on the grounds that it is vague and ambiguous as to the term "sister companies." HDR further objects to the extent the Request seeks information or documents not within its possession, custody, or control. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 87:**

Any and all DOCUMENTS RELATED TO corporate structure of HDR GROUP.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to plaintiff's definition of "HDR GROUP" as overly broad and unduly burdensome. HDR further objects to the extent the Request seeks information or documents not within its possession, custody, or control. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 88:**

Any and all DOCUMENTS RELATED TO corporate structure of 100x GROUP.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the extent the Request seeks information or documents not within its possession, custody, or control. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it

seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 89:**

Any and all DOCUMENTS RELATED TO each of the users of BITMEX PLATFORM.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the definition of "BITMEX PLATFORM" to the extent it mischaracterizes the nature of the platform. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

**REQUEST NO. 90:**

Any and all DOCUMENTS RELATED TO email addresses of any and all users of BITMEX PLATFORM.

**RESPONSE:**

In addition to its General Objections, HDR objects to this Request on the grounds that it is premature in light of Defendants' motion to stay discovery. HDR further objects to the definition of "BITMEX PLATFORM" to the extent it mischaracterizes the nature of the platform. HDR further objects to the Request on the grounds that it seeks information that is not relevant to the subject matter of the pending proceeding, overly broad and unduly burdensome, and disproportionate to the needs of the case. HDR further objects to this Request to the extent it

seeks disclosure of non-public, confidential, proprietary, or otherwise confidential and commercially-sensitive documents or information protected by the right to privacy, trade secret privilege, or any other applicable protection. HDR further objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other privilege, protection, exemption, or immunity afforded by the Federal Rules of Civil Procedure, relevant federal procedural rules, or relevant case law.

Dated: October 15, 2020                          JONES DAY


By: */s/ Stephen D. Hibbard*
     Stephen D. Hibbard

Attorneys for Defendants
HDR GLOBAL TRADING LIMITED, ABS
GLOBAL TRADING LIMITED, ARTHUR
HAYES, BEN DELO, and SAMUEL REED