# EXHIBIT H



September 28, 2020

Direct Phone Number: (650) 469-3750
Direct Fax Number: (650) 472-8961
*pp@consensuslaw.io*

*Via email to: sdhibbard@jonesday.com*

Stephen D. Hibbard, Esq.
Partner
Jones Day
555 California Street
26th Floor
San Francisco, California 94104

Re:   Numerous False Material Representations in Your Motion To Dismiss Amounting To Fraud On The Court

Steve,

This letter hereby confirms our telephonic meet and confer at 9AM PDT on September 30, 2020. Please have your Motion to Dismiss ("Motion") and Second Amended Complaint ("SAC") handy to go through all your statements and corresponding SAC allegations in detail one by one.

Your Motion is laced with fraud on the Court. Being unable to defend this lawsuit on the merits, you decided to utilize a tactic of last resort – blatantly falsify allegations of the SAC for Judge Orrick. Below are just three examples of blatant falsehoods that you perpetuated in your Motion. Your egregious conduct constitutes willful and deliberate fraud and deceit on the Court and shamelessly violates Fed. Rule Civ. Proc. 11.

For example, on p. 3 of the Motion, you represent to Judge Orrick that "Plaintiffs do not allege that HDR engaged in any conduct in the United States at all." This representation is blatantly false and constitutes willful and deliberate fraud on the Court. Please refer to SAC ¶¶ 2, 5, 16, 17, 21, 25, 44, 46, 48, 57, 60, 61, 64, 65, 67, 68, 71, 73-81, 185, 186, 203, 206, 207, 303, 326, 344 and 368, which allege <u>overwhelming</u> facts of HDR's extensive conduct in the United States. Moreover, the table below summarizing allegations of the SAC clearly shows that all three components of the alleged market manipulation were all perpetrated by HDR in the United States:

**Consensus Law**
**Cryptocurrency Attorneys**
5245 Av. Isla Verde #302
Carolina, PR, 00979
Phone: +1 (650) 469-3750
Fax: +1 (650) 472-8961
www.consensuslaw.io

| Manipulation Component | Manipulative Conduct Involved | Place of Manipulative Conduct | SAC ¶¶ |
|---|---|---|---|
| Helper Component | Deliberately moving BitMEX index price by placing large market orders with maximum slippage from helper accounts on three illiquid exchanges | BitStamp, Coinbase Pro and Kraken, all located in the United States | SAC ¶¶ 109, 203, Ex. 4 |
| Winner Component | Capturing multiplied (due to disparity in liquidity) manipulation profits caused by the deliberate index price move using winner account(s) on BitMEX. | BitMEX, having the majority of cloud service providers, employees, engineering and software development team and the nerve center of operations in this District | SAC ¶¶ 59, 74, 205, 206 |
| Facilitation Component | Freezing BitMEX servers and accepting orders on only one side of the market to exacerbate the price moves during manipulation times | This District, where all three site reliability engineers of BitMEX, who are responsible for the trading platform uptime and server freezes, are located | SAC ¶¶ 74, 75, 185, 186 |

Thus, your representation was a willful and deliberate falsehood amounting to fraud on the Court.

As another example, on pp. 3-4 of the Motion, you further represent to Judge Orrick that "Plaintiffs do not allege how or when Defendants themselves purportedly engaged in any of those activities… In other words, Plaintiffs seek to hold Defendants liable because *other* individuals or entities allegedly have used techniques to manipulate the price of cryptocurrencies listed on *other* exchanges, which in turn impacts trading activity undertaken by *other* individuals or entities on BitMEX." This is again a patently false statement. Please refer to SAC ¶¶ 3, 113 ("[t]he illegal stock price manipulation technique alleged by SEC is identical to the techniques alleged hereinabove and used as well as aided and abetted by Defendants on a daily basis during the time period starting on January 1, 2017 and until now ('Relevant Period') to manipulate the prices of cryptocurrencies"), 122, 123, 124, 125, 183, 185, 186, 203, 206, 214 ("Plaintiffs BMA, Kolchin and Dubinin are informed and believe and thereon allege that Defendants themselves launder funds"… "In addition, the knowing, willful and deliberate effective transmissions of the winnings from market manipulation from the first helper account to the second winner account perpetrated by Defendants on behalf of themselves and/or on behalf of other BitMEX users as described herein, with full knowledge of the nature and purpose of the funds involved in the transfer, constitutes unlicensed money transmission in violation of 18 U.S.C. § 1960(a), which is also a RICO predicate offense"), 238, 243, 244, 250, 251, 260-263, 275-277, 281, 282, 295-300, 319-323, 337-341 and 360-364, which contain overwhelming and very detailed allegations of facts establishing how Defendants themselves manipulated cryptocuurrency markets on a daily basis.

For example, SAC ¶ 125 explicitly states: "<u>Defendants and each of them have thus manipulated the price of bitcoin and ether</u>, harming Plaintiff and other traders who had their positions liquidated, in violation of the Commodity Exchanges Act, 7 U.S.C. §§ 9, 25 (2012)."

As a further example, SAC ¶ 203 states: "For example, Ex. 3, p. 4 describes how a helper account on BitStamp was used on May 17, 2019 to effectively transmit 80 times of the amount money spent from that helper account to a winner account on BitMEX. See also Ex. 2, pp. 2-3 describing a similar scheme that used helper accounts on BitStamp to artificially induce massive liquidations of traders, like Plaintiffs, on Bitmex on July 15, 2019, resulting in effective transmission of manipulation winnings from helper accounts on BitStamp to winner accounts on BitMEX. Plaintiffs BMA, Kolchin and Dubinin are informed and believe and thereon allege that <u>Defendants use this unlawful scheme on a regular basis using helper accounts on United States based cryptocurrency exchanges BitStamp, Kraken and Coinbase</u>."

As a further example, SAC ¶ 205 explicitly states: "For example, Plaintiffs BMA, Kolchin and Dubinin were financially injured when <u>Defendants effectively transmitted funds</u>, which was perpetrated willfully and deliberately by Defendants through their commercial website BitMEX.com, and with full knowledge of the nature and purpose of the funds involved in the transfer, in violation of 18 U.S.C. § 1960(a), 18 U.S.C. § 1957(a) and 18 U.S.C. § 1956(a) and 18 U.S.C. § 2314 between helper and winner accounts <u>by way of using the helper accounts to perpetrate manipulation by pumping or dumping the cryptocurrency market, thereby causing a liquidation cascade affecting Plaintiffs' accounts</u>, and using the winner accounts to capture the financial benefits of the aforesaid manipulation. <u>As the result of the actions of the Defendants alleged in this Paragraph, the positions of Plaintiffs' were liquidated.</u>"

As a further example, SAC ¶ 207 explicitly states: "Moreover, the aforesaid illegal acts of effectively transmitting market manipulation winnings from helper accounts to winner accounts, which resulted in the injury to Plaintiffs, <u>were all perpetrated by Defendants</u> through the same commercial website BitMEX.com, which is accessible and is extensively used, via widely available and inexpensive VPN software, by users located in the United States and this District."

As yet further example, SAC ¶¶ 260-261 provide: "Plaintiffs BMA, Kolchin and Dubinin are informed and believe and thereon allege that, during the Relevant Period, <u>Defendants</u>, and each of them, <u>used wire signals to transmit various electronic orders to multiple cryptocurrency exchanges</u> for the specific purpose of misleading traders and investors as to the cryptocurrency market's natural forces of supply and demand and for <u>manipulating prices of spot cryptocurrencies and cryptocurrency derivatives</u>. … Plaintiffs BMA, Kolchin and Dubinin are informed and believe and thereon allege that the alleged fraudulent electronic wire transmissions were performed by Defendants on a <u>daily basis</u> during the Relevant Period and were carried out <u>from Defendants' offices located in San Francisco</u>, California and Hong Kong Special Administrative Region of the People's Republic of China <u>and to respective computer servers of Amazon EKS</u> as well as computer serves of multiple other cryptocurrency exchanges that

Defendants used to perpetrate their manipulative and fraudulent scheme alleged hereinabove. Plaintiffs BMA, Kolchin and Dubinin are informed and believe and thereon allege that each of Defendants HDR, ABS, Hayes, Delo and Reed issued the alleged fraudulent electronic wire transmissions on a <u>daily basis</u> during the Relevant Period, including <u>May 17, 2019, June 26, 2019, July 14, 2019, and March 13, 2020</u>."

As you can clearly see, the above-cited portions of the SAC provide very extensive and very detailed allegations of "<u>how</u> or <u>when</u> Defendants <u>themselves</u> purportedly engaged in any of [manipulation] activities." Thus, your above representation was a willful and deliberate falsehood that you perpetrated on the Court. This amounts to clear and deliberate fraud on Judge Orrick.

As yet another example, on p. 6 of the Motion, you represent to Judge Orrick that "because <u>Plaintiffs</u> have already had <u>multiple</u> opportunities "to state actionable claims and fix deficiencies in their complaints" but have failed to do so, this Court should dismiss Plaintiffs' case with prejudice." This representation is also blatantly false and constitutes willful and deliberate fraud on the Court. In reality, two of the three Plaintiffs were added to this lawsuit for the first time in the SAC. They did not get a chance to amend <u>even once</u>. Yet, you falsely represent to Judge Orrick that "<u>Plaintiffs</u> have already had <u>multiple</u> opportunities "to state actionable claims and fix deficiencies in their complaints." Thus, your representation was a willful and deliberate fraud on the Court.

Please let me know by noon on Wednesday, September 30, 2020, whether you agree to withdraw your fraud-laced Motion.

Very truly yours,

CONSENSUS LAW

By: _____
     Pavel I. Pogodin, Ph.D., Esq.
     Principal