Pavel I. Pogodin, Ph.D., Esq. (SBN 206441)
CONSENSUS LAW
5245 Ave Isla Verde
Suite 302
Carolina, PR 00979
United States of America
Telephone: (650) 469-3750
Facsimile: (650) 472-8961
Email: pp@consensuslaw.io

Attorneys for Plaintiffs BMA LLC,
Yaroslav Kolchin and Vitaly Dubinin

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BMA LLC, Yaroslav Kolchin and Vitaly Dubinin,<br><br>Plaintiffs,<br><br>v.<br><br>HDR Global Trading Limited (A.K.A. BitMEX), ABS Global Trading Limited, Arthur Hayes, Ben Delo and Samuel Reed,<br><br>Defendants. | Case No.  3:20-cv-3345-WHO<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION PER CIVIL LOCAL RULE 7-11**<br><br>**Complaint Filed: May 16, 2020**<br>**Second Amended Complaint Filed: July 14, 2020**<br><br>**Discovery Cutoff: None Set**<br>**Pretrial Conference Date: None Set**<br>**Trial Date: None Set** |

## PLAINTIFFS' RESPONSE

### Procedural Background

Plaintiffs filed the original Complaint, Dkt. No. 1, on May 16, 2020, alleging that Defendants engaged in racketeering in violation of 18 U.S.C. §§ 1962(d) and (c) ("RICO") and cryptocurrency market manipulation in violation of the Commodity Exchange Act ("CEA"), 7 U.S.C. §§ 1 et seq., as well as state causes of action.  Two days later, on May 18, 2020 Plaintiff filed an Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(1)(A), Dkt. No. 6, with minor corrections of typographical errors and no substantive changes.  On July 14, 2020, parties stipulated to waiver of service of process, filing of a Second Amended Complaint ("SAC") and set a briefing schedule.  Court has granted this stipulation, Dkt. No. 31, and Plaintiffs filed the SAC on July 14, 2020, Dkt. No. 32.  Subsequently, in August of 2020, Plaintiffs asked Defendants to stipulate on filing of a Third Amended Complaint, adding new parties, which Defendants refused during a meet and confer call.  Defendants filed their Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) on September 14, 2020, Dkt. No. 42.  Plaintiffs' opposition to said Motion was also filed.  To conserve judicial resources, Plaintiffs filed a Motion for Leave to File Third Amended Complaint ("TAC", Dkt. No. 45) on October 8, 2020, overcoming all of Defendants' arguments raised in their Motion to Dismiss.  Dkt. No. 46.  *Dolgov v. HDR Global Trading Limited*, No. 4:20-cv-07140-YGR was filed as a separate case because Defendants' counsel Mr. Hibbard was trying to use any excuse, including a simple addition of new parties to the present case, for insisting on delaying the resolution of the initial motions in the present action even further.

On October 1, 2020, Defendants Hayes, Delo and Reed were indicted by the United States Department of Justice ("DOJ") on felony charges of violating the Bank Secrecy Act by willfully evading U.S. anti-money laundering requirements. On the same day, the Commodity Futures Trading Commission ("CFTC") announced the filing of a civil enforcement action in the U.S. District Court for the Southern District of New York charging Defendants HDR, ABS, Hayes, Delo and Reed with operating an unregistered trading platform and violating multiple CFTC

Regulations, including failing to implement required anti-money laundering procedures.

In announcing the indictment, FBI Assistant Director William F. Sweeney Jr. said: "As we allege here today, the four defendants, through their company's BitMEX crypto-currency trading platform, willfully violated the Bank Secrecy Act by evading U.S. anti-money laundering requirements. One defendant went as far as to brag the company incorporated in a jurisdiction outside the U.S. because bribing regulators in that jurisdiction cost just 'a coconut.' Thanks to the diligent work of our agents, analysts, and partners with the CFTC, they will soon learn the price of their alleged crimes will not be paid with tropical fruit, but rather could result in fines, restitution, and federal prison time." Defendant Reed was apprehended by the FBI in Boston, Massachusetts. Defendants Hayes and Delo remain at large and are currently fugitives wanted by the U.S. Government.

**Statement Of The Relevant Facts**

Defendants Hayes, Delo and Reed are notorious fraudsters, who have been criminally charged with felony money laundering related offenses by the U.S. Department of Justice and two of whom are currently fugitives from the U.S. law enforcement. Attached hereto as Exhibits A and B are true and correct copies of the announcements of the CFTC and DOJ enforcement actions against Defendants. Defendant Hayes publicly admitted to bribery of foreign government officials and bank fraud and even expressed pride in his criminal actions.

Exhibits C and D are true and correct copies of two sworn declarations by two of the defrauded victims of the Defendants, Frank Amato and Elfio Guido Capone, attesting, under oath, how Defendants defrauded them out of millions of dollars.

Being keenly aware of the Commodity Futures Trading Commission ("CFTC") and Department of Justice ("DOJ") investigations and imminently forthcoming civil and criminal charges, and while preparing to go on a lam from the U.S. authorities, Defendants Hayes, Delo and Reed looted about $440,308,400 of proceeds of various nefarious activities that took place on the BitMEX platform, from accounts of Defendant HDR, Exhibits E, F, G. The looted funds were divided among Defendants and their associate substantially in accordance with the

following table, prepared on information and belief of Plaintiffs:

| | **Shareholder of HDR Global Trading Limited** | **Equity Ownership Percentage** | **Distribution Amount** |
|---|---|---|---|
| 1. | Arthur Hayes | 31.67% | $139,430,993.33 |
| 2. | Benjamin Delo | 31.67% | $139,430,993.33 |
| 3. | Samuel Reed | 31.67% | $139,430,993.33 |
| 4. | Sean O'Sullivan Ventures (SOSV) | 5% | $22,015,420.01 |
| | | **Total:** | **$440,308,400.00** |

These fraudulent distributions of proceeds of illegal acts were made on the following dates, which are **after** Defendants learned about the Government investigations and **after** receiving a draft complaint in this action in 2019:

| | **Distribution Date** |
|---|---|
| 1. | October 15, 2019 |
| 2. | November 19, 2019 |
| 3. | January 2020 |

From this information, it appears that Defendants were actively and deliberately looting Defendant HDR and trying to make its funds unavailable for the collection of future judgments against it. Specifically, the aforesaid profit distributions at a rate of $440,308,400.00 in just three months were clearly not performed in the ordinary course of business of Defendant HDR, as they represent $1,761,233,600 annual profit distribution rate, which money Defendant HDR simply does not earn. Therefore, these extraordinarily large distributions were clearly designed to loot Defendant HDR of its assets and hinder Plaintiffs' and Government's recovery of any future judgments. Furthermore, such a remarkable surge in proceeds distributions may also indicate that

Defendants are looting BitMEX Insurance Fund, Exhibits E, F, G.

In addition, from the outlandish arguments that Mr. Hibbard made in his Motion to Dismiss and his Opposition to Plaintiffs' Motion to Stay and from his attempt to even misrepresent the allegations of Plaintiffs' Complaint to Judge Orrick, it is patently obvious that Mr. Hibbard is not fighting this case on the merits.  Mr. Hibbard's clear and unmistakable strategy is to delay the current proceedings to give Defendants enough time to loot their company dry and prevent Plaintiffs from collecting any money on the inevitable judgment.

## Argument

Plaintiffs would like to address Defendants' attempt to mislead and confuse the Court by making it look like Plaintiffs's counsel filed the *Dolgov v. HDR Global Trading Limited*, No. 4:20-cv-07140-YGR action as a separate case for no apparent reason.   In reality, *Dolgov* action was filed as a separate case only because, being motivated by his desire to delay the proceedings as much as possible as explained in detail above, Defendants' counsel Mr. Hibbard was trying to use any excuse, including a simple addition of new parties to the present case, for insisting on delaying the resolution of the initial motions in the present action even further.  Defendants had four full months to file their motions to dismiss and Plaintiffs were not willing to delay resolution of those motions even further as Defendants tried to do.

Therefore, it was Defendants and not Plaintiffs who were responsible for the duplication of the judicial proceedings and for delaying resolution of the initial motions as much as they were delayed.

Plaintiffs believe that the determination of whether *BMA LLC v. HDR Global Trading Limited*, No. 3:20-cv-03345-WHO and *Dolgov v. HDR Global Trading Limited*, No. 4:20-cv-07140-YGR are Related Cases is properly left to sound discretion of Judge William H. Orrick pursuant to Civil Local Rule 3-12.

| | |
|---|---|
| Dated: October 30, 2020 | Respectfully submitted, |
| | By: /s/ Pavel I. Pogodin |
| | Pavel I. Pogodin |
| | |
| | CONSENSUS LAW |
| | Pavel I. Pogodin, Ph.D., Esq. |
| | 5245 Ave Isla Verde |
| | Suite 302 |
| | Carolina, PR 00979 |
| | United States of America |
| | Telephone: (650) 469-3750 |
| | Facsimile: (650) 472-8961 |
| | Email: pp@consensuslaw.io |
| | Attorneys for Plaintiff BMA LLC |