```
1   Pavel I. Pogodin, Ph.D., Esq. (SBN 206441)
    CONSENSUS LAW
2   5245 Ave Isla Verde
    Suite 302
3   Carolina, PR 00979
    United States of America
4   Telephone: (650) 469-3750
    Facsimile: (650) 472-8961
5   Email: pp@consensuslaw.io
6
7   Attorneys for Plaintiff BMA LLC,
    Yaroslav Kolchin and Vitaly Dubinin
8
```

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| BMA LLC, Yaroslav Kolchin and Vitaly Dubinin, | Case No. 3:20-cv-3345-WHO |
|---|---|
| Plaintiffs, | **DECLARATION OF PAVEL POGODIN, ESQ. IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION PER CIVIL LOCAL RULE 7-11** |
| v. | |
| HDR Global Trading Limited (A.K.A. BitMEX), ABS Global Trading Limited, Arthur Hayes, Ben Delo and Samuel Reed, | **Complaint Filed:** May 16, 2020<br>**Second Amended Complaint Filed:** July 14, 2020 |
| Defendants. | **Discovery Cutoff:** None Set<br>**Pretrial Conference Date:** None Set<br>**Trial Date:** None Set |

I, Pavel I. Pogodin, state and declare as follows:

1. I am an attorney of record in this action for Plaintiffs BMA LLC, Yaroslav Kolchin and Vitaly Dubinin. I am a member in good standing of the Bar of the State of California, and I am admitted to practice before this Court. I have personal knowledge of the matters set forth in this declaration, and if called upon to do so, I would willingly and competently

testify as to those matters.

2. This Declaration is being filed in support of Plaintiffs' Response To Defendants' Administrative Motion Per Civil Local Rule 7-11.

3. Defendants Hayes, Delo and Reed are notorious fraudsters, who have been criminally charged with felony money laundering related offenses by the U.S. Department of Justice and two of whom are currently fugitives from the U.S. law enforcement. Attached hereto as Exhibits A and B are true and correct copies of the announcements of the CFTC and DOJ actions against Defendants.

4. Defendant Hayes publicly admitted to bribery of foreign government officials and bank fraud and even expressed pride in his criminal actions.

5. Attached hereto as Exhibits C and D are true and correct copies of two sworn declarations by two of the defrauded victims of the Defendants, Frank Amato and Elfio Guido Capone, attesting, under oath, how Defendants defrauded them out of millions of dollars.

6. The below statements 7. through 11. are being made based on my information and belief and additionally based on my detailed review of the recent public filings in San Francisco Superior Court Case CGC-19-581267, Exhibits E, F, G, which were, in turn, prepared using and based on financial records received by respective counsel, under a records subpoena, from one of the major shareholders of Defendant HDR - Sean O'Sullivan Ventures (SOSV).

7. It appears to me that while being keenly aware of the Commodity Futures Trading Commission ("CFTC") and Department of Justice ("DOJ") investigations and imminently forthcoming civil and criminal charges, and while preparing to go on a lam from the U.S. authorities, Defendants Hayes, Delo and Reed looted about $440,308,400 of proceeds of various nefarious activities that took place on the BitMEX platform from Defendant HDR accounts.

8. It also appears to me that the looted funds were divided among Defendants and their associate substantially in accordance with the following table:

| | Shareholder of HDR Global Trading Limited | Equity Ownership Percentage | Distribution Amount |
|---|---|---|---|
| 1. | Arthur Hayes | 31.67% | $139,430,993.33 |
| 2. | Benjamin Delo | 31.67% | $139,430,993.33 |
| 3. | Samuel Reed | 31.67% | $139,430,993.33 |
| 4. | Sean O'Sullivan Ventures (SOSV) | 5% | $22,015,420.01 |
| | | **Total:** | **$440,308,400.00** |

9. It further appears that the distributions of proceeds of illegal acts were made on the following dates, which are <u>after</u> Defendants learned about the Government investigation and two of which are after Defendants received a draft complaint in this action on or about November 8, 2019.

| | Distribution Date |
|---|---|
| 1. | October 15, 2019 |
| 2. | November 19, 2019 |
| 3. | January 2020 |

10. It yet further appears that Defendants were actively and deliberately looting Defendant HDR and trying to make its funds unavailable for the collection of future judgments against it. Specifically, the aforesaid profit distributions at a rate of $440,308,400.00 in just three months were not performed in the ordinary course of business of Defendant HDR, as they represent $1,761,233,600 annual profit distribution rate, which money Defendant HDR simply does not earn. Therefore, these extraordinarily large distributions were designed to loot Defendant HDR of its assets and hinder Plaintiffs' and Government's recovery of any future judgments. Furthermore, such a remarkable surge in proceeds distributions may also indicate that Defendants are looting BitMEX Insurance

Fund.

11. It yet further appears from the outlandish arguments that Defendants' counsel Mr. Hibbard made in his Motions to Dismiss and Stay Discovery and his Opposition to Plaintiffs' Motion for Leave to File Third Amended Complaint, and from his attempt to even misrepresent the allegations of Plaintiffs' Complaint to Judge Orrick, that Mr. Hibbard is not fighting this case on the merits.  It seems that Mr. Hibbard's strategy is to give Defendants enough time to loot their company dry and prevent Plaintiffs from collecting any money on the inevitable judgment.

12. A true and correct copy of a letter I sent to Defendants' counsel Stephen Hibbard on or about September 28, 2020, is attached hereto as Exhibit H.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, except for the statements 7. through 11., which I made on information and belief, and which I believe to be true.

Executed on October 30, 2020, in Carolina, Puerto Rico.

By: /s/ Pavel I. Pogodin
Pavel I. Pogodin