1   Stephen D. Hibbard (State Bar No. 177865)        Edward H. Takashima (State Bar No. 270945)
    sdhibbard@jonesday.com                           BOIES SCHILLER FLEXNER LLP
2   Matthew J. Silveira (State Bar No. 264250)       725 S Figueroa Street
    msilveira@jonesday.com                           31st Floor
3   Dennis F. Murphy, Jr. (State Bar No. 301008)     Los Angeles, CA 90017
    dennismurphy@jonesday.com                        Phone: (213) 629-9040
4   JONES DAY                                        Fax:    (213) 629-9022
    555 California Street, 26th Floor                Email: etakashima@bsfllp.com
5   San Francisco, CA  94104
    Telephone:   +1.415.626.3939                     Attorneys for Defendant
6   Facsimile:   +1.415.875.5700                     BEN DELO

7   Attorneys for Defendants                         Douglas K. Yatter (State Bar No. 236089)
    HDR GLOBAL TRADING LIMITED and ABS               douglas.yatter@lw.com
8   GLOBAL TRADING LIMITED                           LATHAM & WATKINS, LLP
                                                     885 Third Avenue
9   Peter I. Altman (State Bar No. 285292)           New York, NY 10022-4834
    paltman@akingump.com                             Phone: (212) 906-1200
10  Marshall L. Baker (State Bar No. 300987)
    mbaker@akingump.com                              Matthew Rawlinson (State Bar No. 231890)
11  Jessica H. Ro (State Bar No. 329737)             matt.rawlinson@lw.com
    jro@akingump.com                                 LATHAM & WATKINS, LLP
12  AKIN GUMP STRAUSS HAUER & FELD LLP               140 Scott Drive
    1999 Avenue of the Stars, Suite 600              Menlo Park, CA
13  Los Angeles, CA  90067-6022                      Phone: (650) 328-4600
    Phone: (310) 229-1000
14                                                   Attorneys for Defendant
    Attorneys for Defendant                          SAMUEL REED
15  ARTHUR HAYES

16

17                    **UNITED STATES DISTRICT COURT**

18                   **NORTHERN DISTRICT OF CALIFORNIA**

19                       **SAN FRANCISCO DIVISION**

20

21  BMA LLC, Yaroslav Kolchin and Vitaly          Case No. 3:20-cv-03345-WHO
    Dubinin,
22                                                **DEFENDANTS' NOTICE OF
                 Plaintiffs,                      MOTION AND MOTION TO
23                                                CONSOLIDATE; MEMORANDUM
          v.                                      OF POINTS AND AUTHORITIES IN
24                                                SUPPORT THEREOF**
    HDR Global Trading Limited (a.k.a.
25  BitMEX), ABS Global Trading Limited,          Date:  December 9, 2020
    Arthur Hayes, Ben Delo and Samuel Reed,       Time:  2:00 p.m.
26                                                Ctrm: 2 – 17th Floor
                 Defendants.                      Judge:  Honorable William H. Orrick
27

28

1

**NOTICE OF MOTION**

2      PLEASE TAKE NOTICE that at 2:00 p.m. on December 9, 2020, before the Honorable

3  William H. Orrick, in Courtroom 2, 17th Floor, San Francisco Courthouse, 450 Golden Gate

4  Avenue, San Francisco, CA 94102, defendants HDR Global Trading Limited ("HDR"), ABS

5  Global Trading Limited ("ABS"), Arthur Hayes, Ben Delo, and Samuel Reed (together,

6  "Defendants"), will and hereby do move to consolidate for all purposes this action, *BMA LLC v.*

7  *HDR Global Trading Limited*, No. 3:20-cv-03345-WHO, and the action entitled *Dolgov v. HDR*

8  *Global Trading Limited*, No. 4:20-cv-07140-YGR, pursuant to Rule 42 of the Federal Rules of

9  Civil Procedure on the grounds stated below.

10      The Motion is based on this Notice of Motion, the Memorandum of Points and Authorities

11  in support of this Motion, the Declaration of Stephen D. Hibbard, the Proposed Order filed

12  concurrently herewith, the pleadings and records on file in this action, and upon such other

13  matters as may be presented to the Court at or prior to the hearing on this Motion.

14

**RELIEF REQUESTED**

15      The Court should consolidate for all purposes the actions *BMA LLC v. HDR Global*

16  *Trading Limited*, No. 3:20-cv-03345-WHO, and *Dolgov v. HDR Global Trading Limited*, No.

17  4:20-cv-07140-YGR, pursuant to Rule 42 of the Federal Rules of Civil Procedure.

18
19
20
21
22
23
24
25
26
27
28

1    Dated: November 4, 2020                          JONES DAY

2

3                                                      By: /s/ Stephen D. Hibbard
                                                           Stephen D. Hibbard
4
                                                      Counsel for Defendants
5                                                      HDR GLOBAL TRADING LIMITED and
                                                       ABS GLOBAL TRADING LIMITED
6

7                                                      AKIN GUMP STRAUSS HAUER & FELD
                                                       LLP
8

9
                                                      By: /s/ Peter I. Altman
10                                                         Peter I. Altman

11                                                     Counsel for Defendant
                                                       ARTHUR HAYES
12

13                                                     BOIES SCHILLER FLEXNER LLP

14

15                                                     By: /s/ Edward H. Takashima
                                                           Edward H. Takashima
16
                                                       Counsel for Defendant
17                                                     BEN DELO

18

19                                                     LATHAM & WATKINS, LLP

20

21                                                     By: /s/ Douglas K. Yatter
                                                           Douglas K. Yatter
22                                                         Matthew Rawlinson

23                                                     Counsel for Defendant
                                                       SAMUEL REED
24

25

26

27

28

Case No. 3:20-cv-03345-WHO
MOTION TO CONSOLIDATE

1          **MEMORANDUM OF POINTS AND AUTHORITIES**

2     **I.      INTRODUCTION**

3            Defendants HDR Global Trading Limited, ABS Global Trading Limited, Arthur Hayes,

4     Ben Delo, and Samuel Reed (together, "Defendants") respectfully move pursuant to Rule 42(a)

5     and this Court's discretionary and inherent powers for an order consolidating for all purposes the

6     lawsuits entitled *BMA LLC v. HDR Global Trading Limited*, No. 3:20-cv-03345-WHO (the

7     "*BMA* action") and *Dolgov v. HDR Global Trading Limited*, No. 4:20-cv-07140-YGR (the

8     "*Dolgov* action"), and directing the Plaintiffs in both actions to file a single, consolidated

9     complaint for purposes of adjudicating an omnibus motion to dismiss from Defendants.  For the

10    reasons detailed below, consolidating these related lawsuits—beginning with the filing of a

11    single, consolidated complaint, to be addressed, in turn, through consolidated briefing on

12    Defendants' motion to dismiss—will promote efficiency, conserve resources, reduce confusion,

13    and will not cause prejudice to any party.

14    **II.     RELEVANT BACKGROUND**

15           This motion seeks the consolidation of two lawsuits, each of which is brought by the same

16    Plaintiffs' counsel, and each of which asserts substantially identical claims against Defendants

17    arising out of the same purported facts.  To understand why consolidation of those lawsuits for all

18    purposes (including pleadings, motion practice, discovery, and if necessary, trial) would serve the

19    interests of judicial efficiency, a brief overview of the procedural posture of both the *BMA* and

20    *Dolgov* lawsuits is in order.

21           **A.    Plaintiffs' Counsel Files The *BMA* Action, And Then Repeatedly Seeks To
22                   Amend The Operative Complaint.**

23           Plaintiffs' counsel Pavel Pogodin filed the initial complaint on behalf of Plaintiff BMA

24    LLC[1] in the *BMA* action on May 16, 2020, alleging that the Defendants violated the Commodity

---

26           [1] As noted in Defendants' pending motion to dismiss the SAC in the *BMA* action, the
27    Puerto Rico Registry of Corporations and Entities reveals that Plaintiff's counsel, Pavel Pogodin,
      formed BMA LLC in March 2019—initially named TransPacific IP Group LLC and later Bitcoin
      Manipulation Abatement LLC—and is himself listed as its sole authorized person.  *BMA*, ECF 42
28    at 5 & n.2.

1   Exchange Act ("CEA"), the federal Racketeering Influenced and Corrupt Organizations

2   ("RICO") Act, and California state law by purportedly manipulating the price of cryptocurrencies

3   via BitMEX and then allegedly laundering the funds obtained from that purported market

4   manipulation.  Since that initial filing, Plaintiffs' operative pleading in the *BMA* action has been a

5   moving target, with Plaintiffs' counsel repeatedly attempting to alter the pleadings to which the

6   Defendants must eventually respond.

7         Specifically, after amending the complaint in the *BMA* action as of right two days after

8   filing the *BMA* action, Plaintiffs' counsel requested—and Defendants agreed—to the filing of a

9   second amended complaint ("SAC").  That SAC added as plaintiffs in the *BMA* action two

10  citizens and residents of Russia alongside the original entity plaintiff, BMA LLC.  *BMA*, ECF 31,

11  32.  In the months after that agreed-upon amendment, Plaintiffs' counsel proposed to add

12  additional plaintiffs and defendants before Defendants' response to the SAC was due, but

13  ultimately chose to stand on the SAC.  *See BMA*, ECF 62-1 ¶ 3.

14        Once Defendants actually filed their motion to dismiss (*BMA*, ECF 42), however,

15  Plaintiffs' counsel yet again sought to alter the operative complaint.  One week after Defendants

16  moved to dismiss, the *BMA* Plaintiffs moved for leave to file a third amended complaint ("TAC")

17  on October 7, 2020, which added new defendants, but no new plaintiffs.  *BMA*, ECF 44, 45, 46.

18  Defendants have opposed that motion on both futility and bad faith grounds (*BMA*, ECF 69);

19  Plaintiffs' motion for leave to amend is scheduled for a November 10, 2020 hearing before this

20  Court.  But even the prospect of a hearing on their proposed TAC has not stopped Plaintiffs'

21  counsel's efforts to further alter the operative *BMA* action.  On October 30, 2020, Plaintiffs'

22  counsel proposed yet another change, this time asking Defendants to stipulate to the addition of

23  two additional defendants—who Plaintiffs' counsel describes as "exchanges/OTC desks that

24  BitMEX used for conversion of bitcoin to fiat"—"to the TAC in the *BMA* action, should the

25  Court grant leave to amend (very likely)."  Hibbard Decl. ¶ 3, Ex. B.

26        **B.    Plaintiffs' Counsel Files Additional Lawsuits, Including The *Dolgov* Action,
              Which Are Predicated on the Same Purported Facts as the *BMA* Action.**

27

28        In the midst of Plaintiffs' counsel's repeated efforts to rejigger the operative complaint in

the *BMA* action, he has also initiated multiple other lawsuits against the Defendants, bringing substantially identical claims based upon the same purported facts as those alleged in the *BMA* action.

On October 14, 2020, Plaintiffs' counsel filed a new lawsuit on behalf of another Russian citizen, Dmitry Dolgov.  The *Dolgov* action names as Defendants all of the Defendants named in the *BMA* proposed TAC plus three additional defendants—all family members of one of the original individual Defendants.  *Dolgov*, ECF 1.  But apart from identifying a new plaintiff and the three new defendants, the complaint in the *Dolgov* action looks nearly identical to the proposed TAC in the *BMA* action:  it asserts CEA, RICO, and California state law claims against the Defendants in the *BMA* action for purported market manipulation and subsequent laundering of funds obtained from that alleged manipulation.

Plaintiffs' counsel himself identified the *BMA* case as a related case on the *Dolgov* Civil Cover Sheet, *Dolgov*, ECF 1-1, and Defendants have filed an administrative motion for the cases to be deemed related, *BMA*, ECF 79.  While Plaintiffs' counsel refused to join in Defendants' administrative motion, his "response" to that motion does not actually purport to oppose designating the cases as related.  *See BMA*, ECF 84 at 5 ("Plaintiffs belief [*sic*] that the determination of whether [the *BMA* action] and [the *Dolgov* action] are Related Cases is properly left to sound discretion [sic] of Judge William H. Orrick pursuant to Civil Local Rule 3-12.").

At present, Plaintiffs' counsel has not yet attempted to seek leave to amend the *Dolgov* complaint.  But Plaintiffs' counsel has already suggested he will do so.  In fact, when counsel for ABS and HDR suggested that Plaintiffs' counsel incorporate Mr. Dolgov's claims into the existing *BMA* complaint via amendment, Plaintiffs' counsel refused, stating "with a new case filed, new plaintiff will be able to amend first as a matter of right under FRCP 15(a)(1) and then will probably have another 3-4 chances to amend after hearings on the motion to dismiss." Hibbard Decl. ¶ 2, Ex. A.

Plaintiffs' counsel has also filed a third case against Defendants HDR, ABS, and Hayes on behalf of three other Russian plaintiffs in the Superior Court for the County of San Francisco, which he recently amended to allege violations of the same federal laws underpinning the *BMA*

and *Dolgov* actions.  Defendants are filing a Notice of Other Action or Proceeding concurrently with this Motion to consolidate, and request coordination of that state court action with the *BMA* and *Dolgov* actions to the extent feasible.

### C.    Consolidation Is Necessary To Streamline The Inefficiencies And Duplication Created by Plaintiffs' Counsel's Procedural Maneuvering.

As a result of Plaintiffs' counsel's decision to file the *Dolgov* action as a separate lawsuit, on top of his efforts yet again to amend the operative complaint in the *BMA* action, Defendants now face the prospect of having to defend against nearly identical allegations in multiple lawsuits at different points in time.  Most immediately, Plaintiffs' counsel's maneuvering now requires Defendants to respond to Plaintiffs' complaint on different timelines.  Indeed, Defendants have already filed one motion to dismiss in the *BMA* action, and face the prospect of filing at least two more on different timelines:  one in the *Dolgov* action (which Plaintiffs' counsel may respond to by seeking yet another amendment), and, depending on whether the Court grants Plaintiffs' motion for leave to amend, another one in the *BMA* action.  And, absent consolidation, the Defendants may be subject to a discovery and pretrial schedule that requires them to respond to substantially identical allegations on completely different schedules.

This Court should curtail the inefficiencies created by Plaintiffs' counsel by consolidating the *BMA* and *Dolgov* cases for all purposes, beginning with an order requiring Plaintiffs in both the *BMA* action and the *Dolgov* action to file a single consolidated complaint so that the Court can efficiently determine whether Plaintiffs state a claim that can survive Defendants' motion to dismiss.

## III.    ARGUMENT

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions involve a common question of law or fact, the court may," among other options, "consolidate the actions." Fed. R. Civ. P. 42(a)(2).  "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases."  *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018).  Indeed, so long as the consolidation of cases raising common question of law and fact will not unduly prejudice a party or confuse the jury, "consolidation is a favored procedure."  *Blount v. Boston Scientific*

1  *Corp.*, 2019 WL 3943872, at *2 (E.D. Cal. Aug. 21, 2019).

2  　　　　Courts are authorized to wield that broad discretion in a variety of different ways.  For

3  example, "[a] district court may order a consolidated complaint pursuant to Federal Rule of Civil

4  Procedure 42(a) and the court's discretionary and inherent powers, so long as such consolidation

5  does not cause serious prejudice to the right of a party to litigate its claims or defenses."  *Diaz v.*

6  *First Am. Home Buyers Prot. Co.*, 2014 WL 12696519, at *5 (S.D. Cal. Sept. 25, 2014)

7  (collecting authorities holding same and ordering the consolidation of pleadings in related cases

8  when doing so would "promote efficiency, conserve resources, reduce confusion, and not cause

9  prejudice to any party").  Consolidation of similar pleadings in multiple lawsuits brought by

10  different plaintiffs against similar defendants is particularly useful, as doing so "eliminates the

11  need for multiple answers to multiple complaints and streamlines discovery, allowing it to be

12  directed to the consolidated complaint, rather than to each individual plaintiff's complaint."

13  *Indiana State District Council of Laborers & Hod Carriers Pension Fund v. Gecht*, 2007 WL

14  902554, at *2-3 & n.1 (N.D. Cal. Mar. 22, 2007) (quoting Moore's Fed. Prac.–Civ. § 42.10)

15  (ordering individual plaintiffs to file a consolidated complaint in two related cases "involv[ing]

16  most of the same Defendants and further involv[ing] many of the same claims," and finding that

17  "consolidation of all pretrial proceedings, including discovery, is warranted).[2]  And courts are

18  authorized to consolidate multiple cases for a single trial, particularly when doing so permits

19  judicial efficiency and/or avoids the "possibility of inconsistent findings."  *See Blount*, 2019 WL

20  3943872 at *2 (consolidating for trial four cases, each brought by different plaintiffs against the

21  same defendant regarding the same product liability claims).

22  　　　　The *BMA* and *Dolgov* actions present the quintessential situation where the Court should

23  exercise its inherent power to consolidate the cases for all purposes.  As detailed above, both the

24  *Dolgov* and *BMA* actions attempt to bring similar claims arising out of the same set of alleged

25

---

26  　　　　[2] *See also In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 176-77 (C.D.
Cal. 1976) ("the consolidation of pleadings for pretrial purposes is within the discretionary power

27  of the district court"); *Salinas v. City of San Jose*, 2010 WL 5300920, at *1 (N.D. Cal. Dec. 20,
2010) (court previously ordered parties to file "consolidated complaint … for the purposes of

28  combining the then-existing claims and parties in a single pleading").

Case No. 3:20-cv-03345-WHO
MOTION TO CONSOLIDATE

1    facts:  namely, that Defendants allegedly engaged in market manipulation, and then purportedly

2    laundered the funds obtained from that claimed market manipulation.  Indeed, the only material

3    difference between those lawsuits is that the *Dolgov* action attempts to bring those RICO, CEA,

4    and state law claims on behalf of a new plaintiff, and also attempts to add some of Defendants'

5    family members as additional defendants.  There is therefore no question that the *Dolgov* action

6    and the *BMA* action "involve a common question of law or fact."  *See* Fed. R. Civ. P. 42(a).

7           Nor can there be any serious dispute that consolidating the *Dolgov* and *BMA* actions for

8    all purposes—beginning with the filing of a single, consolidated complaint—would serve

9    interests of judicial efficiency.  As noted above, Defendants have already filed a motion to

10   dismiss the SAC in the *BMA* action, and intend also to move to dismiss the *Dolgov* action (to

11   which Plaintiffs' counsel has threatened to respond with at least "3-4" amended pleadings, *see*

12   Hibbard Decl. ¶ 2, Ex. A).  And, depending on if this Court grants Plaintiffs' motion for further

13   leave to amend in the *BMA* action, Defendants may need to file yet another motion in that case.

14   Ordering Plaintiffs' complaints to be consolidated will "eliminate the need for multiple answers

15   to multiple complaints and streamline[] discovery."  *Indiana State Dist. Council*, 2007 WL

16   902554, at *3 n.1.

17          Finally, Plaintiffs in the *BMA* and *Dolgov* actions will not suffer any prejudice from this

18   consolidation.  Indeed, Plaintiffs' counsel himself agreed in one of his filings in the *BMA* action

19   that a single briefing schedule for a motion to dismiss "is highly desirable for judicial efficiency

20   reasons."  *BMA*, ECF 63 at 2.  That is exactly what consolidation would accomplish here,

21   beginning with Defendants' anticipated omnibus motion to dismiss Plaintiffs' consolidated

22   complaint.

23   **IV.    CONCLUSION**

24          For the foregoing reasons, this Court should enter an order consolidating the BMA and

25   *Dolgov* actions for all purposes, beginning with an order requiring Plaintiffs in both the *BMA*

26   action and the *Dolgov* action to file a single, consolidated complaint.

27

28

1    Dated: November 4, 2020                    Respectfully submitted,

2                                           JONES DAY

By: */s/ Stephen D. Hibbard*
        Stephen D. Hibbard

Counsel for Defendants
HDR GLOBAL TRADING LIMITED and
ABS GLOBAL TRADING LIMITED

AKIN GUMP STRAUSS HAUER & FELD LLP

By: */s/ Peter I. Altman*
        Peter I. Altman

Counsel for Defendant
ARTHUR HAYES

BOIES SCHILLER FLEXNER LLP

By: */s/ Edward H. Takashima*
        Edward H. Takashima

Counsel for Defendant
BEN DELO

LATHAM & WATKINS, LLP

By: */s/ Douglas K. Yatter*
        Douglas K. Yatter
        Matthew Rawlinson

Counsel for Defendant
SAMUEL REED

1         I, Stephen D. Hibbard, am the ECF User whose ID and password are being used to file

2    this MOTION TO CONSOLIDATE.  In compliance with Civil L.R. 5-1(i)(3), I hereby attest that

3    all signatories concur in this filing.

4    DATED:  November 4, 2020

5                                                                */s/ Stephen D. Hibbard*

6                                                           STEPHEN D. HIBBARD

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28