Pavel I. Pogodin, Ph.D., Esq. (SBN 206441)
CONSENSUS LAW
5245 Ave Isla Verde
Suite 302
Carolina, PR 00979
United States of America
Telephone: (650) 469-3750
Facsimile: (650) 472-8961
Email: pp@consensuslaw.io

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BMA LLC, Yaroslav Kolchin, Vitaly Dubinin, Dmitry Dolgov and Păun Gabriel-Razvan,<br><br>Plaintiffs,<br><br>v.<br><br>HDR Global Trading Limited (A.K.A. BitMEX), ABS Global Trading Limited, Grape Park LLC, Mark Sweep LLC, Unknown Exchange, Arthur Hayes, Ben Delo, Samuel Reed, Agata Maria Reed (A.K.A. Agata Maria Kasza), Barbara A. Reed and Trace L. Reed,<br><br>Defendants. | Case No. 3:20-cv-3345-WHO<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION EXTENSION OF BRIEFING DEADLINES PER CIVIL LOCAL RULE 7-11**<br><br>**Complaint Filed: May 16, 2020**<br>**Second Amended Complaint Filed: July 14, 2020**<br>**Consolidated Complaint Filed: November 25, 2020**<br><br>**Discovery Cutoff: None Set**<br>**Pretrial Conference Date: None Set**<br>**Trial Date: None Set** |

**Defendants' Motion Is Non-Compliant With Civ. L.R. 6-3**

Defendants' motion is grossly non-compliant with Civ. L.R. 6-3, which specifically requires that a motion to enlarge or shorten time shall be accompanied by a proposed order and by a declaration that:

(1) Identifies the substantial harm or prejudice that would occur if the Court did not change the time;

(2) Discloses all previous time modifications in the case, whether by stipulation or Court order; and

(3) Describes the effect the requested time modification would have on the schedule for the case.

Defendants' motion does not meet any of these requirements and should be summarily denied based on this reason alone. Mr. Hibbard identified no harm that would occur if the Court did not change the time, he did not disclose all very extensive previous time modifications in the case, running into several months, whether by stipulation or Court order and he did not describe the effect the requested time modification would have on the schedule for the case.

**Defendants' Dilatory Tactics**

Defendants clearly engaged in dilatory tactics in this action, which already resulted in substantial prejudice to Plaintiffs, which were literally robbed by Defendants from their life savings. First, Mr. Hibbard bullied Plaintiffs into giving them 4 (!) whole months to respond to the original Complaint, which he failed to disclose to the Court despite being required to do so.

After Plaintiffs filed a motion for leave to file amended complaint on October 8, 2020, Mr. Hibbard fought it tooth and nail, even making scandalous claims about Plaintiffs' counsel, all while trying to prevent BMA Plaintiffs from amending their complaint to introduce exact same allegations that are part of later filed Dolgov's complaint. Then, when the time came to answer Dolgov action, Mr. Hibbard suddenly requested both BMA and Dolgov complaints to be merged, which would necessarily have placed the exact allegations that Mr. Hibbard fought against in the BMA action into the consolidated complaint. There is no other explanation for Mr. Hibbard's

seemingly erratic and bizarre actions, but his desire to cause delay.

During the hearing on the motion to consolidate on November 10, 2020, Mr. Hibbard, after again making scandalous claims about Plaintiffs' counsel to the Court, asked the Court to enlarge his time to respond to the amended consolidated complaint from 15 days to 21 days, which this Court granted.

During the November 10, 2020 hearing, the Court stated that it would prefer to get to the merits of the case as soon as possible and finally to have the hearing on the Defendants' motion to dismiss in the mid-January, 2021. Now, contrary to the Court's order and comments by Judge Orrick during the November 10, 2020 hearing, Mr. Hibbard wants to again enlarge the response time to almost one month and move the hearing date on the motion to mid February.

In view of the very substantial delays caused by the above dilatory actions by Mr. Hibbard, this request should be denied and the below proposed alternative briefing schedule adopted.

Moreover, in view of the fact that Defendants in this action are represented by over 15 lawyers of top international law firms, there will be absolutely no prejudice to Defendants who obviously have enough resources to get the briefing done in a timely manner as proposed below. Besides, Mr. Hibbard failed to identify any prejudice to Defendants as was required by Civ. L.R. 6-3.

Plaintiffs propose the below alternative briefing schedule that would provide Defendants with additional time to respond and still keep the mid-January hearing date suggested by the Court during the November 10, 2020 hearing, which would facilitate speedy resolution of this matter:

(1) December 16, 2020 – Defendants file Motion to Dismiss;

(2) December 30, 2020 – Plaintiffs file Opposition to Defendants' Motion to Dismiss;

(3) January 11, 2021 – Defendants file Reply to Plaintiffs' Opposition.

(4) January 20, 2021 – Hearing date on Defendants' Motion to Dismiss.

Plaintiffs believe that the above proposed briefing schedule is much more reasonable and

will accommodate interests of all parties, including interests of Plaintiffs in expeditious resolution of this matter instead of interests of Defendants alone, who are represented by over 15 lawyers in this case, who already delayed resolution of this matter substantially and who obviously have enough resources to get the briefing done in a timely manner as proposed above.

Dated:  December 4, 2020                    Respectfully submitted,

By:     /s/ Pavel I. Pogodin
            Pavel I. Pogodin

CONSENSUS LAW
Pavel I. Pogodin, Ph.D., Esq.
5245 Ave Isla Verde
Suite 302
Carolina, PR 00979
United States of America
Telephone: (650) 469-3750
Facsimile: (650) 472-8961
Email: pp@consensuslaw.io
Attorneys for Plaintiffs