**Pages 1 - 11**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE WILLIAM H. ORRICK, JUDGE

BMA LLC, YAROSLAV KOLCHIN,   )
VITALY DUBININ,              )
                             )
          Plaintiffs,        )
                             )
  VS.                        )   **No. 20-cv-3345-WHO**
                             )
HDR GLOBAL TRADING LIMITED   )
(A.K.A.  BITMEX), ABS GLOBAL )
TRADING LIMITED, ARTHUR HAYES,)
BEN DELO, SAMUEL REED,       )
                             )
          Defendants.        )
_____)   San Francisco, California
                                 Tuesday, November 10, 2020

**TRANSCRIPT OF PROCEEDINGS VIA ZOOM WEBINAR**

**APPEARANCES:** (via Zoom Webinar)

For Plaintiffs:         CONSENSUS LAW
                        5245 Avenue Isla Verde, Suite 302
                        Carolina, Puerto Rico 00979
                   **BY: PAVEL I. POGODIN, PH.D., ESQ.**


          (Appearances continued on next page)



Reported By:   Katherine Powell Sullivan, CSR #5812, CRR, RMR
               Official Reporter - U.S. District Court

```
 1   APPEARANCES: (via Zoom Webinar; continued)

 2   For Defendants HDR GLOBAL TRADING LIMITED and ABS GLOBAL
     TRADING LIMITED:
 3                       JONES DAY
                         555 California Street, 26th Floor
 4                       San Francisco, California 94104
                   BY:   STEPHEN D. HIBBARD, ESQ.
 5                       MATTHEW J. SILVEIRA, ESQ.
                         JASON S. MCDONELL, ESQ.
 6
     For Defendant Arthur Hayes:
 7                       AKIN GUMP STRAUSS HAUER & FELD LLP
                         1999 Avenue of the Stars, Suite 600
 8                       Los Angeles, California 90067-6022
                   BY:   PETER I. ALTMAN, ESQ.
 9
     For Defendant Ben Delo:
10                       BOIES SCHILLER FLEXNER LLP
                         725 S Figueroa Street, 31st Floor
11                       Los Angeles, California 90017
                   BY:   EDWARD H. TAKASHIMA, ESQ.
12
     For Defendant Samuel Reed:
13                       LATHAM & WATKINS, LLP
                         885 Third Avenue
14                       New York, New York 10022-4834
                   BY:   DOUGLAS K. YATTER, ESQ.
15
                         LATHAM & WATKINS, LLP
16                       140 Scott Drive
                         Menlo Park, California 94025
17                 BY:   MATTHEW RAWLINSON, ESQ.

18

19

20

21

22

23

24

25
```

| | |
|---|---|
| **Tuesday - November 10, 2020** | **2:41 p.m.** |

**P R O C E E D I N G S**

---oOo---

**THE CLERK:** So this is case number 20-3345, BMA LLC versus HDR Global Trading Limited, et al.

Counsel, if you would please state your appearance for the record.

**MR. POGODIN:** Good afternoon, Your Honor. This is Pavel Pogodin on behalf of all plaintiffs.

**MR. SILVEIRA:** This is Matt Silveira. Hold on just a second.

**MR. HIBBARD:** Excuse me in the courtroom. Can the courtroom deputy hear my voice? This is Steve Hibbard of Jones Day.

**THE CLERK:** Yes, Mr. Hibbard.

**MR. HIBBARD:** I apologize. We had one system set to go, but apparently it didn't quite connect, and I probably need ten seconds to get this where you can see me.

**THE COURT:** We can see you, Mr. Hibbard.

**MR. HIBBARD:** Okay. Thank you, Your Honor.

So I lost the flow when we were trying to switch between systems, but I'm appearing with my colleagues Matt Silveira and also Jason O'Donnell on behalf of defendants HDR Global Trading Limited, ABS Global Trading Limited. And except as necessary, I'll be speaking today on behalf of defendants.

1    **THE COURT:** All right. Does anybody else want to
2  state an appearance?
3    **MR. ALTMAN:** Yes, Your Honor, this is Peter Altman --
4    **THE COURT:** You are muted, Mr. Altman.
5    **MR. ALTMAN:** Yeah, I apologize for the echo. I'm not
6  exactly sure what's going on.
7    -- from Akin Gump, on behalf of defendant Arthur Hayes.
8    **MR. YATTER:** Good afternoon, Your Honor. On behalf of
9  defendant Samuel Reed, this is Douglas Yatter, Latham &
10 Watkins. With me is my partner Matt Rawlinson, also from
11 Latham & Watkins.
12   **MR. TAKASHIMA:** Good afternoon, Your Honor. Ed
13 Takashima, of Boies Schiller Flexner, for defendant Ben Delo.
14   **MR. SMITH:** Good afternoon, Your Honor. Patrick
15 Smith, Smith Villazor LLP, for defendant Ben Delo.
16   **THE COURT:** Good afternoon.
17    Mr. Silveira, it sounded like you were in the Bates Motel
18 from the Hitchcock movie.
19   **MR. SILVEIRA:** I hope I've left by now. But are you
20 hearing me a lot clearer now, Your Honor?
21   **THE COURT:** That's better.
22   **MR. SILVEIRA:** Thank you.
23   **THE COURT:** All right. So I am looking at what is
24 before me and what is to become as a sort of case management
25 issue as much as anything else.

1     So this is what I'm inclined to do.  I know that I've got
2 the motion for consolidation.  The briefing hasn't been
3 completed, but I have looked at both of the complaints.  I
4 can't imagine not wanting to consolidate the two complaints --
5 or, actually, have Mr. Pogodin consolidate them -- basically
6 give that the opportunity of the Third Amended Complaint.  But
7 it would be a consolidated complaint of both of those cases.
8 And then push ahead with the issues there.
9     Mr. Pogodin, how quickly could you get a consolidated
10 complaint on file, do you think?
11         **MR. POGODIN:**  Seven days will be fine.
12         **THE COURT:**  Okay.  So if we can do it -- if we can do
13 it quickly, that's what I would like, so that we can figure out
14 what's going on with this case.
15     I would like you, as you're consolidating these, to think
16 carefully about the issues of standing and the causal
17 connection between your client and -- and the injuries.  In the
18 interim, I don't think there's -- I would stay discovery.
19     And then, you know, the questions that I have for you,
20 Mr. Pogodin, will be things like how and when did the
21 defendants engage in price manipulation techniques?  Did the
22 plaintiffs trade on the BitMEX platform?  When?  How much did
23 they lose?  Those sorts of basic questions will be very helpful
24 to have answered.
25     I'm going to deny the motion to dismiss the Second Amended

1  Complaint.  It's moot.  There's no way you can get that
2  complaint in time to save the hearing date, but we can have the
3  hearing in early January and then push the case that way.
4       So that's my -- that's my plan.  Mr. Pogodin, does that
5  all make sense to you?
6           **MR. POGODIN:**  Yes, absolutely, Your Honor.
7       So if we amend the complaint, then defendants would file
8  motions to dismiss the consolidated complaint.  That's the
9  idea?
10          **THE COURT:**  I suspect that they will.  I can't speak
11 for them, but I suspect that they will.
12      And if you can address the issues that they've raised so
13 far in a way that is satisfactory to you, then we can see
14 whether it's going to be satisfactory to me as well.
15          **MR. POGODIN:**  Sounds good.
16          **THE COURT:**  All right.  Mr. Hibbard, does that all
17 make sense from your perspective?
18          **MR. HIBBARD:**  Your Honor, I appreciate the practical
19 wisdom of moving forward.  I think I would just like to take a
20 moment or two to comment on the path that got us here, mostly
21 from the point of view of where we go going forward.
22      And I do think it is relevant for the Court to have the
23 full awareness that Mr. Pogodin has amended and amended and
24 amended again.  And the reason, in effect, that the new action
25 was filed was an intent to get around Rule 15's request that a

```
 1   motion for relief be made.
 2        And he approached us about stipulating to the only real
 3   change in that case, which was to sue people's, you know, wives
 4   and mothers.  And that's not something we think is appropriate
 5   and we would never stipulate to.
 6        But all I guess I'm asking, Your Honor, in light of where
 7   we are -- and I take to heart the Court's comments on what this
 8   next complaint has in it -- is that the Court be mindful that
 9   we not find ourselves dealing with seriatim motions for leave
10   to amend on an ongoing basis, because we've already spent a
11   tremendous amount of time, energy and resources, only to have
12   the carpet pulled out in front of us and the directions changed
13   here and there.  And, frankly, it feels like an abuse of
14   practice.
15        But I understand where the Court is and the practical
16   wisdom of going forward, and I appreciate that.
17        THE COURT:  Okay.  I have not seen this and had to
18   grapple with this yet.  I am looking forward to grappling with
19   it when I've got an entire package that's in front of me.  So
20   thank you, Mr. Hibbard.
21        Does any other defendant have any words of support or
22   disagreement?
23        I'm very happy to wish you all well.
24        And, Mr. Pogodin, I'll give you -- you said one week.
25   I'll give you two.  But do pay attention to those things that I
```

1  laid out because they are -- they're -- they obviously came to
2  mind in a fairly cursory review.  So, all right.
3           **MR. POGODIN:**  Can I just say one word, Your Honor, in
4  response to Mr. Hibbard's comment?
5           This is actually our First Amendment in response to the
6  first motion to dismiss.  There were no, like ten amendments,
7  ten motions.  First time they filed motion to dismiss, he
8  described certain pleading deficiencies, and we're fixing them.
9  That's how it's supposed to be.
10          Again, we didn't amend -- two parties out of three did not
11 get a chance to amend even once.  They were produced in the
12 Second Amended Complaint for the first time.
13          So he filed his pleading deficiencies.  He's portraying it
14 like we amended five times.  That's not correct.  This is first
15 amendment after first motion to dismiss.  And two out of three
16 plaintiffs did not amend even once.
17          **THE COURT:**  Okay.  Just so that you all know, this is
18 something that I have learned since coming on the bench because
19 when I was a litigant I often felt aggrieved.  And whenever I
20 brought my sense of outrage to the Court about anything, the
21 Court would usually not share that concern and would want to
22 get to the meat of what the case is about.
23          I am looking forward to getting to the meat of this and
24 dealing with it.  And I heard what Mr. Hibbard said, I hear
25 what you say, and I will look forward to dealing with the

1  complaint when I get it on the motion to dismiss.
2       So thank you, all, very much.
3            **MR. HIBBARD:**  Your Honor --
4            **THE COURT:**  Yes, Mr. Hibbard.  Don't -- but don't
5  contradict Mr. Pogodin.
6            **MR. HIBBARD:**  Not at all, Your Honor.
7            **THE COURT:**  Okay.
8            **MR. HIBBARD:**  No need.  I think that's all been
9  addressed.  But there is another matter I would like to address
10 with the Court.
11      Defendants request permission to submit in camera
12 information detailing why, pursuant to Civil Local Rule Section
13 11-6, the disciplinary rules, subpart (1)(a), why this Court
14 should refer plaintiffs' counsel for investigation by the
15 Court's Standing Committee on Professional Conduct.
16      Now, Your Honor, I've never had occasion in my decades of
17 practice even to consider a referral, but as suggested by the
18 tip of the iceberg that is a handful of documents already in
19 the record, that were described for the Court in our papers,
20 there has been a persistent pattern of abusive and uncivil
21 behavior that shows plaintiffs' counsel has repeatedly engaged
22 in unprofessional conduct in his practice of law before this
23 court.
24      Now, a number of instances involve statements that
25 plaintiffs' counsel sent to third persons that are per se

1  defamatory.
2      Rather than have to recite this information in the public
3  record and give further permanent life to outrageous character
4  attacks and, thus, further victimize the victims, defendants
5  request that the Court review all this information in camera
6  and make a determination as to whether such referral was
7  appropriate.
8          **THE COURT:**  So are you going to provide a copy of
9  everything that you file in camera to Mr. Pogodin?
10         **MR. HIBBARD:**  Of course.  Simultaneously, Your Honor.
11         **THE COURT:**  Well, I can't stop you from doing
12 anything.  And I have no idea whether this is an appropriate
13 request or not.  And if it's the first time in your career that
14 somebody has -- that you've done it, it's the first time that
15 anybody has requested that of me.
16     So do what you think is the appropriate thing in light
17 of -- of everything that you know and in light of what I
18 currently know or will know later.  You do that, and then I'll
19 do what I do.
20     And if I send it back to you, you know, I won't put it on
21 ECF.  But you do what you do and I'll do what I do.
22     Just make sure Mr. Pogodin has everything that is in front
23 of me, and I'll deal with it as it comes.  Okay.
24         **MR. HIBBARD:**  Thank you, Your Honor.
25         **THE COURT:**  All right.

1     **MR. POGODIN:** Your Honor --

2     **THE COURT:** All right. Thank you, all, very much.

3  Stay safe.

4     (Counsel thank the Court.)

5     (At 2:55 p.m. the proceedings were adjourned.)

6                           - - - - -

7

8                    **CERTIFICATE OF REPORTER**

9     I certify that the foregoing is a correct transcript

10  from the record of proceedings in the above-entitled matter.

11  DATE: Friday, December 11, 2020

12

13

14          *Katherine Sullivan*

15  _____

16     Katherine Powell Sullivan, CSR #5812, RMR, CRR
                  U.S. Court Reporter