Pavel I. Pogodin, Ph.D., Esq. (SBN 206441)
CONSENSUS LAW
5245 Ave Isla Verde
Suite 302
Carolina, PR 00979
United States of America
Telephone: (650) 469-3750
Facsimile: (650) 472-8961
Email: pp@consensuslaw.io

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BMA LLC, Yaroslav Kolchin, Vitaly Dubinin, Dmitry Dolgov and Păun Gabriel-Razvan,<br><br>Plaintiffs,<br><br>v.<br><br>HDR Global Trading Limited (A.K.A. BitMEX), ABS Global Trading Limited, Grape Park LLC, Mark Sweep LLC, Unknown Exchange, Arthur Hayes, Ben Delo, Samuel Reed, Agata Maria Reed (A.K.A. Agata Maria Kasza), Barbara A. Reed and Trace L. Reed,<br><br>Defendants. | Case No. 3:20-cv-3345-WHO<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION PER CIVIL LOCAL RULE 7-11**<br><br>**Complaint Filed: May 16, 2020**<br>**Second Amended Complaint Filed: July 14, 2020**<br>**Consolidated Complaint Filed: November 25, 2020**<br><br>**Discovery Cutoff:** None Set<br>**Pretrial Conference Date:** None Set<br>**Trial Date:** None Set |

**ARGUMENT**

Defendants Arthur Hayes ("Hayes"), Ben Delo ("Delo") and Samuel Reed ("Reed", collectively "Fugitive-Defendants") are notorious fraudsters, who have been criminally charged with felony money laundering related offenses by the U.S. Department of Justice ("DOJ") and two of whom are currently fugitives from the U.S. law enforcement.[1]  Fugitive-Defendants Hayes, Delo and Reed own over 94% of equity in Defendants HDR and ABS and completely control and dominate these two Defendants and, consequently, fully control this litigation. Participation in the defense of this action by 16 different lawyers from four different firms is a sham designed to create a false appearance that Defendants in this action are not acting as one and to distance Defendants HDR and ABS from the federal felony indictments of Fugitive-Defendants and their current status as fugitives from justice, despite the fact that Fugitive-Defendants de-facto control this litigation and pull all the strings on the defense counsel.  This explains the jaw-dropping number of misrepresentations of fact made by Fugitive-Defendants' counsel Mr. Hibbard to Courts in this and other civil actions, Exhibit A.

After Fugitive-Defendants' jurisdictional defense fiasco due to Plaintiffs' counsel stumbling upon Fugitive-Defendants' own Trader Leaderboard riddled with United States traders, generating over $100,000,000 in trading profits, and after failing to intimidate Plaintiffs' counsel by entering appearances for 16 (!) lawyers and then threatening, during a motion hearing on November 10, 2020, to provide for in-camera review by Judge Orrick some mysterious evidence, Mr. Hibbard, on instructions of his fugitive masters, turned his attention to confusing Judge Orrick into dismissing Consolidated Complaint on groundless Rule 12(b)(6) motions.  However, to Mr. Hibbard's fugitive masters' dismay, the Consolidated Complaint in this action is so detailed, clear and complete and the evidence against Fugitive-Defendants is so overwhelming, that there is simply no way on earth Fugitive-Defendants would be successful in their upcoming motion to dismiss.  Being unable to defend this lawsuit on the merits and facing a crushing defeat,

---

[1] Defendant Reed was apprehended by the FBI in Boston, MA and is currently out on $5,000,000 bail.  Like Fugitive-Defendant Hayes, Fugitive-Defendant Delo is currently a fugitive from justice.

Mr. Hibbard's fugitive masters, who apparently do not take "no" for an answer, gave him green light to utilize an unsavory tactic of last resort – shamelessly misrepresent the allegations of the Consolidated Complaint to Judge Orrick as well as misstate the applicable law and then apply the misstated law not to the actual allegations of the Consolidated Complaint, but to his own fabrications.  Exhibit B clearly illustrates how Mr. Hibbard utilized this very tactic in his previous motion to dismiss in this action.

Giving Mr. Hibbard's fugitive masters additional pages for their upcoming manifesto will only enable them to double down on their misrepresentations of the key allegations of the Consolidated Complaint to the Court with the purpose of overwhelming Judge Orrick with untruths and fabrications and may actually confuse the Court, in addition to wasting Court's valuable time.

Therefore, Plaintiffs propose the below alternative page limits that would provide Mr. Hibbard's fugitive masters with additional space for their baseless arguments, and which would not unduly overwhelm the Court and opposing counsel with untruths and fabrications resulting in a confusion:

(1) 30 pages – Fugitive-Defendants' Motion to Dismiss;

(2) 30 pages – Plaintiffs' Opposition to Fugitive-Defendants' Motion to Dismiss; and

(3) 18 pages – Fugitive-Defendants' Reply to Plaintiffs' Opposition.

Plaintiffs' proposed page limits are much more reasonable and will accommodate interests of all parties, including judicial efficiency of the Court and promote expeditious resolution of this matter instead of interests of Mr. Hibbard's fugitive masters alone, whose only aim is to overwhelm, confuse and mislead the Court.

| | |
|---|---|
| Dated:  December 17, 2020 | Respectfully submitted,<br><br>By:      /s/ Pavel I. Pogodin<br>             Pavel I. Pogodin<br><br>CONSENSUS LAW<br>Pavel I. Pogodin, Ph.D., Esq.<br>5245 Ave Isla Verde<br>Suite 302<br>Carolina, PR 00979<br>United States of America<br>Telephone: (650) 469-3750<br>Facsimile: (650) 472-8961<br>Email: pp@consensuslaw.io<br>Attorneys for Plaintiffs |