Pavel I. Pogodin, Ph.D., Esq. (SBN 206441)
CONSENSUS LAW
5245 Ave Isla Verde
Suite 302
Carolina, PR 00979
United States of America
Telephone: (650) 469-3750
Facsimile: (650) 472-8961
Email: pp@consensuslaw.io

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BMA LLC, Yaroslav Kolchin, Vitaly Dubinin, Dmitry Dolgov and Păun Gabriel-Razvan,<br><br>Plaintiffs,<br><br>v.<br><br>HDR Global Trading Limited (A.K.A. BitMEX), ABS Global Trading Limited, Grape Park LLC, Mark Sweep LLC, Unknown Exchange, Arthur Hayes, Ben Delo, Samuel Reed, Agata Maria Reed (A.K.A. Agata Maria Kasza), Barbara A. Reed and Trace L. Reed,<br><br>Defendants. | Case No.  3:20-cv-3345-WHO<br><br>**DECLARATION OF PAVEL POGODIN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CONSOLIDATED COMPLAINT**<br><br>Hon. William H. Orrick<br>Date: February 3, 2021<br>Time: 2:00 PM<br>Crtrm.: 2, 17th Floor<br><br>Discovery Cutoff: None Set<br>Pretrial Conference Date: None Set<br>Trial Date: None Set |

I, Pavel I. Pogodin, state and declare as follows:

1. I am an attorney of record in this action for Plaintiffs BMA LLC, Yaroslav Kolchin, Vitaly Dubinin, Dmitry Dolgov and Păun Gabriel-Razvan.  I am a member in good standing of the Bar of the State of California, and I am admitted to practice before this Court. I have personal knowledge of the matters set forth in this declaration, and if called upon to do so, I would willingly and competently testify as to those matters.

2. On numerous occasions, I have offered to Defendants' counsel Stephen D. Hibbard to provide information about all cryptocurrency trader members of Plaintiff BMA.

3. A true and correct copy of an email message I sent to Defendants' counsel Stephen D. Hibbard on June 14, 2020, confirming my offers to provide information on all cryptocurrency trader members of Plaintiff BMA, is attached hereto as Exhibit 1.

4. I was again prepared to provide this information to Defendants' counsel Stephen D. Hibbard as part of exchange of initial disclosures that parties agreed to perform at noon on November 20, 2020.  At 10:22 AM on that day, Stephen D. Hibbard emailed me and requested to postpone the exchange of the initial disclosures.  Out of professional courtesy, I agreed to his request.

5. Recently, I have been in contact with a former high ranking employee of Defendant HDR, who provided me with substantial additional information relevant to this case.  I have performed a check on that individual based on public information and have satisfied myself that he is a person who he says he is.

6. I have offered to Defendants' counsel Stephen D. Hibbard to provide to him the name of that individual, subject to his agreement to treat it as "CONFIDENTIAL-ATTORNEY EYE ONLY" under interim stipulated protective order, because of fear of retaliation from Defendants, some of whom are international fugitives from justice, who siphoned hundreds of millions of dollars from Defendants HDR in the months leading to their criminal indictments by the U.S. DOJ.  Defendants' counsel Stephen D. Hibbard refused my offer.

7. Additional information recently provided by this individual further includes the fact that Defendants used anonymous, "burner" email addresses, such as @gmail.com, as opposed to "official" BitMEX email addresses such as @bitmex.com, to open accounts for Defendant HDR's own internal trading desk on the BitMEX platform.

8. Additional information recently provided by this individual further includes the fact that Defendants frequently deleted those anonymous "burner" trading accounts of their own internal trading desk and expunged corresponding trading records and then opened new such "burner" trading accounts.

9. Additional information recently provided by this individual further includes the fact that individual Defendants laughed and cheered when traders on BitMEX, like Plaintiffs, were liquidated and financially ruined by Defendants.

10. In the Consolidated Complaint, Nick Andrianov was named as the head of the internal trading desk of Defendant HDR based on information contained at the bottom (last) paragraph of page 3 of an article titled "BitMEX Insiders Caught In A Web Of Lies," a true and correct copy of which is attached hereto as Exhibit 2.

11. Additional information recently provided by the aforementioned individual further includes the fact that it was Gregory Dwyer and not Nick Andrianov, who headed Defendant HDR's internal trading desk. Based on the provided information, Nick Andrianov was one of Gregory Dwyer's subordinates, who also worked at Defendant HDR's internal trading desk.

12. Gregory Dwyer, who headed Defendant HDR's internal trading desk, was also indicted by the U.S. DOJ on federal felony money laundering-related charges, together with the individual Defendants Hayes, Delo and Reed, see Consolidated Complaint, Exhibit 4.

13. CFTC Complaint against Defendants, see Consolidated Complaint, Exhibit 5, states that all of Defendants Hayes, Delo and Reed traded on the BitMEX platform, despite having a conflict of interest. Therefore, there is no inconsistency between this fact and the fact that the internal trading desk of Defendant HDR was headed by Gregory Dwyer, who was

number one employee of Defendant HDR and was a very close associate and friend of individual Defendants Hayes, Delo and Reed.

14. The scale on the vertical axis on the profit chart of Consolidated Complaint ¶ 11 appears to be incorrect, as the total profit generated by this trader is 8047.82 bitcoins (currently valued at $329,960,620) and not 800 bitcoins, as evidenced by both the legend at the top of the same profit chart and Defendants' own Leaderboard provided in Consolidated Complaint ¶ 116.  Therefore, it appears that the values on the vertical axis scale on the profit chart of Consolidated Complaint ¶ 11, which I obtained from a third party source, need to be multiplied by 10x, to arrive at the correct profit values consistent with the 8047.82 bitcoins total profit generated by that trader.  Defendants have full access to the trading records of that trader and, therefore, can provide accurate numbers.

15. On January 11, 2021, I contacted Robert Carroll, the developer of the software that was used for generating the profit chart of Consolidated Complaint ¶ 11 and inquired about the apparent discrepancy in the vertical profit axis scale and the total profit value indicated by the legend at the top of the chart.

16. Robert Carroll confirmed to me that profit values on the vertical axis scale need to be multiplied by 10x and that the discrepancy was a result of a "graphical error."

17. A true and correct copy of my chat conversation with Robert Carroll is attached hereto as Exhibit 3.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 13, 2021, in Carolina, Puerto Rico.

By:   /s/ Pavel I. Pogodin   
       Pavel I. Pogodin