Pavel I. Pogodin, Ph.D., Esq. (SBN 206441)
CONSENSUS LAW
5245 Ave Isla Verde
Suite 302
Carolina, PR 00979
United States of America
Telephone: (650) 469-3750
Facsimile: (650) 472-8961
Email: pp@consensuslaw.io

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BMA LLC, Yaroslav Kolchin, Vitaly Dubinin, Dmitry Dolgov and Păun Gabriel-Razvan,<br><br>Plaintiffs,<br><br>v.<br><br>HDR Global Trading Limited (A.K.A. BitMEX), ABS Global Trading Limited, Grape Park LLC, Mark Sweep LLC, Unknown Exchange, Arthur Hayes, Ben Delo, Samuel Reed, Agata Maria Reed (A.K.A. Agata Maria Kasza), Barbara A. Reed and Trace L. Reed,<br><br>Defendants. | Case No. 3:20-cv-3345-WHO<br><br>**PLAINTIFFS' OBJECTION TO DEFENDANTS' EVIDENCE IN REPLY BRIEF ON MOTION TO DISMISS CONSOLIDATED COMPLAINT**<br><br>**Hon. William H. Orrick**<br>**Date: February 3, 2021**<br>**Time: 2:00 PM**<br>**Crtrm.: 2, 17th Floor**<br><br>**Discovery Cutoff: None Set**<br>**Pretrial Conference Date: None Set**<br>**Trial Date: None Set** |

Consensus Law
CryptoCurrency
Attorneys

Plaintiffs' Objection to Reply Evidence — - i - — BMA LLC et al. v. HDR et al.   Case No. 3:20-cv-3345-WHO

# NEWLY INTRODUCED EVIDENCE OF TRADING DATA ALLEGEDLY AVAILABLE FROM KRAKEN AND BITSTAMP IS FALSE

In their Reply Brief, p. 4 fn. 1, Defendants inaptly argue, for the first time, that:

> Kraken, for example, offers for download "a detailed record of every trade that happens on our markets, including the following information: The exact date/time of each trade[;] The price at which each trade occurred[;] The amount of volume that was traded." See https://support.kraken.com/hc/en-us/articles/360047543791-Downloadable-historical-market- data-time-and-sales- (last visited Jan. 20, 2021). Bitstamp's trade data is also publicly available. See, e.g., https://www.kaiko.com/collections/bitstamp (last visited Jan. 20, 2021).

Defendants are inaptly trying to use this new "evidence" of the alleged availability of time and sales data to challenge Plaintiffs' contention that "the facts [of manipulation] are peculiarly within the possession and control of the defendants" under *Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017) and *Arista Records LLC v. Doe* 3, 604 F.3d 110, 120 (2d Cir. 2010).

This last-ditch eleventh-hour attempt by Defendants fails for multiple reasons. First, on a motion to dismiss, the Court is limited to the facts alleged within the four corners of the complaint and consideration of external facts is not permitted.

Second, Plaintiffs were not given the opportunity to properly evaluate and address this new evidence that Defendants want the Court to consider.

Third and most importantly, the Kraken and BitStamp data referenced by Defendants is deficient in one critical aspect, which Defendants disingenuously conceal from the Court – it lacks the identity of the traders who executed each trade. Defendants unknowingly acknowledge this fact by stating that the data includes only: "The exact date/time of each trade[;] The price at which each trade occurred[;] The amount of volume that was traded." Because the identity of the trader who executed each trade is missing from the above data, it is *impossible* to determine if a single market manipulator executed a large number of SELL orders to influence the .BXBT index or if the same large number of SELL orders were executed by a large number of separate bona fide traders. Without this critical trader identity information, the time and sales data that Defendants refer to is absolutely useless for identifying suspected market manipulation and "the facts [of manipulation] are peculiarly within the possession and control of the defendants," who clearly know when and how they executed the manipulative trades to influence the .BXBT index price.

CONSENSUS LAW
CRYPTOCURRENCY
ATTORNEYS

PLAINTIFFS' OBJECTION TO REPLY EVIDENCE - 1 - BMA LLC ET AL. V. HDR ET AL. CASE NO. 3:20-CV-3345-WHO

Therefore, Defendants last-ditch attempt to mislead and confuse the Court using this new faulty "evidence" must be rejected, as the rest of Defendants' arguments.

January 29, 2021                              Respectfully submitted,

                                              By:    /s/ Pavel I. Pogodin
                                                     Pavel I. Pogodin

                                              Attorney for Plaintiffs