Pavel I. Pogodin, Ph.D., Esq. (SBN 206441)
CONSENSUS LAW
5245 Ave Isla Verde
Suite 302
Carolina, PR 00979
United States of America
Telephone: (650) 469-3750
Facsimile: (650) 472-8961
Email: pp@consensuslaw.io

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BMA LLC, Yaroslav Kolchin, Vitaly Dubinin, Dmitry Dolgov and Păun Gabriel-Razvan,<br><br>Plaintiffs,<br><br>v.<br><br>HDR Global Trading Limited (A.K.A. BitMEX), ABS Global Trading Limited, Grape Park LLC, Mark Sweep LLC, Unknown Exchange, Arthur Hayes, Ben Delo, Samuel Reed, Agata Maria Reed (A.K.A. Agata Maria Kasza), Barbara A. Reed and Trace L. Reed,<br><br>Defendants. | Case No. 3:20-cv-3345-WHO<br><br>**SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CONSOLIDATED COMPLAINT REQUESTING LEAVE TO AMEND**<br><br>**Hon. William H. Orrick**<br>**Date: February 3, 2021**<br>**Time: 2:00 PM**<br>**Crtrm.: 2, 17th Floor**<br><br>**Discovery Cutoff: None Set**<br>**Pretrial Conference Date: None Set**<br>**Trial Date: None Set** |

## I. LEAVE TO AMEND SHOULD BE FREELY GRANTED

In line with Court's comments made during the February 3, 2021, hearing on the Defendants' Motion to Dismiss, Plaintiffs are in a process of developing new facts directly linking Defendants with the manipulative acts alleged in the Consolidated Complaint and resulting in Plaintiffs' losses.

Specifically, during said motion hearing, the Court inquired from both sides whether there is evidence that could be added to Consolidated Complaint to bolster casual connection between Defendants' actions and Plaintiffs' losses. After consideration based on Court's guidance, Plaintiffs expect that such new factual evidence will come into Plaintiffs' possession within 14 days. Accordingly, Plaintiffs respectfully request the Court to grant Plaintiffs 28 days to file an Amended Consolidated Complaint, to include such new factual evidence in the Amended Consolidated Complaint.

Federal Rule of Civil Procedure 15(a) allows a complaint to be amended after responsive pleadings have been filed when the amending party obtains "leave of the court." Fed. R. Civ. P. 15(a). Leave to amend is "freely granted when justice so requires" bearing in mind "the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (ellipses omitted). The policy in favor of leave to amend must not only be heeded, *Foman v. Davis*, 371 U.S. 178, 182 (1962), it must be applied with "extreme liberality*,"* *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).

Generally, leave to amend will be always granted unless the weighing of several factors show that the amendment would be inappropriate. *United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001). Specifically, leave to amend shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir.2008). The single most important factor is whether prejudice would result to the nonmovant as a consequence of the amendment. See *William Inglis & Sons Baking Co. v. ITT Continental Baking Co.*, 668 F.2d 1014, 1053 (9th Cir. 1981), cert. denied 459 U.S. 825, 103

S.Ct. 58, 74 L.Ed.2d 61 (1982). But "[a] trial court may deny such a motion if permitting an amendment would prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir.1990) (citing *Foman*, 371 U.S. at 182). "Prejudice to the opposing party is the most important factor." Id. See *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id. (emphasis in original). Evaluation of the Foman factors "should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

Because Rule 15(a) favors a liberal policy, the non-moving party bears the burden of demonstrating why leave to amend should not be granted. See *Genentech, Inc. v. Abbott Laboratories*, 127 F.R.D. 529 (N.D.Cal. 1989). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). A delay alone does not provide sufficient grounds for denying leave to amend, see *DCD Programs, Ltd.*, 833 F.2d at 186, the motion to amend must be granted. See *Howey v. United States*, 481 F.2d 1187, 1190-91 (9th Cir. 1973) ("Where there is lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion.").

Here, allowing Plaintiffs to file the Amended Consolidated Complaint would serve justice and promote judicial efficiency. As detailed above, pursuant to Court's direction first provided during the Motion to Dismiss hearing, the Amended Consolidated Complaint is expected to include additional facts directly tying Defendants to manipulative conduct resulting in Plaintiffs' losses. Moreover, this will be the *first* chance for Plaintiffs to amend their compliant after receiving Court's *guidance* as to the sufficiency of its allegations, which is imperative. This will conserve Court's valuable time and speed up the final resolution of this lawsuit on the merits.

There is no undue delay, bad faith, or dilatory motive by Plaintiffs. Plaintiffs seek to file the Amended Consolidated Complaint even before the Court has set a deadline for amending the pleadings.

Moreover, there will be no substantial or undue prejudice to the original Defendants. The issue of prejudice requires a court to focus on the hardship to the Defendants if the amendment were permitted; specifically, the court has to consider "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton*, 252 F.3d 267, 272 (3d Cir. 2001) (affirming the district court's denial of a motion to amend, made after summary judgment was directed in favor of the non-moving party, in part because "the proposed amendment would essentially force the [non-moving party] to begin litigating the case again"); cf. *Cardone Indus., Inc. v. Honeywell Int'l, Inc., Civil Action* No. 13-4484, 2014 U.S. Dist. LEXIS 94259, at *14-15 (E.D. Pa. July 11, 2014) (finding that no undue prejudice exists where the factual basis for the amendments were known to the non-moving party and discovery had not yet concluded). Here, the discovery is stayed and none of the other factors resulting in prejudice are present.

Furthermore, two Plaintiffs Dmitry Dolgov and Păun Gabriel-Razvan never got a chance to amend their respective complaints, which were consolidated with the original BMA action at the insistence of Defendants. If the respective actions were not so consolidated at the request of Defendants, these two Plaintiffs would have had their right to amend. This provides an additional reason why leave to amend should be granted.

## II. CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court grant leave to amend the Consolidated Complaint. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Dated: February 5, 2021

Respectfully submitted,

By: /s/ Pavel I. Pogodin
Pavel I. Pogodin

CONSENSUS LAW
Pavel I. Pogodin, Ph.D., Esq.
5245 Ave Isla Verde, Suite 302
Carolina, PR 00979
United States of America
Email: pp@consensuslaw.io
Attorneys for Plaintiffs