Pavel I. Pogodin, Ph.D., Esq. (SBN 206441)
CONSENSUS LAW
5245 Ave Isla Verde
Suite 302
Carolina, PR 00979
United States of America
Telephone: (650) 469-3750
Facsimile: (650) 472-8961
Email: pp@consensuslaw.io

Attorneys for Plaintiffs
BMA LLC, Yaroslav Kolchin,
Vitaly Dubinin, Dmitry Dolgov
and Păun Gabriel-Razvan

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BMA LLC, Yaroslav Kolchin, Vitaly Dubinin, Dmitry Dolgov and Păun Gabriel-Razvan,<br><br>Plaintiffs,<br><br>v.<br><br>HDR Global Trading Limited (A.K.A. BitMEX), ABS Global Trading Limited, Arthur Hayes, Ben Delo and Samuel Reed,<br><br>Defendants. | Case No. 3:20-cv-3345-WHO<br><br>**DECLARATION OF PAVEL POGODIN, ESQ. IN SUPPORT OF PLAINTIFFS' MOTION TO LIFT DISCOVERY STAY IN VIEW OF NEW FACTS AND OVERWHELMING "SMOKING GUN" EVIDENCE OF MARKET MANIPULATION AND MONEY LAUNDERING CONSPIRACY BETWEEN DEFENDANTS, A REED FAMILY MEMBER AND PROLIFIC AND BRAZEN MARKET MANIPULATOR BEN AABTC**<br><br>Hon. William H. Orrick<br>Date: July 14, 2021<br>Time: 2:00 PM<br>Crtrm.: 2, 17th Floor<br><br>**Discovery Cutoff: None Set**<br>**Pretrial Conference Date: None Set**<br>**Trial Date: None Set** |

I, Pavel I. Pogodin, state and declare as follows:

1. I am an attorney of record in this action for Plaintiffs BMA LLC, Yaroslav Kolchin,

Vitaly Dubinin, Dmitry Dolgov and Păun Gabriel-Razvan. I am a member in good standing of the Bar of the State of California, and I am admitted to practice before this Court. I have personal knowledge of the matters set forth in this declaration, and if called upon to do so, I would willingly and competently testify as to those matters.

2. On May 29 and 31, 2021, I attempted in good faith to meet and confer with the opposing counsel regarding Plaintiffs' Motion To Lift The Discovery Stay and obtain a stipulation from the opposing counsel regarding the lift of the discovery stay, obviating the need for the motion.

3. A true and correct copy of the meet and confer letter I sent to Defendants' counsel Stephen Hibbard on or about May 31, 2021, is attached hereto as Exhibit.

4. On June 2, 2021, the opposing counsel Stephen Hibbard responded that Defendants will not stipulate to the lift of the discovery stay and will oppose Plaintiffs' Motion To Lift The Discovery Stay. Stephen Hibbard further confirmed that he is available for the hearing on Plaintiffs' Motion To Lift The Discovery Stay on July 14, 2021.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 8, 2021, in Carolina, Puerto Rico.

By: /s/ Pavel I. Pogodin
Pavel I. Pogodin

# EXHIBIT



May 31, 2021

Direct Phone Number: (650) 469-3750
Direct Fax Number: (650) 472-8961
pp@consensuslaw.io

*Via email to: sdhibbard@jonesday.com*

Stephen D. Hibbard, Esq.
Partner
Jones Day
555 California Street
26th Floor
San Francisco, California 94104

Re:  Case 3:20-cv-03345-WHO *BMA LLC v. HDR Global Trading Limited* - Motion To Lift Discovery Stay

Counsel,

In view of the allegations of the Second Amended Consolidated Compliant and the attached irrefutable "smoking gun" type evidence of money laundering conspiracy between your clients, a Reed family member and prolific market manipulator Ben Aabtc, Plaintiffs intend to move the Court on June 2, 2021, for the lift of the current discovery stay.  The corresponding motion will be noticed for hearing before Judge Orrick on July 7, 2021.  Specifically, in view of the overwhelming and irrefutable new evidence of the market manipulation and money laundering conspiracy, including photographic evidence and statements from multiple credible witnesses with absolutely no motive to fabricate, there is absolutely no reason to wait any longer with the discovery.  In fact, the continued discovery stay flies in the face of the explicit mandate of Fed. R. Civ. Pro. 1 and Civil L.R. 1-2(b) "to secure the just, speedy, and inexpensive determination of every action and proceeding."

As you should be well advised, "[t]he Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011).  "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect.  In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).  However, a district court does have "wide discretion in controlling discovery," *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), and that discretion extends to staying

**Consensus Law**
**Cryptocurrency Attorneys**
5245 Av. Isla Verde #302
Carolina, PR, 00979
Phone: +1 (650) 469-3750
Fax: +1 (650) 472-8961
www.consensuslaw.io

discovery upon a showing of "good cause," see Fed. R. Civ. P. 26(c)(1)(A). Good cause for staying discovery may exist when the district court is "`convinced that the plaintiff will be unable to state a claim for relief.'" *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (quoting *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)); see also *Tradebay*, 278 F.R.D. at 601 ("Staying discovery when a court is convinced that the plaintiff will be unable to state a claim for relief furthers the goal of efficiency for the court and the litigants."). Under Ninth Circuit law, "[a] party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray*, 133 F.R.D. at 40 (citation omitted).

Courts in Northern District of California have applied a two-pronged test to determine whether discovery should be stayed pending resolution of a dispositive motion. See, e.g., *Gibbs v. Carson*, No. C-13-0860, 2014 WL172187, at *3 (N.D. Cal. Jan. 15, 2014); *Hamilton v. Rhoads*, No. C 11-0227 RMW (PR), 2011 WL 5085504, at *1 (N.D. Cal. Oct. 25, 2011); *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351 (N.D. Cal. 2003). First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed. *Pac. Lumber Co.*, 220 F.R.D. at 351 (citation omitted). Second, the court must determine whether the pending motion can be decided absent discovery. *Id*. at 352 (citation omitted). "If the Court answers these two questions in the affirmative, a protective order may issue. However, if either prong of this test is not established, discovery proceeds." Id. In applying this two-factor test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Tradebay*, 278 F.R.D. at 602.

Turning to the first prong of the two-pronged test, pending motion must be potentially dispositive of the entire case. At this stage, there is not even a motion to dismiss pending and even if you filed one, there is absolutely no chance for it to meet this prong. The Second Amended Consolidated Compliant alleges 33 causes of action, including multiple causes of action which are based on patently false statements that your client undeniably made. For example, there is no reasonable dispute that your client stated that BitMEX provided "1500% more Bitcoin / USD Liquidity than any other platform." The Second Amended Consolidated Compliant further alleges that Plaintiffs justifiably relied on these representations made by Defendants, which all turned out to be materially false, and lost their bitcoins as the result of this reasonable reliance.[1] In view of these allegations, which must be taken as *true* on the Motion to Dismiss stage, there is simply no way for you to argue that they are legally insufficient. The only conceivable issue is the reasonableness of Plaintiffs' reliance, which is manifestly a question of fact for the jury to decide. Therefore, with respect to these and similar allegations of the Second Amended Consolidated Compliant, your future Motion to Dismiss will necessarily fail.

---

[1] You yourself admitted the falsity of the representation that BitMEX provided "1500% more Bitcoin / USD Liquidity than any other platform" by hastily changing it to read "Highly Liquid Markets" hours after I brought this blatant falsehood to your attention and sent you market data to support its falsity.

Moreover, your chances on the remaining plead causes of action, including RICO and market price manipulation claims under CEA are looking even worse in view of the very specific and credible allegations of the Second Amended Consolidated Compliant regarding the intricacies of the operation and the use of the automated market manipulation tools by the Insider Trading Desk by BitMEX and further in view of the overwhelming new facts, including photographic evidence and statements from multiple credible witnesses with absolutely no motive to fabricate, of money laundering conspiracy between your clients, a Reed family member and a prolific and habitual market manipulator Ben Aabtc, wherein your clients enlisted him to manipulate markets on their BitMEX platform, opened for him multiple $30 million perpetual swap positions to enable him to capture the illegal profits from his manipulative trading and then even listed him on their leaderboard, with full knowledge of his illicit activities. Moreover, your clients engaged in financial transactions involving the illicit proceeds of Ben Aabtc's market manipulation and collected trading commissions from these illegal funds, which constitutes violations of 18 U.S.C. 1956 and 1957 and multiple other criminal and civil statutes.

Therefore, any Motion to Dismiss that you decide to file will not be dispositive of the entire case and, therefore, the discovery stay is not warranted per the Northern District of California law and, therefore, must be lifted immediately to permit "the just, speedy, and inexpensive determination of [this] action." Fed. R. Civ. Pro. 1 and Civil L.R. 1-2(b). ("However, Defendants must prevail on both prongs to justify a protective order, and "if either prong of this test is not established, discovery proceeds." Id. Because the Court is not satisfied that Defendants' motions are potentially dispositive of the case as to either Google or Huawei, the Court declines to exercise its discretion to continue the discovery stay."). *Nexus 6P Products Liability Litigation*. Case No. 17-cv-02185-BLF, (N.D. Cal., June 19, 2018).

To save our and Court's valuable time on the motion practice, I suggest you agree with the lift of the discovery stay. Let me know your position by 5:00PM PDT on Tuesday, June 1, 2021.

Stephen D. Hibbard, Esq.
May 31, 2021
Page 4

Very truly yours,

                                            CONSENSUS LAW

                                            By: _____
                                                 Pavel I. Pogodin, Ph.D., Esq.
                                                 Principal

Cc:    "Altman, Peter" <paltman@akingump.com>
       "Murphy, Jr., Dennis F." <dennismurphy@jonesday.com>
       "Silveira, Matthew J." <msilveira@jonesday.com>
       "Calla, Diana L." <dcalla@jonesday.com>
       "McDonell, Jason" <jmcdonell@jonesday.com>
       "Yatter, Doug" <douglas.yatter@lw.com>
       "Takashima" <etakashima@bsfllp.com>

**BITMEX MONEY LAUNDERING CONSPIRACY**

1. Below is an actual photograph, publicly released by Defendant Hayes, depicting a



meeting of co-conspirators in furtherance of the Racketeering Conspiracy orchestrated by Defendants as alleged herein. All individual Defendants were present in the photographed meeting of co-conspirators of the Racketeering Conspiracy and their faces are marked with red ovals in the above photograph. As shown in the photograph, Agata Reed was also present during the meeting of co-conspirators of the Racketeering Conspiracy and took part in the Racketeering Conspiracy. Photographed sitting directly across the table from Defendants Hayes and Delo and next to Agata Reed was co-conspirator named Ben who operated under an alias ActualAdviceBTC, and who will be referred to herein as Ben Aabtc. Co-conspirator Ben Aabtc is marked in the above photograph with a red arrow. Ben Aabtc was a former J.P. Morgan trader who used the alias ActualAdviceBTC or AABTC because he was under a non-competition agreement with J.P. Morgan and wanted to hide his true identity from his former employer. Ben Aabtc was universally known in the cryptocurrency industry as a brazen and prolific market manipulator who specialized in orchestrating coordinated artificial bitcoin and altcoin "pumps and dumps." Numerous cryptocurrency traders witnessed firsthand and posted numerous

eyewitness accounts of his brazenly lawless activities.



> Romano @RNR_0 · Apr 30, 2020
> In the end surely BTC is programmed to go up. But price can be manipulated
>
> I was in **Thailand**, sitting in @ActualAdviceBTC room and actually see him **pump** BTC up several hundred dollars, liquidating bears and laughing
>
> All that while knowing he had to attend a funeral in few hours
>
> 💬 4    🔁 4    ♡ 47    ↑

2. One of the purposes of the Racketeering Conspiracy was to manipulate bitcoin spot prices on "reference" spot exchanges Kraken, BiStamp and Coinbase Pro in order to profit from artificial prices through very large (tens of millions of dollars) derivatives perpetual swap positions on BitMEX using anonymous trading "winner" accounts provided by Defendants-co-conspirators Hayes, Delo and Reed through the BitMEX platform.

3. Shortly after the above meeting of the co-conspirators took place and the above photograph was taken, and in furtherance of the Racketeering Conspiracy, Defendants-co-conspirators Hayes, Delo and Reed opened oversized $30,873,844 Perpetual Swap position in an anonymous trading "winner" account set up by them on their BitMEX platform for their co-



conspirator Ben Aabtc. Ben Aabtc himself documented this position having been opened for him on BitMEX by his Defendants-co-conspirators Hayes, Delo and Reed. This enormous size Perpetual Swap position was opened by Defendants-co-conspirators Hayes, Delo and Reed in furtherance of the Racketeering Conspiracy and with the specific purpose of reaping the illegal market manipulation gains from artificially "pumping" the bitcoin spot price on "reference" exchanges by their co-conspirator Ben Aabtc. Furthermore, this $30,873,844 Perpetual Swap position was opened in disregard of all BitMEX position limits and all limits imposed by CFTC regulations and its size was specifically calculated by co-conspirators to make the market manipulation highly profitable.

4. As well-documented by multiple witnesses in the industry and Ben Aabtc himself, in furtherance of the Racketeering Conspiracy, Ben Aabtc subsequently proceeded to artificially "pump" bitcoin spot markets on "reference" spot exchanges used by BitMEX for price discovery "with all the force he had" from about $6,800 on April 8, 2018 to about $9,948 on May 4, 2018, in order to create artificially high bitcoin spot prices and profit from the aforesaid anonymous



$30,873,844 Perpetual Swap position on BitMEX, which used the bitcoin spot prices as a reference, while being assisted, aided, abetted and encouraged by Defendants-co-conspirators

Hayes, Delo and Reed.



5. The fact that, in furtherance of the Racketeering Conspiracy, Ben Aabtc "pumped" bitcoin market price from $6,800 to about $9,948 on "reference" spot exchanges while maintaining an open $30,873,844 Perpetual Swap position in his winner account on BitMEX, opened for him by Defendants-co-conspirators Hayes, Delo and Reed, is well documented, including by Ben Aabtc himself, and this is a classic example of cross-market manipulation in violation of 18 U.S.C. § 1343, 18 U.S.C. § 1956, 18 U.S.C. § 1957, 18 U.S.C. § 1960(a), 18

4

U.S.C. § 2314, 7 U.S.C. § 9(1) and Rule 180.1, 17 C.F.R. § 180.1(a) (2019).



6.	Ben Aabtc himself "documented position sizes upwards of $30 million on BitMEX," during his artificial "pump" manipulation of the spot bitcoin prices on "reference" exchanges. After this manipulation was successful, Ben Aabtc pocketed at least 534.3253 bitcoins in illegal cross-market manipulation profits, now valued at over $21,373,012.

7.	In furtherance of the Racketeering Conspiracy, Defendants-co-conspirators Hayes, Delo and Reed listed their co-conspirator Ben Aabtc on their Leaderboard, with full knowledge of the illegal nature of his activities on BitMEX and illegal source of the funds involved in the "winnings" from the aforesaid documented cross-market manipulation activity. This was done with the purpose of encouraging other traders to follow advice of Ben Aabtc to further facilitate manipulative activity on BitMEX.

## Top 25 Traders by Notional

| Rank | Name | Profit | Is Real Name |
|---|---|---|---|
| 1 | Hot-Relic-Fancier | 4,196.9329 XBT | ✗ |
| 2 | Heavy-Autumn-Wolf | 3,596.7630 XBT | ✗ |
| 3 | Green-Sky-Whip | 1,101.4551 XBT | ✗ |
| 4 | Cream-White-Ox | 906.6117 XBT | ✗ |
| 5 | Thorn-Moor-Braid | 878.7421 XBT | ✗ |
| 6 | Xzcxcxz | 828.6553 XBT | ✓ |
| 7 | Silent-Plume-Otter | 669.8737 XBT | ✗ |
| 8 | Truth-Bitter-Runner | 586.1175 XBT | ✗ |
| 9 | Almond-Cookie-Soarer | 541.1664 XBT | ✗ |
| 10 | aabtc | 534.3252 XBT | ✓ |
| 11 | Splash-Petal-Jackal | 510.5438 XBT | ✗ |
| 12 | Coffee-Brown-Thorn | 481.2309 XBT | ✗ |
| 13 | ahhereLIO | 461.2755 XBT | ✓ |
| 14 | Taylor | 452.7239 XBT | ✓ |
| 15 | Cedar-Spice-Fisher | 407.6904 XBT | ✗ |
| 16 | Rag-Equinox-Eater | 403.1834 XBT | ✗ |
| 17 | Paint-Mercury-Face | 384.9927 XBT | ✗ |
| 18 | Prism-Fate-Slicer | 370.1898 XBT | ✗ |
| 19 | daniel3 | 345.6583 XBT | ✓ |
| 20 | Marble-Hollow-Seeker | 336.6878 XBT | ✗ |
| 21 | Navy-Midnight-Servant | 335.6627 XBT | ✗ |
| 22 | Quick-Grove-Mind | 316.1076 XBT | ✗ |
| 23 | Silent-Hurricane-Guardian | 311.5210 XBT | ✗ |
| 24 | Grove-Cosmic-Bite | 307.4127 XBT | ✗ |
| 25 | Neon-Marsh-Raver | 304.3723 XBT | ✗ |

8. In furtherance of the Racketeering Conspiracy, Defendants-co-conspirators Hayes, Delo and Reed knowingly and willfully charged trading commissions on the proceeds of the above illegal cross-market manipulation and transferred the proceeds of the above illegal cross-market manipulation from BitMEX "winner" bitcoin wallet to the bitcoin wallet of Ben Aabtc and their own bitcoin wallets all in violation of 18 U.S.C. § 1343, 18 U.S.C. § 1956, 18 U.S.C. § 1957, 18 U.S.C. § 1960(a), 18 U.S.C. § 2314, 7 U.S.C. § 9(1) and Rule 180.1, 17 C.F.R. § 180.1(a) (2019). Moreover, Defendants-co-conspirators Hayes, Delo and Reed knowingly and willfully aided and abetted Ben Aabtc's market manipulation in violation of the 7 U.S.C. § 9(1) and Rule 180.1, 17 C.F.R. § 180.1(a) (2019).