Stephen D. Hibbard (State Bar No. 177865)
sdhibbard@jonesday.com
Matthew J. Silveira (State Bar No. 264250)
msilveira@jonesday.com
Dennis F. Murphy, Jr. (State Bar No. 301008)
dennismurphy@jonesday.com
James M. Gross (Admitted *Pro Hac Vice*)
jgross@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:    +1.415.626.3939
Facsimile:    +1.415.875.5700

Attorneys for Defendants
HDR GLOBAL TRADING LIMITED and ABS
GLOBAL TRADING LIMITED

Peter I. Altman (State Bar No. 285292)
paltman@akingump.com
Marshall L. Baker (State Bar No. 300987)
mbaker@akingump.com
Jessica H. Ro (State Bar No. 329737)
jro@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
1999 Avenue of the Stars, Suite 600
Los Angeles, CA  90067-6022
Telephone:    +1.310.229.1000
Facsimile:    +1.310.229.1001

Attorneys for Defendant
ARTHUR HAYES

Edward H. Takashima (State Bar No. 270945)
etakashima@bsfllp.com
BOIES SCHILLER FLEXNER LLP
725 S. Figueroa Street
31st Floor
Los Angeles, CA 90017
Telephone:    +1.213.629.9040
Facsimile:    +1.213.629.9022

Attorneys for Defendant
BEN DELO

Douglas K. Yatter (State Bar No. 236089)
douglas.yatter@lw.com
LATHAM & WATKINS, LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone:    +1.212.906.1200
Facsimile:    +1.212.751.4864

Matthew Rawlinson (State Bar No. 231890)
matt.rawlinson@lw.com
LATHAM & WATKINS, LLP
140 Scott Drive
Menlo Park, CA
Telephone:    +1.650.328.4600
Facsimile:    +1.650.463.2600

Attorneys for Defendant
SAMUEL REED

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| BMA LLC, Yaroslav Kolchin, Vitaly Dubinin, Dmitry Dolgov, and Păun Gabriel-Razvan,<br><br>Plaintiffs,<br><br>v.<br><br>HDR Global Trading Limited (A.K.A. BitMEX), ABS Global Trading Limited, Arthur Hayes, Ben Delo, and Samuel Reed,<br><br>Defendants. | Case No. 3:20-cv-03345-WHO<br><br>(Consolidated Case Nos. 3:20-cv-07140-WHO and 3:20-cv-08034-WHO)<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CONSOLIDATED COMPLAINT**<br><br>Date:  August 25, 2021<br>Time:  2:00 p.m.<br>Ctrm:  2 – 17th Floor<br>Judge:  Honorable William H. Orrick |

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Evidence 201 and in support of their concurrently filed Motion to Dismiss Plaintiffs' Second Amended Consolidated Complaint, defendants HDR Global Trading Limited ("HDR"), ABS Global Trading Limited ("ABS"), Arthur Hayes, Ben Delo, and Samuel Reed (together, "Defendants"), respectfully request the Court take judicial notice of the following documents:

- **Exhibit A**:  A redline comparison of Plaintiffs' Second Amended Consolidated Complaint ("SACC") (ECF No. 153) against Plaintiffs' First Amended Consolidated Complaint ("FACC") (ECF No. 150), attached as Exhibit A to the June 21, 2021 Declaration of Stephen D. Hibbard (hereafter, the "Hibbard Declaration").

- **Exhibit B**:  The Third Amended Complaint filed by Plaintiffs' counsel Pavel Pogodin in *Kanyshev v. HDR Global Trading Ltd.*, No. CGC-20-584483 (Cal. Super. Ct. May 13, 2021), attached as Exhibit B to the Hibbard Declaration.

- **Exhibit C**:  A blog post posted by OKEx on October 11, 2019 entitled *OKEx vs. BitMEX: Perpetual Swap Trading Liquidity*.  This blog post is publicly available at https://medium.com/okex-blog/okex-vs-bitmex-perpetual-swap-trading-liquidity-c0b864cc8e3e (last visited June 21, 2021) and is attached as Exhibit C to the Hibbard Declaration.

- **Exhibit D**:  A news article from March 30, 2020 posted on the Bitcoinist.com website entitled *Huobi Launches Bitcoin Perpetual Swaps with 125x Leverage*.  It is publicly available at https://bitcoinist.com/huobi-launches-bitcoin-perpetual-swaps-with-125x-leverage/ (last visited June 21, 2021) and is attached as Exhibit D to the Hibbard Declaration.

- **Exhibit E**:  A blog post posted on the Binance Blog on August 9, 2020 entitled *Binance Launches Perpetual Futures Margined and Priced with Bitcoin*.  It is publicly available at https://www.binance.com/en/blog/421499824684900844/Binance-Launches-Perpetual-Futures-Margined-and-Priced-with-Bitcoin/ (last visited June 21, 2021) and is attached as Exhibit E to the Hibbard Declaration.

The legal basis for taking judicial notice of each of these documents is as follows:

Under Federal Rule of Evidence 201, a court may take judicial notice of an adjudicative fact that is "not subject to reasonable dispute because it: (1) is generally known . . . or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

**Authority for Judicial Notice of Exhibits A–B**:

"[C]ourt filings and other matters of public record" such as **Exhibits A** and **B** are judicially noticeable under Federal Rule of Evidence 201(b)(2). *In re Icenhower*, 755 F.3d 1130, 1142 (9th Cir. 2014) (quoting *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006)) (granting judicial notice of documents filed in other courts); *see also Lesnik v. Eisenmann SE*, 374 F. Supp. 3d 923, 936 & n.2 (N.D. Cal. 2019) (taking judicial notice of complaint filed in California Superior Court); *Bay Area Surgical Mgmt. LLC v. Aetna Life Ins. Co.*, 166 F. Supp. 3d 988, 993 (N.D. Cal. 2015) (same). Courts also take judicial notice of redline comparisons of a plaintiff's operative and previous complaints, such as **Exhibit A**, which Defendants provide for the convenience of the Court. *Kim v. Shellpoint Partners, LLC*, No. 15CV611-LAB (BLM), 2016 WL 1241541, at *3 (S.D. Cal. Mar. 30, 2016) (taking judicial notice of redline comparison of plaintiff's operative and previous complaints); *In re Hypercom Corp. Sec. Litig.*, No. CV-05-0455-PHX-NVW, 2006 WL 1836181, at *2 (D. Ariz. July 5, 2006) (same).

**Authority for Judicial Notice of Exhibits C–E**:

Judicial notice of **Exhibits C–E** is also appropriate because "[p]ublically accessible websites and news articles are proper subjects of judicial notice" under Federal Rule of Evidence 201(b)(2). *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 827, 831 (N.D. Cal. 2019) (quoting *Diaz v. Intuit, Inc.*, No. 5:15-CV-01778-EJD, 2018 WL 2215790, at *3 (N.D. Cal. May 15, 2018)) (taking judicial notice of multiple webpages including blog post); *Chinitz v. Intero Real Est. Servs.*, No. 18-CV-05623-BLF, 2021 WL 1375837, at *4 (N.D. Cal. Apr. 12, 2021) (taking judicial notice of publically accessible website); *see also Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (taking judicial notice of existence

of publications "solely as an indication of what information was in the public realm at the time"); *Duke v. City Coll. of San Francisco*, 445 F. Supp. 3d 216, 224 (N.D. Cal. 2020) (taking judicial notice of "the availability of information on" website).

Judicial notice of **Exhibit C** is independently warranted because that document is relied upon and incorporated by reference in Plaintiffs' SACC. *See* SACC ¶ 527 (relying on the "bid-ask spread data . . . provided by OKEX cryptocurrency derivative exchange" and reporting bid-ask spread figures identical to those in **Exhibit C** to allege the falsity of a statement on Defendants' website); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."); *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (document may be considered as incorporated by reference where "the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint," even if the complaint "does not explicitly refer to" it); *In re Facebook*, 405 F. Supp. at 827.

DATED:  June 21, 2021

Respectfully submitted,

JONES DAY

By: /s/ Stephen D. Hibbard
      Stephen D. Hibbard

Counsel for Defendants
HDR GLOBAL TRADING LIMITED and
ABS GLOBAL TRADING LIMITED

AKIN GUMP STRAUSS HAUER & FELD LLP

By: /s/ Peter I. Altman
      Peter I. Altman

Counsel for Defendant
ARTHUR HAYES

BOIES SCHILLER FLEXNER LLP


By: */s/ Edward H. Takashima*
    Edward H. Takashima

Counsel for Defendant
BEN DELO


LATHAM & WATKINS, LLP


By: */s/ Douglas K. Yatter*
    Douglas K. Yatter
    Matthew Rawlinson

Counsel for Defendant
SAMUEL REED

I, Stephen D. Hibbard, am the ECF User whose ID and password are being used to file this DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CONSOLIDATED COMPLAINT. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that all signatories concur in this filing.

DATED: June 21, 2021

*/s/ Stephen D. Hibbard*
STEPHEN D. HIBBARD