1  Stephen D. Hibbard (State Bar No. 177865)
   sdhibbard@jonesday.com
2  Matthew J. Silveira (State Bar No. 264250)
   msilveira@jonesday.com
3  Dennis F. Murphy, Jr. (State Bar No. 301008)
   dennismurphy@jonesday.com
4  James M. Gross (Admitted *Pro Hac Vice*)
   jgross@jonesday.com
5  JONES DAY
   555 California Street, 26th Floor
6  San Francisco, CA  94104
   Telephone:   +1.415.626.3939
7  Facsimile:    +1.415.875.5700

8  Attorneys for Defendants
   HDR GLOBAL TRADING LIMITED and ABS
9  GLOBAL TRADING LIMITED

10 Peter I. Altman (State Bar No. 285292)
   paltman@akingump.com
11 Marshall L. Baker (State Bar No. 300987)
   mbaker@akingump.com
12 Jessica H. Ro (State Bar No. 329737)
   jro@akingump.com
13 AKIN GUMP STRAUSS HAUER & FELD LLP
   1999 Avenue of the Stars, Suite 600
14 Los Angeles, CA  90067-6022
   Telephone:   +1.310.229.1000
15 Facsimile:    +1.310.229.1001

16 Attorneys for Defendant
   ARTHUR HAYES

Edward H. Takashima (State Bar No. 270945)
etakashima@bsfllp.com
BOIES SCHILLER FLEXNER LLP
725 S. Figueroa Street
31st Floor
Los Angeles, CA 90017
Telephone:   +1.213.629.9040
Facsimile:    +1.213.629.9022

Attorneys for Defendant
BEN DELO

Douglas K. Yatter (State Bar No. 236089)
douglas.yatter@lw.com
LATHAM & WATKINS, LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone:   +1.212.906.1200
Facsimile:    +1.212.751.4864

Matthew Rawlinson (State Bar No. 231890)
matt.rawlinson@lw.com
LATHAM & WATKINS, LLP
140 Scott Drive
Menlo Park, CA  94025
Telephone:   +1.650.328.4600
Facsimile:    +1.650.463.2600

Attorneys for Defendant
SAMUEL REED

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| BMA LLC, Yaroslav Kolchin, Vitaly Dubinin, Dmitry Dolgov, and Păun Gabriel-Razvan,<br><br>Plaintiffs,<br><br>v.<br><br>HDR Global Trading Limited (A.K.A. BitMEX), ABS Global Trading Limited, Arthur Hayes, Ben Delo, and Samuel Reed,<br><br>Defendants. | Case No. 3:20-cv-03345-WHO<br><br>(Consolidated Case Nos. 3:20-cv-07140-WHO and 3:20-cv-08034-WHO)<br><br>**DECLARATION OF STEPHEN D. HIBBARD IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO LIFT DISCOVERY STAY**<br><br>Date: July 14, 2021<br>Time: 2:00 p.m.<br>Ctrm: 2 – 17th Floor<br>Judge: Honorable William H. Orrick |

I, Stephen D. Hibbard, declare as follows:

1. I am an attorney with the law firm of Jones Day, attorneys of record for Defendants HDR Global Trading Limited ("HDR") and ABS Global Trading Limited ("ABS"). I am licensed to practice law in the State of California. I make this declaration in support of Defendants' Opposition to Plaintiffs' Motion to Lift Discovery Stay. I have personal knowledge of the facts set forth in this declaration, and if called upon as a witness, I could and would testify to such facts under oath.

2. Between the parties' Rule 26(f) conference in late July 2020 and Defendants' Motion to Stay Discovery filed on September 28, 2020 (ECF No. 43), Plaintiffs served thirty-nine (39) Requests for Admission ("RFAs"), fifty-four (54) Interrogatories ("ROGs"), and three hundred and four (304) Requests for Production of Documents ("RFPs"), for a combined *397 discovery requests*—all before Defendants had responded to Plaintiffs' operative complaint at that time.

3. Plaintiffs also served three document subpoenas on non-party service providers Twilio, Intercom, and Proofpoint. By way of example, one of the subpoenas seeks *all* emails from January 1, 2018 to the present between a bitmex.com email account and *any* email addresses ending in thirty-four (34) different domain names.

4. Two sets of RFPs to HDR are attached as exhibits. Attached as **Exhibit 1** is a true and correct copy of Plaintiff Dubinin's first set of corrected RFPs to HDR. Attached as **Exhibit 2** is a true and correct copy of Plaintiff Kolchin's first set of corrected RFPs to HDR. Excerpts from these exhibits are described in Defendants' Opposition to Plaintiffs' Motion to Lift Discovery Stay.

5. In September 2020, Plaintiffs' counsel Pavel Pogodin withdrew via email the following discovery requests: (a) eight RFPs, two ROGs, and one RFA as to Samuel Reed; (b) one RFP, ROG, and RFA each as to Arthur Hayes; and (c) all discovery requests served on Ben Delo.

6. All of this withdrawn discovery purports to relate to personal jurisdiction, which was not at issue following the filing of Defendants' initial and subsequent Motions to Dismiss.

1  The number of remaining outstanding discovery requests served on Defendants totals 338.

2        7.      Following the filing of Plaintiffs' Corrected Amended Consolidated Complaint on May 5, 2021 (ECF No. 150), Plaintiffs' counsel asked Defendants to stipulate to the filing of a proposed Second Amended Consolidated Complaint to make further changes to the Corrected Amended Consolidated Complaint.  While the parties negotiated a stipulation, Plaintiffs sent Defendants multiple versions of their proposed further amended complaint, including a version on May 26, 2021 that Plaintiffs agreed would be the final version of their proposed Second Amended Consolidated Complaint.

      8.      After finalizing the terms of the stipulation regarding filing the proposed Second Amended Consolidated Complaint, Plaintiffs' counsel sent five emails over Memorial Day Weekend to request that Defendants stipulate to lift the stay of discovery ordered by the Court.

      9.      On June 2, 2021, Defendants declined to stipulate to lifting the discovery stay.  I informed Plaintiffs' counsel that Plaintiffs would need to seek leave to request that the Court reconsider its prior order on the discovery stay issue.  Plaintiffs' counsel wrote, among other things, "Counsel, read my letter.  You have no right to stay discovery and never had.  This case is moving forward no matter what you do.  Stay will be lifted."  Attached as **Exhibit 3** is a true and correct copy of the meet and confer email chain among the parties regarding the discovery stay issue.

      10.      Defendants have already certified that all documents have been preserved in light of HDR's broad litigation hold (that also applies to the other defendants in this action) and in light of HDR's efforts with Twilio and Intercom to ensure potentially relevant information in the possession of those non-parties is preserved notwithstanding those non-parties' routine document retention policies.  *See* ECF No. 29 and ECF No. 33 at 12.

      11.      Plaintiffs' counsel has sent a number of "data preservation" letters to third parties in connection with this case, including to Twilio, SendGrid, Intercom, Amazon Web Services, Google, and Proofpoint, among others.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 22nd day of June, 2021 in Tiburon, California.

                                        */s/ Stephen D. Hibbard*
                                        Stephen D. Hibbard