# EXHIBIT 3
# (to the Declaration of Stephen D. Hibbard)

| | |
|---|---|
| **From:** | Pavel Pogodin, Ph.D., Esq. <pp@consensuslaw.io> |
| **Sent:** | Wednesday, June 2, 2021 5:28 PM |
| **To:** | Hibbard, Stephen D. |
| **Cc:** | hlevy@foleyhoag.com; etakashima_bsfllp.com; Yatter (External), Doug; MATT.RAWLINSON@LW.com; Altman (External), Peter; Ro (External), Jessica; Baker, Marshall; Sosnowski (External), Tom; Silveira, Matthew J.; Levy (External), Harlan; Murphy, Jr., Dennis F.; Calla, Diana L. |
| **Subject:** | Re: BMA v. HDR: Meet and Confer of Motion To Lift Discovery Stay |

**\*\* External mail \*\***

Counsel,

read my letter. You have no right to stay discovery and never had.  This case is moving forward no matter what you do.  Stay will be lifted.

Best Regards,



**Pavel Pogodin, Ph.D., Esq.**
Attorney at Law\*
CONSENSUS LAW
CryptoCurrency Attorneys
**t**: +1 (650) 469-3750 **f**: +1 (650) 472-8961
**e**: pp@consensuslaw.io
**i**: www.consensuslaw.io
**o**: 5245 Avenida Isla Verde, Suite 302, Carolina, PR 00979
\* Admitted in California

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

On Wed, Jun 2, 2021 at 8:00 PM Hibbard, Stephen D. <sdhibbard@jonesday.com> wrote:

> Pavel –
>
> Defendants do not believe any motion to reconsider or to reverse Judge Orrick's order staying discovery is proper or that any such hearing should be held, but if there is a hearing on July 14 Defendants can appear.
>
> Stephen D. Hibbard
> Partner
> **JONES DAY® - One Firm Worldwide℠**
> 555 California Street, 26th Floor

San Francisco, CA 94104
Office +1.415.875.5809



**From:** Pavel Pogodin, Ph.D., Esq. <pp@consensuslaw.io>
**Sent:** Wednesday, June 2, 2021 3:06 PM
**To:** Hibbard, Stephen D. <sdhibbard@jonesday.com>
**Cc:** hlevy@foleyhoag.com; etakashima_bsfllp.com <etakashima@bsfllp.com>; Yatter (External), Doug <douglas.yatter@lw.com>; MATT.RAWLINSON@LW.com; Altman (External), Peter <paltman@akingump.com>; Ro (External), Jessica <jro@akingump.com>; Baker, Marshall <mbaker@akingump.com>; Sosnowski (External), Tom <tsosnowski@bsfllp.com>; Silveira, Matthew J. <msilveira@JonesDay.com>; Levy (External), Harlan <hlevy@bsfllp.com>; Murphy, Jr., Dennis F. <dennismurphy@jonesday.com>; Calla, Diana L. <dcalla@jonesday.com>
**Subject:** Re: BMA v. HDR: Meet and Confer of Motion To Lift Discovery Stay


** External mail **


Counsel,


you represented that July 14, 2021 is acceptable for motion hearing.  Thus, as a courtesy to you, I will set the hearing on the motion to lift the discovery stay for that date.  Let me know if you have any questions.


Best Regards,



**Pavel Pogodin, Ph.D., Esq.**
Attorney at Law*
CONSENSUS LAW
CryptoCurrency Attorneys

t: +1 (650) 469-3750 f: +1 (650) 472-8961
e: pp@consensuslaw.io
i: www.consensuslaw.io
o: 5245 Avenida Isla Verde, Suite 302, Carolina, PR 00979
* Admitted in California


CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.


IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained

in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

On Wed, Jun 2, 2021 at 5:54 PM Hibbard, Stephen D. <sdhibbard@jonesday.com> wrote:

The Guidelines for Professional Conduct in the Northern District require civility and courtesy in matters of scheduling. Nothing in those Guidelines calls for justifications or detailed reasons why counsel are not available, especially where, as here, my earlier note made plain that defense counsel are available on July 14, only one week later than the hearing date you proposed.

In any event, I am not available on July 7 because of a long-planned family trip to the Southeast where we have plans that afternoon and evening for a reunion with extended family. As for July 21 and 28, I will be leading a group of Boy Scouts on a backpacking trip in the Rockies of New Mexico or be in transit from that journey. As for August 11, counsel for other defendants have a hearing in another matter.

While Defendants cannot prevent your filing motions that needlessly impose burdens on Defendants and the Court alike, you should expect we will make these points to the Court and seek appropriate relief if you schedule motions for dates on which counsel have informed you that they are unavailable.

Stephen D. Hibbard
Partner
**JONES DAY® - One Firm Worldwide℠**
555 California Street, 26th Floor
San Francisco, CA 94104
Office +1.415.875.5809

**From:** Pavel Pogodin, Ph.D., Esq. <pp@consensuslaw.io>
**Sent:** Wednesday, June 2, 2021 11:05 AM
**To:** Hibbard, Stephen D. <sdhibbard@jonesday.com>
**Cc:** hlevy@foleyhoag.com; etakashima_bsfllp.com <etakashima@bsfllp.com>; Yatter (External), Doug <douglas.yatter@lw.com>; MATT.RAWLINSON@LW.com; Altman (External), Peter <paltman@akingump.com>; Ro (External), Jessica <jro@akingump.com>; Baker, Marshall <mbaker@akingump.com>; Sosnowski (External), Tom <tsosnowski@bsfllp.com>; Silveira, Matthew J. <msilveira@JonesDay.com>; Levy (External), Harlan <hlevy@bsfllp.com>; Murphy, Jr., Dennis F. <dennismurphy@jonesday.com>; Calla, Diana L. <dcalla@jonesday.com>
**Subject:** Re: BMA v. HDR: Meet and Confer of Motion To Lift Discovery Stay

3

** External mail **

Counsel,

Furthermore, all court hearings are now conducted online and you do not need to travel to them at all. All you need is to turn your computer on for 30min. Thus, unless there is another specific court hearing at exactly the same time, you do NOT have any legitimate reason to try to delay the hearing on this motion and your unavailability is yet another frivolous dilatory trick that you played in this and other cases from the day one.

To understand the true reason why you are making this bogus objection to the July 7, 2021 hearing date, one needs to look no further than a recent filing in a related case *Amato et al. v. HDR et al.*, Case No. CGC-19-581267, Ex. B, in which another lawyer eloquently summarized your frivolous litigation playbook used by by you in a related civil matter involving the same Defendants and similar fraudulent Defendants' conduct:

> Defendants responded with the kitchen sink: an onslaught of motions, denials, pseudo meet-and-confers, and other legerdemain calculated to delay, frustrate, and overwhelm Plaintiffs with frivolous motion practice to run out the clock.
>
> Defendants first attempted to remove the action to federal court in plain violation of the Federal diversity jurisdiction rules. Under threat of sanctions, Defendants conceded to remand the action and to provide prompt access to discovery to resolve any further issues regarding venue or jurisdiction.
>
> Defendants then moved to quash for lack of personal jurisdiction, despite the fact that their entire operation was engineered, structured and effectively run from their base of operations in the City of San Francisco. (Defendants ultimately abandoned this motion after months of insisting that they could not be sued in this state.)

As one can clearly see, you previously employed every possible legerdemain and improper dilatory technique to try to delay, frustrate, and overwhelm your litigation opponents. Now you are continuing with exactly the same improper litigation conduct in this case, by making this bogus objection to the July 7, 2021 hearing date based on your non-existent unavailability.

I'm waiting for your detailed explanation by 5PM EDT today and proceeding with the motion hearing on July 7, 2021, if you fail to provide it.

Best Regards,



**Pavel Pogodin, Ph.D., Esq.**
Attorney at Law*
CONSENSUS LAW
CryptoCurrency Attorneys

t: +1 (650) 469-3750 f: +1 (650) 472-8961
e: pp@consensuslaw.io
i: www.consensuslaw.io
o: 5245 Avenida Isla Verde, Suite 302, Carolina, PR 00979
* Admitted in California

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

On Wed, Jun 2, 2021 at 1:44 PM Pavel Pogodin, Ph.D., Esq. <pp@consensuslaw.io> wrote:

Counsel,

Circumstances changed and clearly warrant the lift of the discovery stay by the court.

Can you elaborate what *exactly* prevents you from attending a short 30min hearing on July 7? Which specific case presents a scheduling conflict? I need the specifics. I also would like to remind you that you almost never consult me in advance of setting court dates.

What is the first day after July 7, 2021 that you are available? Besides, you have 1000 lawyers in the firm and at least 7 working on this case. You always seem to bring an entire pack of them to all court hearings and they never seem to say a single word. I trust that at least one of them will be available for the short 30min hearing on July 7.

Best Regards,



**Pavel Pogodin, Ph.D., Esq.**
Attorney at Law*
CONSENSUS LAW
CryptoCurrency Attorneys

t: +1 (650) 469-3750 f: +1 (650) 472-8961
e: pp@consensuslaw.io
i: www.consensuslaw.io
o: 5245 Avenida Isla Verde, Suite 302, Carolina, PR 00979
* Admitted in California

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

On Wed, Jun 2, 2021 at 1:25 PM Hibbard, Stephen D. <sdhibbard@jonesday.com> wrote:

Pavel –

We have reviewed your letters, sent over Memorial Day Weekend, stating Plaintiffs' intention to move to lift the discovery stay that Judge Orrick ordered in the *BMA* litigation.

First, I am not available for a hearing on July 7, 21, or 28, and other counsel are not available on August 11. Defendants therefore ask that you not calendar any hearing for July 7, 21, or 28 or for August 11.

Second, on November 10, 2020, after full briefing on Defendants' Motion to Stay Discovery was complete and following the Case Management Conference held earlier that same day, the Court ordered that "[d]iscovery is stayed until further order of the Court *at or after the hearing of subsequent motions to dismiss.*" ECF 94 (emphasis added). The Court's order plainly did not contemplate lifting the stay of discovery prior to Plaintiffs demonstrating that they have a viable complaint, which they still have not done. There has been no material change in circumstance.

Defendants are confident Plaintiffs lack any basis to request Judge Orrick to reconsider his prior Order.  *See* Local Rule 7-9.  Plaintiffs' threatened motion is not well-founded for additional reasons as well.  Your suggestion, for example, that discovery must move forward because Defendants have not even filed a motion to dismiss cannot be taken seriously.  Defendants would, in fact, have filed their anticipated motion to dismiss on June 1, but for this most recent month-long delay directly caused by your repeated efforts to amend and further amend.  To deal with that chaos, just yesterday Judge Orrick signed an order allowing Plaintiffs to amend yet again and to file "as soon as possible" the version of the complaint you provided Defendants on May 26, 2021 (although we have not yet seen an ECF notice of filing).  The Court also ordered a full briefing and hearing schedule and Defendants' motion to dismiss will be heard in August, hardly justifying your efforts to require the Court to spend its time and energy re-considering its prior Order staying discovery, especially since only weeks remain until the motion to dismiss hearing.

Moreover, any motion will inevitably require the Court to consider in depth whether Plaintiffs have stated colorable claims, which Plaintiffs have failed to do, and thus Plaintiffs' motion would impose yet another unjustifiably duplicative and premature burden on the Court and Defendants alike.  Defendants have considered what you call the "smoking gun" evidence, and it is nothing of the kind.  Like other allegations in Plaintiffs' prior complaints, the information you reference is rank speculation unsupported by credible facts, it reflects incomplete and vague statements, and it fails to demonstrate how Plaintiffs' assertions—even if credited—caused Plaintiffs' claimed losses.

If you wish to discuss these issues further, we can schedule a time to confer.

Stephen D. Hibbard
Partner
**JONES DAY® - One Firm Worldwide℠**
555 California Street, 26th Floor
San Francisco, CA 94104
Office +1.415.875.5809

**From:** Pavel Pogodin, Ph.D., Esq. <pp@consensuslaw.io>
**Sent:** Monday, May 31, 2021 7:24 AM
**To:** Hibbard, Stephen D. <sdhibbard@jonesday.com>; Altman (External), Peter <paltman@akingump.com>; Silveira, Matthew J. <msilveira@JonesDay.com>; Yatter (External), Doug <douglas.yatter@lw.com>
**Cc:** Murphy, Jr., Dennis F. <dennismurphy@jonesday.com>; etakashima_bsfllp.com <etakashima@bsfllp.com>; MATT.RAWLINSON@LW.com; Baker, Marshall <mbaker@akingump.com>; Sosnowski (External), Tom <tsosnowski@bsfllp.com>; Ro (External), Jessica <jro@akingump.com>; Calla, Diana L. <dcalla@jonesday.com>; Levy (External), Harlan <hlevy@bsfllp.com>
**Subject:** Re: BMA v. HDR: Meet and Confer of Motion To Lift Discovery Stay

**\*\* External mail \*\***

one more correction.

Best Regards,



**Pavel Pogodin, Ph.D., Esq.**
Attorney at Law\*
CONSENSUS LAW
CryptoCurrency Attorneys

t: +1 (650) 469-3750  f: +1 (650) 472-8961
e: pp@consensuslaw.io
i: www.consensuslaw.io
o: 5245 Avenida Isla Verde, Suite 302, Carolina, PR 00979
\* Admitted in California

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

On Mon, May 31, 2021 at 10:02 AM Pavel Pogodin, Ph.D., Esq. <pp@consensuslaw.io> wrote:

corrected letter is attached.

Best Regards,



**Pavel Pogodin, Ph.D., Esq.**
Attorney at Law\*
CONSENSUS LAW
CryptoCurrency Attorneys

t: +1 (650) 469-3750  f: +1 (650) 472-8961
e: pp@consensuslaw.io
i: www.consensuslaw.io
o: 5245 Avenida Isla Verde, Suite 302, Carolina, PR 00979
\* Admitted in California

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

On Mon, May 31, 2021 at 9:08 AM Pavel Pogodin, Ph.D., Esq. <pp@consensuslaw.io> wrote:

Counsel,

the formal meet and confer letter on the motion to lift discovery stay is attached. Let me know your answer by 5PM on Tuesday.

Best Regards,



**Pavel Pogodin, Ph.D., Esq.**
Attorney at Law*
CONSENSUS LAW
CryptoCurrency Attorneys

t: +1 (650) 469-3750 f: +1 (650) 472-8961
e: pp@consensuslaw.io
i: www.consensuslaw.io
o: 5245 Avenida Isla Verde, Suite 302, Carolina, PR 00979
* Admitted in California

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

On Sat, May 29, 2021 at 5:52 PM Pavel Pogodin, Ph.D., Esq. <pp@consensuslaw.io> wrote:

Counsel,

revised new facts of money laundering conspiracy by your clients and prolific market manipulator Ben Aabtc are attached.

Best Regards,



**Pavel Pogodin, Ph.D., Esq.**
Attorney at Law*
CONSENSUS LAW
CryptoCurrency Attorneys

t: +1 (650) 469-3750 f: +1 (650) 472-8961
e: pp@consensuslaw.io
i: www.consensuslaw.io
o: 5245 Avenida Isla Verde, Suite 302, Carolina, PR 00979
* Admitted in California

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

On Sat, May 29, 2021 at 5:06 PM Pavel Pogodin, Ph.D., Esq. <pp@consensuslaw.io> wrote:

> Counsel,
>
> In view of the attached irrefutable "SMOKING GUN" evidence of money laundering conspiracy by your clients and prolific market manipulator Den Aabtc, Plaintiffs intend to move the Court this week for the lift of the discovery stay. Specifically, in view of the damning new evidence of money laundering conspiracy there is absolutely no reason to wait any longer with the discovery.
>
> Let me know by COB on Tuesday whether you will stipulate to the lift of stay. I will notice the motion for July 7.

> Best Regards,
>
>  **Pavel Pogodin, Ph.D., Esq.**
> Attorney at Law*
> CONSENSUS LAW
> CryptoCurrency Attorneys
>
> t: +1 (650) 469-3750 f: +1 (650) 472-8961
> e: pp@consensuslaw.io
> i: www.consensuslaw.io
> o: 5245 Avenida Isla Verde, Suite 302, Carolina, PR 00979
> * Admitted in California
>
> CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.
>
> IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

> ***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***