1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMA LLC, et al.,<br><br>               Plaintiffs,<br><br>       v.<br><br>HDR GLOBAL TRADING LIMITED, et al.,<br><br>               Defendants. | Case No. 20-cv-03345-WHO<br><br>**ORDER DENYING MOTION TO LIFT DISCOVERY STAY**<br><br>Re: Dkt. No. 154 |

On November 10, 2020, I granted defendants' motion to stay discovery "until further order of the Court at or after the hearing of subsequent motions to dismiss." Dkt. No. 94. On March 12, 2021, I dismissed plaintiffs' Consolidated Complaint with leave to amend. Dkt. No. 143. Plaintiffs subsequently filed a First Amended Consolidated Complaint. Dkt. No. 150. On June 1, 2021, I granted the parties' stipulation to allow plaintiffs to file a Second Amended Consolidated Complaint and set the briefing schedule on defendants' forthcoming motion to dismiss, set for hearing on August 25, 2021. Dkt. No. 152. Plaintiffs then filed a Second Amended Consolidated Complaint along with a motion to lift the discovery stay I ordered back in November 2020. Dkt. Nos. 153, 154. The motion to lift discovery stay is now fully briefed. I find that the motion is suitable for decision without oral argument and VACATE the hearing scheduled for July 14, 2021. *See* Civ. L. R. 7-1(b).

Under Ninth Circuit law and the two-pronged approach applied by courts in this District, I find that good cause exists to stay discovery until the pending motion to dismiss is resolved. *See Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351 (N.D. Cal. 2003) (discovery should be stayed if (i) the pending motion is potentially dispositive of the entire

case or at least dispositive on the issue at which discovery is directed and (ii) the pending motion can be decided absent discovery: "[i]f the court answers these two questions in the affirmative, a protective order may issue"). In their motion, plaintiffs argue that the discovery stay should be lifted because their Second Amended Consolidated Complaint alleges viable causes of action. That is something I will determine once the pending motion to dismiss the Second Amended Consolidated Complaint, which now contains 33 causes of action, is fully briefed and heard. While a substantive analysis of defendants' motion to dismiss "would be premature at this time," I have taken a "preliminary peek" and determined that a limited stay of discovery is warranted. *Yiren Huang v. Futurewei Techs., Inc.*, No. 18-CV-00534-BLF, 2018 WL 1993503, at *3 (N.D. Cal. Apr. 27, 2018) (citation omitted).

Plaintiffs passingly argue that that discovery stay should be lifted to prevent destruction of third-party records. I already denied their ex parte application for an evidence preservation order as to third parties Twilio, SendGrid, and Intercom on June 15, 2020 because they failed to demonstrate any imminent concern with document destruction. *See* Dkt. No. 29. Plaintiffs now claim evidence preservation issues relate to third parties BitStamp, Kraken, and Coinbase, but fail to explain what relevant evidence will be deleted. They completely drop this argument in their reply brief. In any event, a stay of discovery does not prevent them from sending letters requesting that these third parties preserve purportedly relevant evidence. Defendants also certify that they have taken steps to preserve relevant evidence.

As I have said before, I understand that plaintiffs are eager to move this case past the pleadings stage and to the merits. But they must pass each hurdle one at a time, starting with plausibly pleading their claims. They failed to do so in their Consolidated Complaint. I will see if their Second Amended Consolidated Complaint fares any better.

Plaintiffs' motion to lift the discovery stay is DENIED. This ruling has no bearing on the

merits of defendants' pending motion to dismiss, which will be heard on August 25, 2021.[1]

**IT IS SO ORDERED.**

Dated: July 6, 2021



William H. Orrick
United States District Judge

United States District Court
Northern District of California

---

[1] On July 5, 2021, plaintiffs' counsel submitted a supplemental reply brief. Dkt. No. 159. This supplemental brief was filed without leave of court in violation of Civil Local Rule 7–3(d) (stating that, with certain exceptions not applicable here, "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval."). Plaintiffs appear to use this supplemental brief to respond to an argument that defendants made in their pending motion to dismiss. I have already granted the parties additional pages to brief the pending motion to dismiss. Specifically, plaintiffs' opposition to the pending motion to dismiss is due by July 21, 2021, which may be no longer than thirty-five (35) pages. I will not consider anything beyond that.