| | |
|---|---|
| Stephen D. Hibbard (State Bar No. 177865) | Edward H. Takashima (State Bar No. 270945) |
| sdhibbard@jonesday.com | etakashima@bsfllp.com |
| Matthew J. Silveira (State Bar No. 264250) | BOIES SCHILLER FLEXNER LLP |
| msilveira@jonesday.com | 725 S. Figueroa Street |
| Dennis F. Murphy, Jr. (State Bar No. 301008) | 31st Floor |
| dennismurphy@jonesday.com | Los Angeles, CA 90017 |
| James M. Gross (Admitted *Pro Hac Vice*) | Telephone: +1.213.629.9040 |
| jgross@jonesday.com | Facsimile: +1.213.629.9022 |
| JONES DAY | |
| 555 California Street, 26th Floor | Attorneys for Defendant |
| San Francisco, CA 94104 | BEN DELO |
| Telephone: +1.415.626.3939 | |
| Facsimile: +1.415.875.5700 | Douglas K. Yatter (State Bar No. 236089) |
| | douglas.yatter@lw.com |
| Attorneys for Defendants | LATHAM & WATKINS, LLP |
| HDR GLOBAL TRADING LIMITED and ABS | 1271 Avenue of the Americas |
| GLOBAL TRADING LIMITED | New York, NY 10020 |
| | Telephone: +1.212.906.1200 |
| Peter I. Altman (State Bar No. 285292) | Facsimile: +1.212.751.4864 |
| paltman@akingump.com | |
| Marshall L. Baker (State Bar No. 300987) | Matthew Rawlinson (State Bar No. 231890) |
| mbaker@akingump.com | matt.rawlinson@lw.com |
| Jessica H. Ro (State Bar No. 329737) | LATHAM & WATKINS, LLP |
| jro@akingump.com | 140 Scott Drive |
| AKIN GUMP STRAUSS HAUER & FELD LLP | Menlo Park, CA 94025 |
| 1999 Avenue of the Stars, Suite 600 | Telephone: +1.650.328.4600 |
| Los Angeles, CA 90067-6022 | Facsimile: +1.650.463.2600 |
| Telephone: +1.310.229.1000 | |
| Facsimile: +1.310.229.1001 | Attorneys for Defendant |
| | SAMUEL REED |
| Attorneys for Defendant | |
| ARTHUR HAYES | |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| BMA LLC, Yaroslav Kolchin, Vitaly Dubinin, Dmitry Dolgov, and Păun Gabriel-Razvan, | Case No. 3:20-cv-03345-WHO |
| Plaintiffs, | (Consolidated Case Nos. 3:20-cv-07140-WHO and 3:20-cv-08034-WHO) |
| v. | **DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR TUTORIAL** |
| HDR Global Trading Limited (A.K.A. BitMEX), ABS Global Trading Limited, Arthur Hayes, Ben Delo, and Samuel Reed, | |
| Defendants. | |

Defendants HDR Global Trading Limited, ABS Global Trading Limited, Arthur Hayes, Ben Delo, and Samuel Reed (together, "Defendants") oppose Plaintiffs' administrative motion seeking to provide a "cryptocurrency basics, cryptocurrency trading, cryptocurrency derivatives trading and cross market manipulation tutorial for the benefit of the honorable court." ECF No. 161.

Plaintiffs' motion should be denied for the threshold reason that it does not comply with the Local Rules. A "motion for an order concerning a miscellaneous administrative matter" like the one filed by Plaintiffs here "must be accompanied by … either a stipulation under Civil Rule 7-12 or by a declaration that explains why a stipulation could not be obtained." N.D. Cal. Civil L.R. 7-11(a). Plaintiffs' motion makes no attempt to comply with this requirement just as Plaintiffs made no attempt to request a stipulation from Defendants, who first learned of this motion when it was filed. This Court's Local Rules, of course, "have the 'force of law' and are binding upon the parties and upon the court." *Prof'l Programs Grp. v. Dep't of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994). Plaintiffs' failure, yet again, to follow the Court's rules, including these requirements, alone justifies denial of Plaintiffs' motion.

Plaintiffs' motion is procedurally improper for the additional reasons that (1) the parties stipulated to the terms for Defendants' pending motion to dismiss (*i.e.*, page limits and a schedule for briefing and argument), ECF No. 151; (2) the Court entered an order shortening the parties' proposed schedule for that motion, ECF No. 152; and (3) in denying Plaintiffs' recent motion to lift the discovery stay in this case, the Court stated that it would "not consider anything beyond" Plaintiffs' opposition to the pending motion to dismiss, for which the Court granted Plaintiffs additional pages, ECF No. 160 at 3 n.1. By seeking to schedule a tutorial "*before* the hearing on Defendants' motion to dismiss currently set for August 25, 2021," ECF No. 161 at 1, Plaintiffs none too subtly are seeking yet a further opportunity to advocate their views, which is at odds with the clear framework agreed to by the parties and ordered by the Court in connection with Plaintiffs' filing of a Second Amended Consolidated Complaint.

Finally, a tutorial is not necessary here. Technology tutorials play a specific role in complicated patent disputes, typically in connection with claim construction and summary

1  judgment after pleading challenges have been resolved.  This case does not involve complicated
2  technical issues warranting a tutorial simply because Plaintiffs allege market losses related to
3  cryptocurrency derivative trading.  In fact, in opposing Defendants' last motion to dismiss,
4  Plaintiffs insisted that "[t]he key facts of this market manipulation scheme ('MMS') run by
5  Defendants are rather simple and easy to understand." ECF No. 129 at 1.  Moreover, even if a
6  technology tutorial were ever warranted in a case like this one, holding a tutorial at this stage of
7  the litigation, after the Court has already granted one motion to dismiss and has set a schedule to
8  hear a second motion to dismiss (the third filed by Defendants), would amplify all the
9  disadvantages of technical tutorials, which "[i]ncrease[] the burden on the court," "can be
10 expensive for parties to produce," and invariably lead to the parties "present[ing] information in a
11 way that favors their view about the proper framework for approaching the technical issues."
12 Federal Judicial Center, *Patent Case Management Judicial Guide* at 2-11 (3d ed. 2016).  The
13 Court provided the parties ample opportunity for argument at the hearing on Defendants' previous
14 motion to dismiss and allowed the parties additional pages on this motion to dismiss.  Plaintiffs'
15 request will unnecessarily increase the burdens on Defendants and the Court, and it should be
16 denied.

DATED:  July 12, 2021

Respectfully submitted,

JONES DAY

By: /s/ *Stephen D. Hibbard*
      Stephen D. Hibbard

Counsel for Defendants
HDR GLOBAL TRADING LIMITED and
ABS GLOBAL TRADING LIMITED

AKIN GUMP STRAUSS HAUER & FELD LLP


By: */s/ Peter I. Altman*
    Peter I. Altman

Counsel for Defendant
ARTHUR HAYES


BOIES SCHILLER FLEXNER LLP


By: */s/ Edward H. Takashima*
    Edward H. Takashima

Counsel for Defendant
BEN DELO


LATHAM & WATKINS, LLP


By: */s/ Douglas K. Yatter*
    Douglas K. Yatter
    Matthew Rawlinson

Counsel for Defendants
SAMUEL REED

I, Stephen D. Hibbard, am the ECF User whose ID and password are being used to file this DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR TUTORIAL.  In compliance with Civil L.R. 5-1(i)(3), I hereby attest that all signatories concur in this filing.

DATED:  July 12, 2021                              _____/s/ Stephen D. Hibbard_____
                               STEPHEN D. HIBBARD