Pavel I. Pogodin, Ph.D., Esq. (SBN 206441)
CONSENSUS LAW
5245 Ave Isla Verde
Suite 302
Carolina, PR 00979
United States of America
Telephone: (650) 469-3750
Facsimile: (650) 472-8961
Email: pp@consensuslaw.io

Sanjay Prasad, Esq. (SBN 191230)
APPLETON LUFF
221 Main Street, #496
Los Altos, CA 94023
United States of America
Telephone: (650) 918-7647
Email: prasad@appletonluff.com

Attorneys for Plaintiffs
BMA LLC, Yaroslav Kolchin,
Vitaly Dubinin, Dmitry Dolgov
And Păun Gabriel-Razvan

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BMA LLC, Yaroslav Kolchin, Vitaly Dubinin, Dmitry Dolgov and Păun Gabriel-Razvan,<br><br>Plaintiffs,<br><br>v.<br><br>HDR Global Trading Limited (A.K.A. BitMEX), ABS Global Trading Limited, Arthur Hayes, Ben Delo and Samuel Reed,<br><br>Defendants. | Case No. 3:20-cv-3345-WHO<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANTS' REPLY AND MOTION TO DISMISS SECOND AMENDED CONSOLIDATED COMPLAINT**<br><br>**Hon. William H. Orrick**<br>**Date: August 25, 2021**<br>**Time: 2:00 PM**<br>**Crtrm.: 2, 17th Floor**<br><br>**Discovery Cutoff: None Set**<br>**Pretrial Conference Date: None Set**<br>**Trial Date: None Set** |

Pursuant to Civ. L.R. 7-1, Plaintiffs BMA LLC, Yaroslav Kolchin, Vitaly Dubinin, Dmitry Dolgov, and Păun Gabriel-Razvan (together, "Plaintiffs") respectfully submit this Administrative Motion For Leave To File Sur-Reply In Opposition To Defendants' Reply And Motion To Dismiss Second Amended Consolidated Complaint.

## ARGUMENT

"The standard for granting leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D. D.C. 2001). As explained in detail below, Defendants made at least three such *new* arguments *for the first time* in their Reply Brief, which Plaintiffs "would be unable to contest" absent the opportunity to file the proposed Sur-Reply. Therefore, Plaintiffs Administrative Motion For Leave To File Sur-Reply In Opposition To Defendants' Reply And Motion To Dismiss Second Amended Consolidated Complaint should be granted by the Honorable Court. *Id*.

**I. DEFENDANTS ARGUE, FOR THE FIRST TIME IN THEIR REPLY, THAT PLAINTIFFS' LOSSES WERE NOT DETRIMENTAL UNDER HOLDING OF *SERVICE BY MEDALLION, INC. V. CLOROX***

Defendants argue, for the first time in their Reply Brief, pp. 18-19, that "any "reliance" by Plaintiffs on Defendants' purported misrepresentations—by depositing bitcoin (that enabled them to open trading positions) and paying commissions (that enabled their trades to be executed)—could not constitute "detriment proximately caused" by alleged misrepresentations in the Terms of Service or on the website, in view of California Court of Appeals decision in *Service by Medallion, Inc. v. Clorox Co.* (1996) 44 Cal.App.4th 1807 (*Clorox*). Nowhere did Defendants make this argument or cited *Clorox* in their opening brief. Plaintiffs "would be unable to contest" this argument absent the opportunity to file the proposed Sur-Reply.

**II. DEFENDANTS ARGUE, FOR THE FIRST TIME IN THEIR REPLY, THAT PLAINTIFFS RELIED ON MORE GENERAL LIQUIDITY REPRESENTATION AS OPPOSED TO MORE SPECIFIC ONE**

In their Reply Brief, p. 22, Defendants argue, for the first time, that: "Plaintiffs stated that they were 'specifically looking for a reputable and honest exchange with the highest liquidity in the industry to trade on.' CACC ¶ 699 (emphasis added). Of course, that contradicts Plaintiffs'

CONSENSUS LAW
CRYPTOCURRENCY
ATTORNEYS

PLAINTIFFS' ADM. MOTION FOR LEAVE TO FILE SUR-REPLY   - 2 -   BMA LLC ET AL. V. HDR ET AL.   CASE NO. 3:20-CV-3345-WHO

claim that they relied on representations about the magnitude of BitMEX's higher liquidity—1500% or otherwise—as opposed to the representation that BitMEX was the "most liquid" exchange, which Plaintiffs no longer challenge as inaccurate." Nowhere did Defendants make this argument in their opening brief. Plaintiffs "would be unable to contest" this argument absent the opportunity to file the proposed Sur-Reply.

### III. DEFENDANTS ARGUE, FOR THE FIRST TIME IN THEIR REPLY, THAT PLAINTIFFS FORFEITED CAUSES OF ACTION

At p. 20 of their Reply Brief, Defendants argue, for the first time, that "Plaintiffs abandoned many of their causes of action, attempting to defend only their fraud claims under the CEA, RICO, common law, FAL, and UCL." Nowhere did Defendants make this argument in their opening brief. Plaintiffs "would be unable to contest" this argument absent the opportunity to file the proposed Sur-Reply.

### IV. PLAINTIFFS NEED TO FILE A SUR-REPLY TO ADDRESS DEFENDANTS' ARGUMENTS RAISED FOR THE FIRST TIME IN THEIR REPLY

Motions to dismiss are disfavored, as there exists "'a powerful presumption against rejecting pleadings for failure to state a claim.'" Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (quoting Auster Oil & Gas, Inc. v. Stream, 764 F.2d 381, 386 (5th Cir. 1985)). This is especially true here, wherein the motion to dismiss, being a drastic measure, has a potential of depriving Plaintiffs of their right to jury trial guaranteed under the U.S. Constitution. Thus, all procedural and fairness requirements for the motion to dismiss must be *strictly* met and gamesmanship by Defendants' counsel aimed at depriving Plaintiffs of the ability to respond should not be permitted. "The standard for granting leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D. D.C. 2001). As shown above, Defendants made at least three such *new* arguments *for the first time* in their Reply Brief, which Plaintiffs "would be unable to contest" absent the opportunity to file the proposed Sur-Reply. Thus, grant of the requested leave to file a Sur-Reply is just and proper and in accordance with strong judicial policy of deciding lawsuits on their merits to achieve substantial justice between the parties.

Plaintiffs have attached a brief Sur-Reply which addresses only these new arguments raised by the Defendants and raises no new arguments. Plaintiffs believe this information will aid the Court in deciding the issues presented. See *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 3:14-CV-02510, 2014 WL 7206620, at *1 n.2 (N.D. Cal. Dec. 18, 2014) (granting leave to file a Sur-Reply "in the interests of completeness and judicial efficiency"). Plaintiffs' proposed Sur-Reply is attached hereto as Attachment A. For these reasons, counsel for Plaintiffs respectfully requests leave to file the attached Sur-Reply. Counsel for all parties have met and conferred on this matter; counsel for the Defendants opposes this motion. Because motion

Dated: August 16, 2021

Respectfully submitted,

By: /s/ Pavel I. Pogodin
      Pavel I. Pogodin

CONSENSUS LAW
Pavel I. Pogodin, Ph.D., Esq.
5245 Ave Isla Verde, Suite 302
Carolina, PR 00979
United States of America
Email: pp@consensuslaw.io
Attorneys for Plaintiffs