| | |
|---|---|
| Stephen D. Hibbard (State Bar No. 177865)<br>sdhibbard@jonesday.com<br>Matthew J. Silveira (State Bar No. 264250)<br>msilveira@jonesday.com<br>Dennis F. Murphy, Jr. (State Bar No. 301008)<br>dennismurphy@jonesday.com<br>James M. Gross (Admitted *Pro Hac Vice*)<br>jgross@jonesday.com<br>JONES DAY<br>555 California Street, 26th Floor<br>San Francisco, CA 94104<br>Telephone: +1.415.626.3939<br>Facsimile: +1.415.875.5700<br><br>Attorneys for Defendants<br>HDR GLOBAL TRADING LIMITED and ABS GLOBAL TRADING LIMITED<br><br>Peter I. Altman (State Bar No. 285292)<br>paltman@akingump.com<br>Marshall L. Baker (State Bar No. 300987)<br>mbaker@akingump.com<br>Jessica H. Ro (State Bar No. 329737)<br>jro@akingump.com<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>1999 Avenue of the Stars, Suite 600<br>Los Angeles, CA 90067<br>Telephone: +1.310.229.1000<br>Facsimile: +1.310.229.1001<br><br>Attorneys for Defendant<br>ARTHUR HAYES | Edward H. Takashima (State Bar No. 270945)<br>etakashima@bsfllp.com<br>BOIES SCHILLER FLEXNER LLP<br>725 S Figueroa Street, 31st Floor<br>Los Angeles, CA 90017<br>Telephone: +1.213.629.9040<br>Facsimile: +1.213.629.9022<br><br>Attorneys for Defendant<br>BEN DELO<br><br>Douglas K. Yatter (State Bar No. 234264)<br>douglas.yatter@lw.com<br>LATHAM & WATKINS, LLP<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone: +1.212.906.1200<br>Facsimile: +1.212.751.4864<br><br>Matthew Rawlinson (State Bar No. 231890)<br>matt.rawlinson@lw.com<br>LATHAM & WATKINS, LLP<br>140 Scott Drive<br>Menlo Park, CA 94025<br>Telephone: +1.650.328.4600<br>Facsimile: +1.650.463.2600<br><br>Attorneys for Defendant<br>SAMUEL REED |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BMA LLC, Yaroslav Kolchin, Vitaly Dubinin, Dmitry Dolgov, and Păun Gabriel-Razvan,<br><br>Plaintiffs,<br><br>v.<br><br>HDR Global Trading Limited (a.k.a. BitMEX), ABS Global Trading Limited, Arthur Hayes, Ben Delo and Samuel Reed,<br><br>Defendants. | Case No. 3:20-cv-03345-WHO<br><br>(Consolidated Case Nos. 3:20-cv-07140-WHO and 3:20-cv-08034-WHO)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY TO DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED CONSOLIDATED COMPLAINT** |

1  Once again, Plaintiffs seek to burden this Court and the parties with unauthorized filings.
2  This time, Plaintiffs have filed an administrative motion for leave to file a sur-reply brief and the
3  accompanying proposed sur-reply.  Defendants HDR Global Trading Limited, ABS Global
4  Trading Limited, Arthur Hayes, Ben Delo, and Samuel Reed (together, "Defendants") oppose
5  Plaintiffs' motion for two reasons.  First, Plaintiffs' sur-reply does not satisfy the criteria for post-
6  reply filings under the Local Rules.  Second, Plaintiffs' administrative motion provides no
7  justification for the Court to specially approve such a filing here, where "no new arguments were
8  made on reply."  *NorthBay Healthcare Grp. - Hosp. Div. v. Blue Shield of California Life &*
9  *Health Ins.*, 342 F. Supp. 3d 980, 990 n.3 (N.D. Cal. 2018).

10  **1.**  "Once a reply is filed, no additional memoranda, papers or letters may be filed without
11  prior Court approval," unless (1) "new evidence has been submitted in the reply" or (2) a party
12  wishes to "bring to the Court's attention a relevant judicial opinion published after the date the
13  opposition or reply was filed."  N.D. Cal. L.R. 7-3(d).  In seeking Court approval to file a sur-
14  reply, Plaintiffs concede that neither exception applies here; an administrative motion would be
15  unnecessary if Plaintiffs satisfied the criteria for one or both exceptions.  Yet instead of waiting
16  for the Court to approve the filing of a sur-reply, Plaintiffs have filed their proposed sur-reply
17  brief with their administrative motion in violation of Local Rule 7-3(d), helping themselves to the
18  very relief they seek.  The Court should deny the motion for this reason alone.

19  **2.**  In any event, the alleged basis for Plaintiffs' administrative motion—that Defendants
20  purportedly "made at least three … new arguments for the first time in their Reply Brief"—is
21  meritless.  Most prominently, Plaintiffs' assertion (Mot. at 3) that Defendants raised a "new
22  argument" when they highlighted Plaintiffs' failure to defend multiple causes of action defies
23  logic.  Defendants obviously could not have anticipated at the time they filed their Opening Brief
24  that Plaintiffs would abandon nearly one third of their claims in their Opposition to Defendants'
25  motion to dismiss.  This abandonment by Plaintiffs is quintessentially a point that could only have
26  been made by Defendants on reply, and Defendants calling out Plaintiffs' failure to address
27  arguments in Defendants' Opening Brief does not entitle Plaintiffs to a sur-reply.  Plaintiffs'
28  remaining assertions—that Defendants made new arguments regarding Plaintiffs' contradictory

pleadings and deficient common law causation allegations—are equally flawed.

First, contrary to Plaintiffs' assertion that the Reply presented "new arguments," Defendants' Opening Brief expressly argued—on the very first page—that Plaintiffs' new claim that "purported misrepresentations on the BitMEX website regarding its high liquidity fraudulently induced them to deposit bitcoin on BitMEX … fundamentally undermine[s] their price manipulation theory, which is premised on BitMEX having high liquidity." *See* Opening Br. (ECF 155) at 1; *see also id.* at 10, 14–15 (arguing that Plaintiffs' contradictory pleadings, at the very least, render Plaintiffs' fraudulent inducement claims implausible); 21–22 (noting that Plaintiffs allege only that they relied upon the website's statement that "BitMEX's XBTUSD market is the most liquid in the world," which Plaintiffs do not challenge as inaccurate). Plaintiffs are therefore factually wrong in asserting that Defendants did not argue previously that Plaintiffs' fraudulent inducement allegations in the Second Amended Consolidated Complaint ("SACC") contradict Plaintiffs' prior allegations, including their reliance allegations. *See* Mot. at 2–3.

Second, Plaintiffs also incorrectly assert that Defendants "argue[d], for the first time in their Reply Brief … that any 'reliance' by Plaintiffs on Defendants' purported misrepresentations … could not constitute 'detriment proximately caused' by alleged misrepresentations in the Terms of Service or on the website." Mot. at 2. Indeed, Defendants made this very point in their Opening Brief. *See* Opening Br. at 30 (arguing that where "a plaintiff's 'damages do not flow from the concealment' or misrepresentation, … the plaintiff has failed to establish proximate causation"). Plaintiffs' complaint that Defendants cited *Service by Medallion, Inc. v. Clorox Co.*, 44 Cal. App. 4th 1807 (1996), for the first time in the Reply Brief is equally misplaced. Defendants' citation to that California authority is responsive to Plaintiffs' exclusive reliance on federal CEA authorities to argue in their Opposition that the SACC's "allegations of causation clearly satisfy the proximate loss causation requirements of the law." Opp. (ECF 168) at 16-17, 20-21; *accord id.* at 28, 33 (arguing that all elements of the common law fraud causes of action "were already discussed above in connection with the corresponding cause of action under CEA"). In other words, Plaintiffs' complaint appears to be that Defendants used their Reply Brief

1  to respond to the arguments in Plaintiffs' Opposition—the precise reason that movants are
2  permitted to file reply briefs.
3      At bottom, Plaintiffs' motion for leave to file a sur-reply is nothing more than an attempt
4  to evade page limits on arguments and to have the "last word" on Defendants' Motion to Dismiss
5  the SACC.  That is not a proper basis for a sur-reply.  Plaintiffs' administrative motion should be
6  denied.

Dated:  August 18, 2021                          JONES DAY

                                                 By: */s/ Stephen D. Hibbard*
                                                      Stephen D. Hibbard

                                                 Counsel for Defendants
                                                 HDR GLOBAL TRADING LIMITED and
                                                 ABS GLOBAL TRADING LIMITED


                                                 AKIN GUMP STRAUSS HAUER & FELD
                                                 LLP


                                                 By: */s/ Peter I. Altman*
                                                      Peter I. Altman

                                                 Counsel for Defendant
                                                 ARTHUR HAYES


                                                 BOIES SCHILLER FLEXNER LLP


                                                 By: */s/ Edward H. Takashima*
                                                      Edward H. Takashima

                                                 Counsel for Defendant
                                                 BEN DELO

LATHAM & WATKINS, LLP

By: */s/ Douglas K. Yatter*
    Douglas K. Yatter
    Matthew Rawlinson

Counsel for Defendant
SAMUEL REED

1  I, Stephen D. Hibbard, am the ECF User whose ID and password are being used to file this DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY TO DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED CONSOLIDATED COMPLAINT.  In compliance with Civil L.R. 5-1(i)(3), I hereby attest that all signatories concur in this filing.

DATED:  August 18, 2021

*/s/ Stephen D. Hibbard*
STEPHEN D. HIBBARD