Pavel I. Pogodin, Ph.D., Esq. (SBN 206441)
CONSENSUS LAW
5245 Ave Isla Verde
Suite 302
Carolina, PR 00979
United States of America
Telephone: (650) 469-3750
Facsimile: (650) 472-8961
Email: pp@consensuslaw.io

Sanjay Prasad, Esq. (SBN 191230)
APPLETON LUFF
221 Main Street, #496
Los Altos, CA 94023
United States of America
Telephone: (650) 918-7647
Email: prasad@appletonluff.com

Attorneys for Plaintiffs
BMA LLC, Yaroslav Kolchin,
Vitaly Dubinin, Dmitry Dolgov
And Păun Gabriel-Razvan

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| BMA LLC, Yaroslav Kolchin, Vitaly Dubinin, Dmitry Dolgov and Păun Gabriel-Razvan,<br><br>Plaintiffs,<br><br>v.<br><br>HDR Global Trading Limited (A.K.A. BitMEX), ABS Global Trading Limited, Arthur Hayes, Ben Delo and Samuel Reed,<br><br>Defendants. | Case No. 3:20-cv-3345-WHO<br><br>**PLAINTIFFS' REQUEST FOR LEAVE TO AMEND COMPLAINT**<br><br>**Hon. William H. Orrick**<br>**Date: August 25, 2021**<br>**Time: 2:00 PM**<br>**Crtrm.: 2, 17th Floor**<br><br>**Discovery Cutoff: None Set**<br>**Pretrial Conference Date: None Set**<br>**Trial Date: None Set** |

# ARGUMENT

Plaintiffs hereby respectfully request the Honorable Court to grant them a leave to amend their Second Amended Consolidated Compliant ("SACC") in the event the Honorable Court grants Defendants' pending Motion to Dismiss, at least in part.

First, now Plaintiffs have very detailed bid-ask spread and trading volume data sufficient to show, beyond any doubt, that Liquidity Representation alleged in Counts II and XVI of the SACC was materially false on the specific days when Plaintiffs made deposits with Defendants and made their trades. The falsity will be established by the obtained data in two alternative ways – using bid/ask spread, which is a traditional measure of liquidity and trading volume data, which







Defendants themselves argued in their Motion to Dismiss was the proper measure of liquidity.

Second, yesterday, on August 24, 2021, Hon. Judge Massullo of San Francisco Superior Court, granted, in part, Plaintiffs' motion to compel discovery responses in a related state case based on substantially similar allegations and now Defendants are ordered to produce substantial number of documents relevant to both the allegations of the SACC and the complaint in the corresponding state court action within 30 days. Those documents are relevant to the operation of the insider trading desk, leaderboard, liquidity representation, etc. and go to the heart of the causes of action alleged in the SACC. These documents, if permitted to be used in this action, will enable Plaintiffs to overcome any specificity deficiencies and, therefore, leave to amend is not futile and, in fact, is required in the interests of justice.

Third, Plaintiffs obtained yet additional substantial information about the cross-market manipulation activities of prolific cross-market manipulator and Defendants' co-conspirator Ben Aabtc, who persistently manipulated bitcoin and ether markets on BitMEX for many years, which provide substantial additional detail in support of existing and new causes of action against defendants for conspiracy, violation of UCL and aiding and abetting.

Thus, for all the foregoing reasons, the amendments will not be futile.

Moreover, many of the new allegations of fraud made in the SACC for the first time are evaluated by the Honorable Court also for the first time. Thus, any pleading deficiencies of those new allegations have not yet been identified to Plaintiffs and Plaintiffs have not had a chance to correct them. Therefore, Plaintiffs did not have several opportunities and failures to correct pleading defects in those newly pleaded causes of action and the corresponding allegations. *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).

Finally, Plaintiffs are making these amendments in good faith, based on newly available information and data and there is no prejudice to Defendants. Thus, the leave to amend SACC should be freely granted. (Federal Rule of Civil Procedure 15(a) provides that leave to amend should be "freely" granted "when justice so requires." As a result, Ninth Circuit has consistently held that a district court abuses its discretion in denying leave to amend "unless the district court `determines that the pleading could not possibly be cured by the allegation of other facts,'" *Bly-*

*Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc))).

Dated:  August 25, 2021 　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　By:     /s/ Pavel I. Pogodin
　　　　　　　　　　　　　　　　　　　　　　　　　　Pavel I. Pogodin

　　　　　　　　　　　　　　　　　　　　　　CONSENSUS LAW
　　　　　　　　　　　　　　　　　　　　　　Pavel I. Pogodin, Ph.D., Esq.
　　　　　　　　　　　　　　　　　　　　　　5245 Ave Isla Verde, Suite 302
　　　　　　　　　　　　　　　　　　　　　　Carolina, PR 00979
　　　　　　　　　　　　　　　　　　　　　　United States of America
　　　　　　　　　　　　　　　　　　　　　　Email: pp@consensuslaw.io
　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs